Mark N. Wayson
C/O Thomas Wickwire
2775 Hanson Rd. Suite 1
Fairbanks Alaska  99709
markonwayson@yahoo.com

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| MARK N. WAYSON, ) | |
| ) | |
| Plaintiff, ) | FILED in the Trial Courts |
| ) | State of Alaska, Fourth District |
| Vs ) | |
| ) | JAN 13 2006 |
| LINDA RUNDELL ) | |
| ) | By_____Deputy |
| Defendant ) | |
| ) | |
| _____ ) | |

Case No. 4FA-05-2701

**AMENDED COMPLAINT**

Plaintiff alleges:

1. Plaintiff, Mark Wayson, is the owner of two state mining claims located at 98 mile Steese Highway, in the Fourth Judicial District and was, at all times relevant, a resident of the Fourth Judicial District, Alaska. Plaintiff is also the owner of the town of Diamond, Alaska, located within the boundaries of Denali National Park, Alaska. Plaintiff is also the father of an 11-year-old daughter who presently resides in Germany where Mr. Wayson has ongoing litigation attempting to enforce his daughter's access rights to her father, and her rights to access her non-German cultures and family, and Plaintiff's corresponding rights to access his daughter.

Amended Complaint, Jan12, 2006         -1-                                      1

2. Defendant, Linda Rundell, using her power and authority on September 9, 2002, in Alaska, as the acting Bureau of Land Management (hereafter BLM) state director, made a conclusion and official finding that the plaintiff forcibly committed a crime against BLM employee Carol Hammond.

3. There was no factual basis for this finding.

4. Plaintiff Mark N. Wayson did not learn of this statement by Linda Rundell until March 2004.

5. Defendant Rundell made this finding as a result of an investigation she had undertaken following assignment of a complaint from the Plaintiff, filed with the United States Department of the Interior Inspector General against her subordinate, regional BLM director Robert Schneider.

6. Defendant Rundell made this finding for the purpose of concealing wrongdoing by her subordinate Robert Schneider, and blocking and obstructing a proper investigation into whether he had violated the law and taken or infringed Plaintiff's free speech rights, and in order to conceal environmental and permitting offenses by employees of BLM, and for the purpose of compromising Plaintiff's reputation and credibility with others including the state of Alaska, in retaliation for Plaintiff's exercise of free speech rights under the First Amendment, U.S. Constitution.

Specifically, Plaintiff had reported that BLM had built an illegal dam on Birch Creek, just below his mining claims, having no permit, knowing it would divert the stream into old sediments.

7. Plaintiff had also objected strongly to BLM regulations at various times beginning in 1996, contending the regulations were unreasonably restricting the use and economic values of the property and/or were unconstitutional.

8. Linda Rundell abused her power and authority by acting outside the scope of her employment as a BLM employee, since she is not qualified to make findings that criminal acts had been committed, nor was she acting within the scope of her employment in causing or attempting to influence the termination of a criminal inquiry against Robert Schneider with the finding she made.

9. Linda Rundell is not a law enforcement officer, and did not follow commonly accepted procedures for the administrative inquiry she conducted. She did not inform Mark Wayson of the criminal accusations against him, nor give him a chance to defend himself against these charges; she did not interview available witnesses, review available exculpatory evidence, or follow basic requirements of due process in reaching her finding that Mark Wayson committed a crime against Carol Hammond.

10. Linda Rundell violated 18 U.S.C., Sec. 1519, Obstruction of Justice, in concert with Robert Schneider, unknown BLM law enforcement personnel of the national

BLM law enforcement office, Special Agent in Charge, David W. Brown, investigator with the United States Department of the Interior (hereafter DOI) Inspector General Western Region, and other unknown personnel of the DOI Inspector General, unknown attorneys in the Anchorage United States Attorney's Office, and/or the BLM Solicitor, and/or other solicitors hired by the United States, to arrive at a conclusion, and make an official finding that Mark Wayson had forcibly committed a crime against BLM employee Carol Hammond, September 15, 2001, since this finding itself was retaliatory and /or punitive in nature, as it was intended to discredit the Plaintiff with the state and federal agencies he has approached for relief.

11. Before discovery of the memo by Linda Rundell containing the criminal finding, Mark Wayson had requested a criminal investigation of Robert Schneider's acts by the DOI Inspector General, Earl E. Devaney, and this complaint was reported as "received" by Assistant Inspector General for Investigations, David A. Montoya, in a letter dated June 17, 2002.

12. August 15, 2003, Assistant U.S. Attorney Mark Rosenbaum of the Anchorage U.S. Attorney's office accepted Mark Wayson's complaint against Robert Schneider for criminal investigation, and led Plaintiff to believe he would conduct an investigation.

