FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2006 JAN 31 PM 3: 29

Mark N. Wayson
C/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709
markonwayson@yahoo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N, WAYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| LINDA RUNDELL and the | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendants. | ) |
| | )  4:06-Cv 1 (JWS) |

**MOTION FOR HEARING TO REVIEW U.S. ATTORNEYS'S CERTIFICATION**

Plaintiff moves for a hearing to review the Certification by U.S. Attorney Timothy Burgess that Defendant Rundell, a BLM employee, was acting within the scope of her employment when she did the act she is sued for.

Wayson v. Rundell, 4:06 Cv 1
1-30-06 Motion For Hearing to review Certification

ORIGINAL                                      1

Plaintiff questioned U.S. Attorney Burgess in deposition Oct. 29, 2004, in the Wayson vs. Robert Schneider, F03-0035 (JWS) Civil, regarding his certification of November 6, 2003, that Defendant Robert Schneider was acting within the scope of his employment. Mr. Burgess then testified that he didn't remember anything about the case, could not describe what procedure had been followed to arrive at his certification and did not recall any facts or documents, if any, that he reviewed and relied on in reaching his "within the scope" determination. His lack of recollection as well as any record of the certification deprived Plaintiff of an opportunity to petition to the court to review this determination.

On January 13 or 17, 2006, (can't tell from the Certification) U.S. Attorney Burgess certified that Linda Rundell was acting within the scope of her employment when she committed the act for which Plaintiff is suing. On January 25, 2006, the day after Plaintiff learned of the certification, Plaintiff faxed U.S. Attorney Burgess a letter, copy attached, requesting that he "save all records and notes of any investigation and/or review which led to this Rundell certification."

Wayson v. Rundell, 4:06 Cv 1
1-30-06 Motion For Hearing to review Certification

2

Courts have previously ruled that the removal by certification is itself prima facia, but not conclusive, evidence that a defendant was acting within the scope of her employment. Plaintiff disputes the Certification, and under **Hamrick v. Franklin**, 931 F 2d. 1209, 1211 (7th Cir.), and **Schrob v. Catterson**, 967 F. 2d 929,935 (3rd Cir 1992), requests that the court review the facts leading to the certification in order to determine whether Linda Rundell was acting within the scope of her employment when she made the finding of September 19, 2002, that Plaintiff had 'forcibly' committed a crime against a Bureau of Land Management employee.

Since the above cases shift the burden of proof to Plaintiff, Plaintiff requests time and means to make discovery, limited to this issue only, in order to carry this burden. The documents which the Plaintiff requests are:

1 .Defendant's complete job description of the position she held at the time she conducted the inquiry or investigation which led to the conclusion that Plaintiff had committed the crime.

Wayson v. Rundell, 4:06 Cv 1
1-30-06 Motion For Hearing to review Certification

2. Any documents from her superiors which purport to add other duties to her job description prior to her finding of September 19, 2002.

3. List of all persons, and all documents and notes from those persons, who supplied her information which she relied on in reaching her conclusion that Plaintiff committed a crime against a BLM employee.

4. Copy of Bureau of Land Management procedure Which Linda Rundell followed which led to her finding that the Plaintiff had committed a crime.

Contemporaneous with this motion, Plaintiff is sending a production request to the U.S. Attorney for the items listed above.  Plaintiff anticipates having to return to the court for assistance.  Plaintiff also requests that the court closely supervise this discovery process. Extensive discovery efforts in **Wayson vs. Schneider** failed to produce any investigative reports supporting Ms. Rundell's finding, despite Ms. Rundell's repeated

Wayson v. Rundell, 4:06 Cv 1
1-30-06 Motion For Hearing to review Certification

references in deposition to a police investigation by BLM law enforcement personnel. Assistant U.S. Attorney, D. Cooper told Plaintiff that he could not obtain these reports, from a federal police agency, which is simply not credible.

Dated: January 30, 2006

_____
Mark N. Wayson, pro se

CERTIFICATE OF SERVICE
The undersigned hereby certifies that on this _31_ day of _JAN_, 2006, a copy of the foregoing was served by mail on:

Office of U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, Alaska 99513

_____
Mark N. Wayson

Wayson v. Rundell, 4:06 Cv 1
1-30-06 Motion For Hearing to review Certification

5