IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT FAIRBANKS

AUTHENTICATION FORM FOR ALASKA COURT RECORDS
**ATTESTATION OF CLERK**

I, Ruth A. Meier, Clerk of the Trial Courts at Fairbanks, Alaska, do hereby certify that the paper(s) attached to this certificate and listed below are true and correct copy(s) of the original document(s) on file in my office:

Complaint                                    Filed December 20, 2005
amended Complaint            Filed January 13, 2006.
Summons and Judicial assignment    Dated December 20, 2005
Jury Demand                          Filed December 20, 2005
Notice of Removal              Dated January 18, 2006
Notice of Filing Removal
of a Civil action                     Filed January 18, 2006

Ruth A. Meier
Clerk of Trial Courts

January 30, 2006
Date

(SEAL)

* * *

**CERTIFICATE OF JUDGE**

I, Niesje J. Steinnkruger, Presiding Judge of the Superior Court at Fairbanks, Alaska, do hereby certify that Ruth A. Meier is now, and was at the time of the signing of sealing of the above attestation, the Clerk of the Trial Courts at Fairbanks, Alaska, and that her attestation is in proper form.

January 30, 2006
Date

Judge Steinkruger

TF-315 (5/87)
**AUTHENTICATION FORM**

Admin. Rule 9(e)(4)
AS 09.30.200
28 USC §1738

TIMOTHY M. BURGESS
United States Attorney

FILED in the Trial Courts
State of Alaska, Fourth District

JAN 1 8 2006

By _____ Deputy

2006 FEB -2  AM 10: 21

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

## IN THE SUPERIOR COURT

## FOR THE STATE OF ALASKA AT FAIRBANKS

| | |
|---|---|
| MARK N. WAYSON, ) | 4FA-05-2701 CI |
| ) | |
| Plaintiff, ) | **NOTICE OF FILING REMOVAL** |
| v. ) | **OF A CIVIL ACTION** |
| ) | |
| LINDA RUNDELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Please take notice that on January 18, 2006, the United States of America,

through counsel, filed in the Office of the Clerk of the United States District Court

for the District of Alaska, its Notice of Removal of the above-captioned action. A

copy of that Notice is attached to this pleading.

Respectfully submitted on January 18, 2006.

TIMOTHY M.  BURGESS
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Alaska Bar No. 9008053

I declare under penalty of perjury that a true and correct copy
of the Notice of Filing Removal of a Civil Action
was sent to the following via U.S. Mail:

Mark Wayson
c/o Wickwire
2775 Hanson Road
Fairbanks, AK  99709

Executed at Anchorage, Alaska, on January 18, 2006.

Office of the U.S. Attorney

2



TIMOTHY M. BURGESS
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, | ) Case No. 3:06-cv- |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) NOTICE OF REMOVAL |
| LINDA RUNDELL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Defendant, by and through counsel, gives notice to this Court of the removal of this action from state court. The notice is based on the following:

1.    The Plaintiff filed his Complaint against the Defendant in the Superior Court for the States of Alaska at Fairbanks. The plaintiff alleges that the defendant, Linda Rundell, committed the torts of slander and harm to reputation.

Timothy M. Burgess, United States Attorney for the District of Alaska, has certified that the above-named defendant, Linda Rundell, was acting within the scope of her employment with the Bureau of Land Management, at the time of the allegations in Plaintiffs' Complaint.

2.     On December 27, 2005, "BLM State Director, Linda Rundell" was working at the BLM office and the office was served with a copy of the Summons and Complaint, which was served by regular certified mail. Ex. A. The United States Attorney has not been served with any of the pleadings in this case as of the date of the filing of this Notice of Removal; however, a copy of the summons and Complaint served on The Bureau of Land Management ("BLM") are attached hereto.

3.     This Notice of Removal is brought pursuant to 28 U.S.C. §§ 1442(a)(1), 1446 and 28 U.S.C. § 2679(d)(2).

4.     Pursuant to 28 U.S.C. § 2679(d)(2), no bond is required to be attached to this Notice of Removal.

5.     Notice of Filing Removal of a Civil Action together with a copy of this Notice are simultaneously being filed in the state court where the action is pending.

