DEBORAH M. SMITH
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, | ) Case No.  4:06-cv-1-JWS |
| | ) |
| Plaintiff, | ) |
| v. | ) UNITED STATES' RESPONSE IN |
| | ) OPPOSITION TO MR. WAYSON'S |
| LINDA RUNDELL and UNITED | ) MOTION FOR A HEARING |
| STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Defendant, United States, through counsel, before answer and without

waiving any objections to jurisdiction it may have under Fed. R. Civ. P. 12,

opposes Mr. Wayson's request for an evidentiary hearing because there is no legal

context in which to litigate the issue of whether the former United States Attorney,

Timothy M. Burgess,  properly certified that Ms. Rundell was acting within the course and scope of her federal employment when she allegedly committed the common law torts stated in the complaint.

A plaintiff may contest a scope-of-employment certification for the purposes of substitution.  <u>Gutierrez De Martinez v. Lamagno</u>, 515 U.S. 417, 420 (1995).  A plaintiff may challenge the certification in an opposition to a motion to dismiss, or he may file a motion for re-substitution.  <u>Wilson v. Drake</u>, 87 F.3d 1073, 1075 (9th Cir. 1996).  Alternatively, the plaintiff may move to strike the certification. <u>See</u> <u>Billings v. United States</u>, 57 F.3d 797, 799 (9th Cir. 1995).  In this case, there is no substantive motion before the Court contesting the certification.

The motion for a hearing is premature because the United States has not even answered the complaint.  The United States will file a motion to dismiss any common law tort claims, in lieu of filing an answer.  In that motion, the United States will address the certification issue.  Mr. Wayson can then argue that the certification was improper in his opposition.

Although Mr. Wayson is a pro se plaintiff, he is familiar with the certification process, as he challenged certification in a prior case in which he sued federal employee Mr. Schneider, whom U.S. Attorney Burgess certified as acting

in scope of employment at the time the alleged torts occurred.  See <u>Wayson v.</u>

<u>Schneider</u>, F03-035cv (JWS). [1]

    A hearing is not necessary because Mr. Wayson can utilize the discovery

methods available under the federal rules to obtain information about the

certification.  Mr. Wayson has already presented the United States with a

discovery request relating to the issue of the scope of Ms. Rundell's employment.

Counsel informed him that Fed. R. Civ. P. 26(e) (d) did not allow discovery until

after the parties have met and conferred, but the government is gathering the

requested information and will produce it as soon as it is available.  Thus, when

Mr. Wayson opposes the motion to dismiss, he will already have the documents he

requested on the issue.  He would also have the right to conduct other necessary

discovery.  There is no reason for a hearing at this time.  If the Court has questions

about the certification after the United States' brief is filed, it can always *sua*

*sponte* order a hearing at a later date.

    For the foregoing reasons, the government opposes a hearing.

---

[1] Although the tort claims were dismissed in the prior case, Mr. Wayson was allowed to proceed on his claims that the employee violated his constitutional rights. Section 5 of the Liability Reform Act precludes substitution where a civil action against a government employee "is brought for a violation of the Constitution of the United States," or "is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized." 28 U.S.C. § 2679(b)(2)(A)-(B); see <u>Smith v. U.S.</u>, 499 U.S. 160, 166-67 (1991) (<u>Bivens</u> action excepted).

Wayson v. Rundell, et.al.
4:06-cv-1-JWS       -3-

Respectfully submitted February 14, 2006

DEBORAH M. SMITH
Acting United States Attorney

s/ Susan J. Lindquist
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2006,
a copy of the foregoing UNITED STATES' RESPONSE
IN OPPOSITION TO MR. WAYSON'S MOTION FOR A HEARING
was served on:

Mark N. Wayson
c/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709

by email at markonwayson@yahoo.com

s/ Susan J. Lindquist

Wayson v. Rundell, et.al.
4:06-cv-1-JWS                    -4-