FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2006 FEB 14 PM 2: 45

Mark N. Wayson
C/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709
markonwayson@yahoo.com


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| MARK N, WAYSON,<br><br>        Plaintiff,<br><br>Vs.<br><br>LINDA RUNDELL and the<br>UNITED STATES OF AMERICA<br><br>        Defendants. | ) 4:06-cv-1-JWS<br>) **OPPOSITION TO U.S. MOTION TO**<br>) **SUBSTITUTE THE UNITED STATES**<br>) **FOR LINDA RUNDELL AS THE**<br>) **DEFENDANT FOR COMMON LAW**<br>) **TORT ALLEGATIONS**<br>) **AND**<br>) **OPPOSITION TO DEFENDANT**<br>) **RUNDELL'S MOTION TO CHANGE**<br>) **THE CAPTION TO IDENTIFY THAT**<br>) **SHE IS BEING SUED IN HER**<br>) **INDIVIDUAL AND OFFICIAL**<br>) **CAPACITY** |


    Plaintiff is not asserting any common law claims. He asserts Bivens claim only. Any reading of the complaint to infer otherwise was not intended.


    Plaintiff recognizes that the U.S. Attorney's certification is apparently conclusive in establishing grounds for removal, but not to establish that the federal employee defendant


Wayson v. Rundell, 4:06-cv-1 JWS
Opp to motion to substitute U.S 2-14-06

1

was acting within the scope of employment. If it were, such certification could prevent all Bivens claims from getting beyond the pleading stage.

Plaintiff's allegation that Defendant Rundell acted under color of law or authority is a requirement of a Bivens claim. Plaintiff does not agree with Defendant that a Bivens claim is against the defendant in both official and individual capacities. Plaintiff believes these, and this one, are against the individual abusing the power entrusted to her/him in her/his individual capacity only.

Plaintiff does not acknowledge that the manner of effecting service on Defendant Rundell shows that he intended to sue her in her official capacity. The government's motion does not specify the basis for how that conclusion was reached. Plaintiff believes any defect in service on Rundell was waived by counsel's general appearance filed in this case.

Plaintiff continues his belief that the U.S. Attorney's certification authority is intended to operate as a filter of clearly baseless claims, not a barrier to meritorious ones. If the certifications were not reviewable by the court looking at the evidence underlying them, the one sentence conclusion from the U.S. Attorney would be all a plaintiff would get for his Bivens claim. There is no authority that section 2679 was so intended.

Wayson v. Rundell, 4:06-cv-1 JWS
Opp to motion to substitute U.S 2-14-06

Dated: February 14, 2006

_____

Mark N. Wayson, pro se

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that on this __14__ day of __Feb__, 2006, a copy of the foregoing was served by mail on:

Office of U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, Alaska 99513

_____
Mark N. Wayson

Wayson v. Rundell, 4:06-cv-1 JWS
Opp to motion to substitute U.S 2-14-06

3