FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2006 FEB 22 PM 1: 54

Mark N. Wayson
C/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709
markonwayson@yahoo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N, WAYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| LINDA RUNDELL and the | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendants. | ) |
| | ) 4:06-Cv 1 (JWS) |

**REPLY TO UNITED STATES' OPPOSITION TO CERTIFICATION HEARING**

There is both a legal context and a compelling need for a review hearing by this court of former U.S. Attorney Timothy M. Burgess' certification that Bureau of Land Management acting state director, Linda Rundell was acting within the scope of her employment, when she committed the acts which she has acknowledged under oath that she committed, and which have damaged the Plaintiff.

Wayson v. Rundell, 4:06-Cv-1 JWS
Reply to Opp to Cert of Scope of
Employment Hearing 2-22-06         - 1 -

ORIGINAL

The cases cited by the United States in their opposition motion are on point insofar as they do not dispute that a certification that a federal employee was "acting within the scope of his office or employment," is subject to judicial review. Addressing the role of the Attorney General in scope-of-employment-certification, the court reiterated the fundamental principle that no one should be a judge in his own cause. **See Gutierrez de Martinez v Lamango** 515 U.S. 417, 115 S.Ct. 2227.

There are compelling reasons to conduct the review of the Rundell certification. A grand jury investigation into Ms. Rundell's acts could be more easily justified by Mr. Burgess' successor, were this court to find that Ms. Rundell was not acting within the scope of her employment. In contrast to the incidents cited in **Billings v. United States**, 57F.3d 797, 799 (9th Cir. 1995) and **Wilson v. Drake,** 87 F.3d 1073, 1075 (9th Cir. 1996), the acts by Linda Rundell, certified by the U.S. Attorney, as being within the scope of her employment, were not spontaneous or in reaction to some real or perceived threat in the workplace. Ms. Rundell's acts involved considerable planning to impede the investigation she had been assigned of her subordinate, Robert Schneider, for her own personal and/or political reasons. Ms. Rundell's acts, were well beyond her level of expertise and responsibility, and she testified that other agencies participated in the investigation, including commissioned police officers from the Bureau of Land Management and the Inspector General's office of the Department of the Interior, and the probability of unknown persons in the U.S. Attorney's Office, and/or other government lawyers from the Bureau of Land Management Solicitor's Office.
(Attachment 1, p. 2 of 2, Line 25, and Lines 1-17 )

Were a grand jury convened, the Plaintiff could benefit from due process and the protections and vindication which result from successful criminal prosecution, and which are available to all victims of criminals who are publicly prosecuted.

The defense of Ms. Rundell in this civil case, would also assume different dimensions following a criminal indictment. The U.S. Attorney's office might feel obliged for various reasons to continue a defense of Ms. Rundell in civil trial. However, the U.S. Attorney's defense of a federal employee while she was under criminal indictment for the same act, would become a very significant factor to consider by the jury deciding the civil case, particularly if the role of the Department of Justice adheres to the direction which Attorney General Alberto Gonzales described it has, in his acceptance speech February 14, 2005.

February 14, 2005, newly appointed Attorney General Alberto Gonzales, in his acceptance speech stated, "Outside these walls, the cries of those powerless souls who are injured, disenfranchised or otherwise aggrieved may indeed be faint. But those same pleas for help echo powerfully within the Department of Justice."

In the same speech, Attorney General Gonzales also said, " ...the Attorney General represents the American people, and his first allegiance must always be to the Constitution of the United States."   (Attachment 2)

Wayson v. Rundell, 4:06-Cv-1 JWS
Reply to Opp to Cert of Scope of
Employment Hearing 2-22-06            - 3 -

The constitution does not require the Plaintiff to sit through an indefinite waiting period before he can enjoy the rights guaranteed by the Constitution. Ms. Rundell made a permanent record that the Plaintiff committed a crime.

Supreme Court Justice Samuel Alito, speaking at his confirmation hearing January 9, 2006, reaffirmed that the plaintiff has the right to protection through access to the courts, when accused of a crime by the government. Justice Alito was referring to the criminal process which provides due process, and a more expedited schedule in most cases, to permit the accused to clear himself of false charges by the government.

The United States is wrong to claim that a hearing to review the Rundell scope of employment certification is not necessary because the Plaintiff can utilize the discovery methods under federal rules to obtain information about the certification.

An attempt to utilize discovery methods in **Wayson v. Schneider** F03-035cv (JWS) in order to obtain information about the U.S. Attorney's certification of Robert Schneider, revealed that U.S. Attorney Burgess did not establish, or did not follow a policy for certifying cases which would preserve a record which could be reviewed. (Attachment 3, p. 2 of 8, Lines 8-18).

Only Mr. Burgess' memory was available to review, and in less than one year's time all recollection of the procedure which he followed, and his recollection of what he

reviewed and what influenced his decision to make the Schneider certification, had vanished. (Attachment 3, p. 2 of 8, Lines 18-20, and p.3 of 8, Lines 7-10).

