Mark N. Wayson				July 12, 2005

P.O. Box 84570

Fairbanks Alaska 99708-4570		markonwayson@yahoo.com


Timothy Burgess

U.S. Attorney

Anchorage Alaska


Dear Mr. Burgess,

As you may be aware, BLM administrator, Linda Rundell, wrote in a BLM record sent to the Inspector General, that I had committed a crime under "Title 18, United States Code 111." (sic) She described this as a 'finding.' Discovery in my case against Robert Schneider has revealed that there was no factual basis for this. Therefore, there is apparently a violation of Title 18, section 1519, regarding the new Obstruction of Justice Offense.

You indicated in your deposition that there is a procedure for contacting the Justice Department in order to recuse your office if there is a conflict. Now that my case against Robert Schneider is over, do you believe your office has a conflict of interest if you were to consider criminally charging Ms. Rundell for this? If so, please implement the procedure in order to obtain an independent evaluation of Ms. Rundell's apparent violation.

Guidance from the court regarding Mr. Schneider's simple negligence in not reviewing the videotape and/or other evidence and witnesses does not appear to apply to Ms. Rundell's act,

ATTACHMENT # 4   P. 1 of 4

1

because her finding was written nearly a year after the act reported in it, for the apparent purpose of adding another opinion, to support Robert Schneider's accusations against me. Ms. Rundell stated in deposition that her finding was based on some investigative work by commissioned federal law enforcement personnel, although when I pursued this in discovery, none of it could be identified.

Ms. Rundell's Sept. 19, 2002 memo has a BLM law enforcement code (9260), and she recalls being 'assigned' the inquiry by 'someone' at the national law enforcement office.

Ms. Rundell testified that BLM law enforcement personnel were involved in the 'investigation' leading to her finding that I committed a crime against Carol Hammond while Ms. Hammond was in the performance of her duties.

Mr. Cooper can attest to the extensive, but unsuccessful efforts I made through discovery and FOIA, to obtain the record of the role which BLM enforcement officers and officers of the Inspector General played in this case. Appeals which I filed were answered only with a notice that BLM was required by law to answer within 20 days. However, no response was made.

Mr. Cooper did not produce all documents I requested or even all he promised, but he also stated that he could not obtain some of the relevant documents.

I have faith in the grand jury element of our justice system, having seen it work, particularly where the wrongful conduct is done by influential government officials.

2

ATTACHMENT # 4   P. 2 of 4

I know that the sworn responsibility of the U.S. Attorney goes beyond defending the actions of federal employees. I request that the Justice Department, in reviewing Ms. Rundell's conduct, which meets no known BLM procedure, and makes not even a pretense of due process, will consider its responsibility to me as a citizen, with the same sense of integrity and concern for my rights and safety, which distinguished the Justice Department in the 60's, when so much progress was made regarding the rights of minorities with little political or economic influence. Simply put Mr. Burgess, do I have, the right to be protected against the fabrication, and dissemination of secret official findings 'concluding' that I 'forcibly' assaulted a federal employee?   I was not even aware of this finding until 2004.

Ms. Rundell's Sept. 19, 2002 memo refers to a "careful review" of the incident in question. She conducted an administrative inquiry and refers directly to the April 5, 2005 complaint I filed with the Office of the Inspector General. Yet in this official inquiry, she did not contact me, contacted no witnesses, and reviewed none of the evidence which she knew was available.

Ms. Rundell testified that she made a conclusion that I had committed a crime. It was not merely her allegation.

Ms. Rundell acknowledged that she would be 'concerned' if such a finding against her were in the records of a government office.

I will be absent from Alaska Aug. 5, to August 22nd, 2005, and again during parts of October and December. Please inform me as soon as possible if you will forward this to the Justice

Department. Mr. Cooper, one of your staff attorneys has a copy of the videotape in question, and the Linda Rundell deposition.

Sincerely,

*[signature]*

Mark N. Wayson