13.  After learning of the finding by Linda Rundell, and during a discovery deposition in the civil case against BLM Administrator Robert Schneider, Plaintiff Mark Wayson was offered, and immediately and eagerly accepted an offer by Assistant U.S. Attorney, Daniel Cooper, to submit the Rundell finding to a grand jury. Assistant U.S. Attorney Cooper later retracted this offer, which would have afforded Mark Wayson the due process he is entitled to.

14.  On July 12, 2005, following the dismissal of the case against Robert Schneider, Mark Wayson wrote to U.S. Attorney Tim Burgess, requesting a criminal investigation into Linda Rundell's violation of the federal obstruction of Justice statute, and requested that Mr. Burgess follow procedures which he himself had outlined in deposition, to recuse his office if he felt a conflict of interest existed. U.S, Attorney Burgess has refused to respond.

15.  On September 14, 2005, upon this refusal and on the advice of Fairbanks AUSA Steve Cooper, Plaintiff wrote to U.S. Attorney General Alberto Gonzales requesting he open an investigation into the obstruction of justice by Defendant Rundell.

16.  On September 28, 2005, Mark Wayson sent an e-mail to the Department of Justice, (hereafter DOJ) reminding them of the September 14, letter to Attorney General Gonzales, and requested a tracking number to monitor the correspondence.

17. On September 28, 2005, mark Wayson received an automatic e-mail from DOJ, acknowledging receipt of his e-mail and promising review.

18. On October 31, 2005, Mark Wayson was directed to an answering machine with the Executive secretary for Attorney Genera Gonzales, requesting a number and promising a call back. Mark Wayson left a message with his e-mail address.

19. On November 2, 2005, Mark Wayson sent by regular mail and e-mail, a follow-up letter to Attorney General Gonzales, again requesting an investigation.

20. On November 2, 2005, Mark Wayson received an automatic e-mail from DOJ acknowledging receipt of his e-mail.

21. On November 19, 2005, Mark Wayson sent by regular mail and by e-mail, still another follow-up letter to Attorney General Gonzales, requesting an investigation into the Obstruction of Justice by Linda Rundell.

22. On November 20, 2005, Mark Wayson received an automatic e-mail from DOJ acknowledging receipt of the e-mail.

23. No response from the Anchorage U.S. Attorney or Attorney General Gonzales, or any other party in the DOJ has occurred.

24. As a result of this Rundell finding, Plaintiff has lost the use and value of his property and has had his free speech rights infringed.

25. Linda Rundell committed the acts in Alaska alleged, by use of the government power entrusted to her.

26.. Linda Rundell committed the above acts under color of law or authority.

27. At the time Linda Rundell committed these acts, it was clearly established by statute, 18 U.S.C. Sec. 1519, and other law, that accusing a person of threatening to use force against a U S Government employee constituted the crime of obstruction of justice, therefore, there could be no good faith belief that her acts were legal.

28. These acts were the legal cause of damage to Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendant:

(a) for general damages and special damages in the form of lost use, access to, and value of his property and costs spent trying to correct, refute or diffuse the damage to his reputation as a law-abiding citizen, particularly in dealings with other government agencies which have various levels of control over his property rights, other legally protected rights and family relationships.

(b) for general damages and, at least nominal damages for infringement of Plaintiff's Free Speech rights, and for general and special damages caused to Plaintiff right to access his property and right to petition appropriate authorities for relief, through the finding that he had forcibly committed a crime against a federal employee,

(c) for punitive damages for Defendant Rundell's intentional and reckless acts and violation of a criminal statute, in violating Plaintiff's fundamental constitutional rights; by obstructing the investigation of misconduct by her subordinate, Robert Schneider

(d) for general damages for the effects and potential effects of such a finding being made and included in the permanent record. which has caused the loss of Mr. Wayson's rights and compromised the liberty of his person because of the heightened danger of confrontation at his mining claims between Plaintiff and State and Federal government regulators and others.

(e) for the present or future restrictions on Plaintiff's right and ability to travel freely, and for the damaging effect the secret Rundell finding has had, or will have upon future employment and earning capacity including possible appointment to public office, the full extent of such damages being presently unknown.

(f) for general and punitive damages caused by the plaintiff by the interpretation and transmittal of the Rundell finding to other federal employees who have transmitted these findings in only slightly different form to the to the 21st Senat of the Cologne Germany appeals court, and thereby jeopardizing and causing the loss, in part, of Plaintiff's legal access to his daughter.

(g) for costs, interest and attorney fees allowed by law.

January 12, 2006.

_____

Mark N. Wayson    (pro se)

CERTIFICATE OF SERVICE
The undersigned hereby certifies
that on this 12 day of January,
2006, a copy of the foregoing was
served by mail on:

Linda Rundell
1474 Rodeo Road
Sante Fe
New Mexico 87505
_____
Thomas Wickwife