2

Respectfully submitted January 18, 2006,

TIMOTHY M. BURGESS
United States Attorney

s/ Susan J. Lindquist
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2006,
a copy of the foregoing Notice of Removal
was served on:

Mark N. Wayson
c/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709

by regular U. S. mail.

_____
Office of the U.S. Attorney

3



IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

MARK N. WAYSON                    )
                                  )
                                  )
        PLAINTIFF,                )
                                  )
    Vs.                           )
                                  )
LINDA RUNDELL                     )
                                  )
        DEFENDANT                 )
                                  )
_____  )

Case No.  4FA-05 - 2701 CI



DEC 20 2005

## JURY DEMAND

A jury trial of all issues so triable is hereby demanded by the undersigned.

Dated:  December 16, 2005 .

_____
Mark N. Wayson  (pro se)



IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT _FAIRBANKS_

MARK N. WAYSON

             Plaintiff(s),

vs.

LINDA RUNDELL

             Defendant(s).

CASE NO. _4FA-05- 2701_ CI

**SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: _LINDA RUNDELL_

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): _101 Lacy Street, FAIRBANKS, AK, 99701_ within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:

    Plaintiff's attorney or plaintiff (if unrepresented): _MARK WAYSON_
    Address: _c/o Wickwire_
          _2775 Hanson Rd., Fairbanks, AK 99709_

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

You are hereby given notice that this case has been assigned to Judge _Pengilly_

(SEAL)

_December 20, 2005_
      Date

By _____
           Deputy Clerk

* The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 (10/05)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

Mark N. Wayson
C/O Thomas Wickwire
2775 Hanson Rd. Suite 1
Fairbanks Alaska  99709
markonwayson@yahoo.com

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

### FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| MARK N. WAYSON, )<br>  )<br>           Plaintiff, )<br>  )<br> Vs )<br>  )<br> LINDA RUNDELL )<br>  )<br>           Defendant )<br>  )<br>_____ ) | **FILED in the Trial Courts**<br>**State of Alaska, Fourth District**<br><br>**JAN 1 3 2006**<br><br>By_____**Deputy** |

Case No. 4FA-05-2701 Ci

### AMENDED COMPLAINT

Plaintiff alleges:

1.    Plaintiff, Mark Wayson, is the owner of two state mining claims located at 98 mile

Steese Highway, in the Fourth Judicial District and was, at all times relevant, a resident

of the Fourth Judicial District, Alaska.  Plaintiff is also the owner of the town of

Diamond, Alaska, located within the boundaries of Denali National Park, Alaska.

Plaintiff is also the father of an 11-year-old daughter who presently resides in Germany

where Mr. Wayson has ongoing litigation attempting to enforce his daughter's access

rights to her father, and her rights to access her non-German cultures and family, and

Plaintiff's corresponding rights to access his daughter.

2.    Defendant, Linda Rundell, using her power and authority on September 9, 2002, in Alaska, as the acting Bureau of Land Management (hereafter BLM) state director, made a conclusion and official finding that the plaintiff forcibly committed a crime against BLM employee Carol Hammond.

3.    There was no factual basis for this finding.

4.    Plaintiff Mark N. Wayson did not learn of this statement by Linda Rundell until March 2004.

5.    Defendant Rundell made this finding as a result of an investigation she had undertaken following assignment of a complaint from the Plaintiff, filed with the United States Department of the Interior Inspector General against her subordinate, regional BLM director Robert Schneider.

6.    Defendant Rundell made this finding for the purpose of concealing wrongdoing by her subordinate Robert Schneider, and blocking and obstructing a proper investigation into whether he had violated the law and taken or infringed Plaintiff's free speech rights, and in order to conceal environmental and permitting offenses by employees of BLM, and for the purpose of compromising Plaintiff's reputation and credibility with others including the state of Alaska, in retaliation for Plaintiff's exercise of free speech rights under the First Amendment, U.S. Constitution.