Deposition as a means of reviewing the Rundell certification is not practical for other reasons. In scheduling the deposition of U.S. Attorney Burgess in the Schneider v. Wayson case, both the time and place of the deposition of U.S. Attorney Burgess were changed on short notice by the government, and consultation between unknown justice department supervisors/advisers of Mr. Burgess, regarding whether they would even allow the deposition to take place, continued by phone well into the morning of the day on which the deposition was taken. Plaintiff has yet to locate the specific rules, but anticipates that efforts to depose Judge Timothy Burgess could be even more difficult and less productive, than arranging the deposition for U.S. Attorney Timothy Burgess was.

A review of the October 29, 2004, deposition of U.S. Attorney Timothy Burgess, reads more like a pre-arranged plan to block, rather than produce discovery. Mr. Burgess' subordinate, Ms. S. Lane Tucker's efforts to block discovery in the deposition included numerous improper objections, and instructions to Mr. Burgess as to how not to answer certain questions. These instructions from Ms. Tucker were sometimes followed by Mr. Burgess, and sometimes not. The culmination of Ms. Tucker's procedural, and arguably unethical misconduct during the deposition, was to order her boss to leave the deposition. Mr. Burgess has a professional knowledge of the rules of deposition by virtue of his position, and therefore his hasty departure from the deposition, at the

direction of his subordinate, was not proper or credible, since Mr. Burgess knew that his subordinate, Ms. Tucker did not have the authority under the rules, to end the deposition as she did. ( Attachment 3, p. 4 of 8, Lines 2-25, and p. 5 of 8, Lines 1-11).

The issue of whether or not the U.S. Attorney had a conflict of interest because there was already a complaint of criminal conduct by Schneider which had been accepted by AUSA Mark Rosenbaum, with a promise to the Plaintiff to investigate, when the civil case was filed, was also raised at the deposition of Mr. Burgess. Again, it was not possible to determine whether there was a conflict of interest because Mr. Burgess had no memory of the certification. He did state however, that he was not testifying that he had not known about the complaint made by the Plaintiff, but that he could not recall whether that knowledge was a factor in the consideration of the certification. Again, this reflects a policy of certification which makes prevents review. (Attachment 3, p. 6 of 8, Lines 23- 25 and p. 7 of 8, Lines 1-2).

This issue of a conflict of interest in the Rundell certification is twofold, and more complicated. Mr. Burgess recalls nothing about the Schneider Certification. However, the November 6, 2003, Schneider certification could logically have been based upon the U.S. attorney's reliance upon the September 19, 2002, finding by Linda Rundell that the Plaintiff had committed a crime. If this were Mr. Burgess' basis for certifying Mr. Schneider, and Mr. Burgess then responded to a request from the Plaintiff to investigate Ms. Rundell, for Obstructing Justice, rather than also certifying Ms. Rundell's actions as 'within the scope of employment,' then a record would emerge that Mr. Burgess'

Wayson v. Rundell, 4:06-Cv-1 JWS
Reply to Opp to Cert of Scope of
Employment Hearing 2-22-06           - 6 -

certification that Mr. Schneider's actions were within the scope of his employment, was actually based upon the commission of a crime by Linda Rundell and unknown others.

Another conflict exists. On July 12, 2005, more than two weeks before President Bush appointed Timothy Burgess on July 28, 2005, to serve as a judge on the U.S. District Court for the District of Alaska, Plaintiff sent a request to Mr. Burgess requesting that he follow a procedure he had indicated in deposition to recuse the Anchorage U.S. Attorney's office in a conflict of interest situation, if he was unable to consider criminal charges against Linda Rundell. No response from Mr. Burgess followed. (Attachment 4; and Attachment 3, p. 8 of 8, Lines 15-25).

Yet on January 17 (or possibly 18) 2006, four weeks after the public announcement was made that former U.S. Attorney Timothy Burgess had been confirmed by the United States Senate on December 21, 2005, to serve as a judge on the U.S. District Court for the District of Alaska, Mr. Burgess, as U.S. Attorney, certified that Linda Rundell had been acting within the scope of her employment.

In one position he would have the power to certify. In the other, he would have the power to review the certification. Mr. Burgess made the Rundell certification while straddling both positions, thereby creating the appearance of impropriety, if not actually exercising improper influence upon his successor not to revisit his certification of Linda

Rundell, or to respond to the criminal complaint by the Plaintiff against Linda Rundell, by convening a grand jury, so as not to tarnish the certification of Robert Schneider.

Dated: February 22, 2006.

*/s/ Mark N. Wayson*

Mark N. Wayson, pro se

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that on this 22 day of Feb, 2006, a copy of the foregoing was served by mail on:

AUSA SUSAN LINDQUIST        Office of U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, Alaska 99513

*/s/ Mark N. Wayson*