Specifically, Plaintiff had reported that BLM had built an illegal dam on Birch Creek, just below his mining claims, having no permit, knowing it would divert the stream into old sediments.

7.  Plaintiff had also objected strongly to BLM regulations at various times beginning in 1996, contending the regulations were unreasonably restricting the use and economic values of the property and/or were unconstitutional.

8.  Linda Rundell abused her power and authority by acting outside the scope of her employment as a BLM employee, since she is not qualified to make findings that criminal acts had been committed, nor was she acting within the scope of her employment in causing or attempting to influence the termination of a criminal inquiry against Robert Schneider with the finding she made.

9.  Linda Rundell is not a law enforcement officer, and did not follow commonly accepted procedures for the administrative inquiry she conducted.  She did not inform Mark Wayson of the criminal accusations against him, nor give him a chance to defend himself against these charges; she did not interview available witnesses, review available exculpatory evidence, or follow basic requirements of due process in reaching her finding that Mark Wayson committed a crime against Carol Hammond.

10.  Linda Rundell violated 18 U.S.C., Sec. 1519, Obstruction of Justice, in concert with Robert Schneider, unknown BLM law enforcement personnel of the national

BLM law enforcement office, Special Agent in Charge, David W. Brown,

investigator with the United States Department of the Interior (hereafter DOI)

Inspector General Western Region, and other unknown personnel of the DOI

Inspector General, unknown attorneys in the Anchorage United States Attorney's

Office, and/or the BLM Solicitor, and/or other solicitors hired by the United States, to

arrive at a conclusion, and make an official finding that Mark Wayson had forcibly

committed a crime against BLM employee Carol Hammond, September 15, 2001,

since this finding itself was retaliatory and /or punitive in nature, as it was intended

to discredit the Plaintiff with the state and federal agencies he has approached for

relief.


11.    Before discovery of the memo by Linda Rundell containing the criminal

finding, Mark Wayson had requested a criminal investigation of Robert Schneider's

acts by the DOI Inspector General, Earl E. Devaney, and this complaint was reported

as "received" by Assistant Inspector General for Investigations, David A. Montoya, in

a letter dated June 17, 2002.


12.    August 15, 2003, Assistant U.S. Attorney Mark Rosenbaum of the Anchorage

U.S. Attorney's office accepted Mark Wayson's complaint against Robert Schneider

for criminal investigation, and led Plaintiff to believe he would conduct an

investigation.

13.     After learning of the finding by Linda Rundell, and during a discovery deposition in the civil case against BLM Administrator Robert Schneider, Plaintiff Mark Wayson was offered, and immediately and eagerly accepted an offer by Assistant U.S. Attorney, Daniel Cooper, to submit the Rundell finding to a grand jury. Assistant U.S. Attorney Cooper later retracted this offer, which would have afforded Mark Wayson the due process he is entitled to.

14.     On July 12, 2005, following the dismissal of the case against Robert Schneider, Mark Wayson wrote to U.S. Attorney Tim Burgess, requesting a criminal investigation into Linda Rundell's violation of the federal obstruction of Justice statute, and requested that Mr. Burgess follow procedures which he himself had outlined in deposition, to recuse his office if he felt a conflict of interest existed. U.S, Attorney Burgess has refused to respond.

15.     On September 14, 2005, upon this refusal and on the advice of Fairbanks AUSA Steve Cooper, Plaintiff wrote to U.S. Attorney General Alberto Gonzales requesting he open an investigation into the obstruction of justice by Defendant Rundell.

16.     On September 28, 2005, Mark Wayson sent an e-mail to the Department of Justice, (hereafter DOJ) reminding them of the September 14, letter to Attorney General Gonzales, and requested a tracking number to monitor the correspondence.

17.     On September 28, 2005, mark Wayson received an automatic e-mail from DOJ, acknowledging receipt of his e-mail and promising review.

18.     On October 31, 2005, Mark Wayson was directed to an answering machine with the Executive secretary for Attorney Genera Gonzales, requesting a number and promising a call back.  Mark Wayson left a message with his e-mail address.

19.     On November 2, 2005, Mark Wayson sent by regular mail and e-mail, a follow-up letter to Attorney General Gonzales, again requesting an investigation.

20.     On November 2, 2005, Mark Wayson received an automatic e-mail from DOJ acknowledging receipt of his e-mail.

21.     On November 19, 2005, Mark Wayson sent by regular mail and by e-mail, still another follow-up letter to Attorney General Gonzales, requesting an investigation into the Obstruction of Justice by Linda Rundell.

22.     On November 20, 2005, Mark Wayson received an automatic e-mail from DOJ acknowledging receipt of the e-mail.

23.     No response from the Anchorage U.S. Attorney or Attorney General Gonzales, or any other party in the DOJ has occurred.

24.    As a result of this Rundell finding, Plaintiff has lost the use and value of his property and has had his free speech rights infringed.

25.    Linda Rundell committed the acts in Alaska alleged, by use of the government power entrusted to her.

26..    Linda Rundell committed the above acts under color of law or authority.

27.    At the time Linda Rundell committed these acts, it was clearly established by statute, 18 U.S.C. Sec. 1519, and other law, that accusing a person of threatening to use force against a U S Government employee constituted the crime of obstruction of justice, therefore, there could be no good faith belief that her acts were legal.

28.    These acts were the legal cause of damage to Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendant:

(a) for general damages and special damages in the form of lost use, access to, and value of his property and costs spent trying to correct, refute or diffuse the damage to his reputation as a law-abiding citizen, particularly in dealings with other government agencies which have various levels of control over his property rights, other legally protected rights and family relationships.

(b)  for general damages and, at least nominal damages for infringement of
Plaintiff's Free Speech rights, and for general and special damages caused to
Plaintiff right to  access his property and right to petition appropriate authorities
for relief, through the finding that he had forcibly committed a crime against a
federal employee,

(c)  for punitive damages for Defendant Rundell's intentional and reckless acts
and violation of a criminal statute, in violating Plaintiff's fundamental
constitutional rights; by obstructing the investigation of misconduct by her
subordinate, Robert Schneider

(d)  for general damages for the effects and potential effects of such a finding
being made and included in the permanent record. which has caused the loss of
Mr. Wayson's rights and compromised the liberty of his person because of the
heightened danger of confrontation at his mining claims between Plaintiff and
State and Federal government regulators and others.

(e)  for the present or future  restrictions on Plaintiff's  right and ability to travel
freely, and for the damaging effect the secret Rundell finding has had, or will
have upon future employment and earning capacity including possible
appointment to public office, the full extent of such damages being presently
unknown.

(f)  for general and punitive damages caused by the plaintiff by the interpretation and transmittal of the Rundell finding to other federal employees who have transmitted these findings in only slightly different form to the to the 21st Senat of the Cologne Germany appeals court, and thereby jeopardizing and causing the loss, in part, of Plaintiff's legal access to his daughter.

(g)  for costs, interest and attorney fees allowed by law.

January 12, 2006.

Mark N. Wayson     (pro se)

CERTIFICATE OF SERVICE
The undersigned hereby certifies
that on this 12 day of January,
2006, a copy of the foregoing was
served by mail on:

Linda Rundell
1474 Rodeo Road
Sante Fe
New Mexico 87505
Thomas Wickwire



Mark N. Wayson
C/O Thomas Wickwire
2775 Hanson Rd.  Suite 1
Fairbanks Alaska  99709
markonwayson@yahoo.com

### IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

### FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| MARK N. WAYSON, ) | ᛚᵗ⁰˺... ⁱⁿ⁰⁴ ᶜ⁰ᵘʳᵗ |
| ) | ᴺᵒ ᵗᵉᵃ ᴬˡᵃˢᵏᵃ ᴶ⁰⁰ᵏ ᴰⁱˢᵗʳⁱᶜᵗ |
| PLAINTIFF, ) | |
| ) | DEC 2 0 2005 |
| Vs ) | |
| ) | By_____Deputy |
| LINDA RUNDELL ) | |
| ) | |
| DEFENDANT ) | |
| ) | |

Case No. 4FA-05- 2701 CI

### COMPLAINT

1.    Plaintiff, Mark Wayson, is the owner of two state mining claims located at 98

mile Steese Highway, in the Fourth Judicial District and was, at all times relevant, a

resident of the Fourth Judicial District, Alaska.  Plaintiff is also the owner of the town

of Diamond, Alaska, located within the boundaries of Denali National Park, Alaska.

Plaintiff is also the father of an 11-year-old daughter who presently resides in

Germany where Mr. Wayson has ongoing litigation attempting to enforce his

daughter's access rights to her father, and her rights to access her non-German

cultures and family, and Plaintiff's corresponding rights to access his daughter.

1

2.    Defendant, Linda Rundell, using her power and authority on September 9, 2002,

in Alaska, as the acting Bureau of Land Management (hereafter BLM) state director,

made a conclusion and official finding that the plaintiff forcibly committed a crime

against BLM employee Carol Hammond.


3.    There was no factual basis for this finding.


4.    Plaintiff Mark N. Wayson did not learn of this statement by Linda Rundell until

March 2004.


5.    Defendant Rundell made this finding as a result of an investigation she had

undertaken following assignment of a complaint from the Plaintiff, filed with the

United States Department of the Interior Inspector General against her subordinate,

regional BLM director Robert Schneider.


Defendant Rundell made this finding for the purpose of concealing wrongdoing by

her subordinate Robert Schneider, and blocking and obstructing a proper

investigation into whether he had violated the law and taken or infringed Plaintiff's

free speech rights, and in order to conceal environmental and permitting offenses by

employees of BLM, and for the purpose of compromising Plaintiff's reputation and

credibility with others including the state of Alaska, in retaliation for Plaintiff's

exercise of free speech rights under the First Amendment, U.S. Constitution.

2

Specifically, Plaintiff had reported that BLM had built an illegal dam on Birch Creek, just below his mining claims, having no permit, knowing it would divert the stream into old sediments.

Plaintiff had also objected strongly to BLM regulations at various times beginning in 1996, contending the regulations were unreasonably restricting the use and economic values of the property and/or were unconstitutional.

6.    Linda Rundell abused her power and authority by acting outside the scope of her employment as a BLM employee, since she is not qualified to make findings that criminal acts had been committed, nor was she acting within the scope of her employment in causing or attempting to influence the termination of a criminal inquiry against Robert Schneider with the finding she made.

7.    Linda Rundell is not a law enforcement officer, and did not follow commonly accepted procedures for the administrative inquiry she conducted.  She did not inform Mark Wayson of the criminal accusations against him, nor give him a chance to defend himself against these charges; she did not interview available witnesses, review available exculpatory evidence, or follow basic requirements of due process in reaching her finding that Mark Wayson committed a crime against Carol Hammond.

8.    Linda Rundell violated 18 U.S.C., Sec. 1519, Obstruction of Justice, in concert with Robert Schneider, unknown BLM law enforcement personnel of the national

3

BLM law enforcement office, Special Agent in Charge, David W. Brown,

investigator with the United States Department of the Interior (hereafter DOI)

Inspector General Western Region, and other unknown personnel of the DOI

Inspector General, unknown attorneys in the Anchorage United States Attorney's

Office, and/or the BLM Solicitor, and/or other solicitors hired by the United States ,

to arrive at a conclusion, and make an official finding that Mark Wayson had forcibly

committed a crime against BLM employee Carol Hammond, September 15, 2001.

9.    Before discovery of the memo by Linda Rundell containing the criminal finding,

Mark Wayson had requested a criminal investigation of Robert Schneider's acts by

the DOI Inspector General, Earl E. Devaney, and this complaint was reported as

"received" by Assistant Inspector General for Investigations, David A. Montoya, in a

letter dated June 17, 2002.

August 15, 2003, Assistant U.S. Attorney Mark Rosenbaum of the Anchorage U.S.

Attorney's office accepted Mark Wayson's complaint against Robert Schneider for

criminal investigation, and led Plaintiff to believe he would conduct an investigation.

After learning of the finding by Linda Rundell, and during a discovery deposition in

the civil case against BLM Administrator Robert Schneider, Plaintiff Mark Wayson

was offered, and immediately and eagerly accepted an offer by Assistant U.S.

Attorney, Daniel Cooper, to submit the Rundell finding to a grand jury.  Assistant

4

U.S. Attorney Cooper later retracted this offer, which would have afforded Mark
Wayson the due process he is entitled to.

On July 12, 2005, following the dismissal of the case against Robert Schneider, Mark
Wayson wrote to U.S. Attorney Tim Burgess, requesting a criminal investigation into
Linda Rundell's violation of the federal obstruction of Justice statute, and requested
that Mr. Burgess follow procedures which he himself had outlined in deposition, to
recuse his office if he felt a conflict of interest existed. U.S, Attorney Burgess has
refused to respond.

On September 14, 2005, upon this refusal and on the advice of Fairbanks AUSA
Steve Cooper, Plaintiff wrote to U.S. Attorney General Alberto Gonzales requesting
he open an investigation into the obstruction of justice by Defendant Rundell.

On September 28, 2005, Mark Wayson sent an e-mail to the Department of Justice,
(hereafter DOJ) reminding them of the September 14, letter to Attorney General
Gonzales, and requested a tracking number to monitor the correspondence.

On September 28, 2005, mark Wayson received an automatic e-mail from DOJ,
acknowledging receipt of his e-mail and promising review.

On October 31, 2005, Mark Wayson was directed to an answering machine with the Executive secretary for Attorney Genera Gonzales, requesting a number and promising a call back. Mark Wayson left a message with his e-mail address.

On November 2, 2005, Mark Wayson sent by regular mail and e-mail, a follow-up letter to Attorney General Gonzales, again requesting an investigation.

On November 2, 2005, Mark Wayson received an automatic e-mail from DOJ acknowledging receipt of his e-mail.

On November 19, 2005, Mark Wayson sent by regular mail and by e-mail, still another follow-up letter to Attorney General Gonzales, requesting an investigation into the Obstruction of Justice by Linda Rundell.

On November 20, 2005, Mark Wayson received an automatic e-mail from DOJ acknowledging receipt of the e-mail.

No response from the Anchorage U.S. Attorney or Attorney General Gonzales, or any other party in the DOJ has occurred.

10.   As a result of this Rundell finding, Plaintiff has lost the use and value of his property and has had his free speech rights infringed.

6

11    Linda Rundell committed the acts in Alaska alleged, by use of the government

power entrusted to her.


12.    Linda Rundell committed the above acts under color of law or authority.


13.    At the time Linda Rundell committed these acts, it was clearly established by

statute, 18 U.S.C. Sec. 1519, Obstruction of Justice, that there could be no good faith

belief that her acts were legal.


14.    These acts were the legal cause of damage to Plaintiff.


WHEREFORE, Plaintiff requests judgment against Defendant:


(a) for general damages and special damages in the form of lost use and value of

his property and costs spent trying to correct, refute or diffuse the damage to his

reputation as a law-abiding citizen, particularly in dealings with other government

agencies which have various levels of control over his property legal and family

relationships.


(b) for nominal damages for infringement of Plaintiff's free speech rights


7

(c) for punitive damages for Defendant Rundell's intentional and reckless acts and violation of a criminal statute, in violating Plaintiff's fundamental constitutional rights;

(d) for general damages for the effects and potential effects of such a finding being made and included in the permanent record. which has caused the loss of Mr. Wayson's rights and compromised the liberty of his person because of the heightened danger of confrontation between Mark Wayson at his mining claims, and government regulators and others.

(e) for the present or future restrictions on Plaintiff's right and ability to travel freely, and for the damaging effect the secret Rundell finding has had, or will have upon future employment and earning capacity including possible appointment to public office, the full extent of these damages is presently unknown.

(f)   for costs, interest and attorney fees allowed by law.

December 16, 2005

_____

Mark N. Wayson     (pro se)

8