UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| MARK N. WAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | A06-00001 CV (JWS) |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| LINDA RUNDELL, | ) | [Re:   Motions at Docket |
| | ) |         Numbers 5, 8, and 13] |
| Defendant. | ) | |
| | ) | |

## I.  MOTIONS PRESENTED

At docket 5, plaintiff Mark Wayson moves for a hearing to review the United States Attorney's certification that defendant Linda Rundell was acting within the scope of her federal employment when she committed the acts alleged in the underlying complaint.  Defendant opposes the motion at docket 11.  At docket 8, defendant moves the court to amend the case caption to indicate that plaintiff is suing Rundell in both her official and individual capacities, and to substitute the United States as the defendant for common law tort claims.  Plaintiff opposes the motion at docket 12.  At docket 13, the United States and Linda Rundell, in her official capacity, move to dismiss all claims against them "based on Mr. Wayson's declaration that he only intends to sue Ms. Rundell in her individual capacity in a *Bivens* suit."[1]  Plaintiff did not file a response

---

[1]Motion to Dismiss at 1, doc. 13.

in opposition to the motion.  Oral argument was not requested on any of the motions, and it would not assist the court.

## II.  BACKGROUND

This action arises out of Linda Rundell's alleged finding, as the acting state director of the Bureau of Land Management ("BLM"), that Mark Wayson "forcibly committed a crime against BLM employee Carol Hammond."[2]

On January 13, 2006, plaintiff Mark Wayson filed an amended complaint in Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks, alleging that defendant Rundell damaged plaintiff's reputation and violated plaintiff's constitutional rights by finding that Wayson committed a crime against a federal employee and by obstructing the investigation of Wayson's complaint of misconduct by Robert Schneider, a BLM employee and Rundell's subordinate.

In January 2006, former United States Attorney Timothy Burgess certified that defendant Rundell "was acting within the scope of her employment with the [BLM] at the time of the allegations in Plaintiff's Complaint."[3]  Defendant Rundell subsequently removed this matter to federal court pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2).

## III.  APPLICABLE LEGAL STANDARD

"The Federal Employees Liability Reform and Tort Compensation Act ("FELRTCA") immunizes United States employees from liability for their 'negligent or wrongful act[s] or omission[s] ... while acting within the scope of [their] office or employment."[4]  "The Attorney General certifies whether a United States employee was acting within the scope of his or her employment at the time of an event giving rise to a civil claim."[5]  The Attorney General has delegated this authority to the United States

---

[2]Amended Complaint at 2, exh. 2, doc. 6.

[3]Notice of Removal at 2, doc. 1.

[4]*Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993) (quoting 28 U.S.C. § 2679(b)(1)).

[5]*Id.* (citing 28 U.S.C. § 2679(d)(1),(2)).

Attorneys.[6]  Once certification is given, FELRTCA requires both the substitution of the United States as the defendant, and if initiated in state court, the removal of the action to federal court.[7]  Under the terms of FELRTCA, the substitution of the United States leaves the plaintiff with a "single avenue of recovery," namely the Federal Torts Claim Act ("FTCA").[8]

Bivens claims, on the other hand, are excepted from the certification and substitution procedures of FELRTCA.[9]  The basis of a Bivens claim is some illegal or inappropriate conduct on the part of a federal official or agent, while acting under color of federal law, that violates a plaintiff's clearly established constitutional right.[10]  A Bivens suit is brought against a federal employee in his or her individual rather than official capacity.[11]

## IV.  DISCUSSION

At issue in all three motions before the court is what claim(s) plaintiff intended to assert in his amended complaint.  In defendant's notice of removal, defendant construed plaintiff's amended complaint as alleging tort claims of "slander and harm to reputation."[12]  Defendant removed plaintiff's action to federal court pursuant to

---

[6]Meridian International Logistics, Inc. v. United States, 939 F.2d 740, 743 n.2 (9th Cir. 1991); Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[7]Green, 8 F.3d at 698.

[8]Id.

[9]Wang v. United States, 947 F.2d 1400, 1402 n.4 (9th Cir. 1991).

[10]Balser v. Department of Justice, Office of U.S. Trustee, 327 F.3d 903, 909 (9th Cir. 2003).

[11]Id.

[12]Notice of Removal at 1, doc. 1.

28 U.S.C. § 2679(d)(2),[13] following the United States Attorney's certification that defendant Rundell was acting within the scope of her employment with the BLM at the time of the acts alleged in plaintiff's amended complaint.

However, in plaintiff's opposition to defendant's motion to substitute the United States for Rundell as the defendant for common law tort allegations and motion to change the caption to reflect that Rundell is being sued in both her individual and official capacities, plaintiff explicitly states that he is not asserting any common law claims and is only asserting a *Bivens* claim against defendant Rundell in her individual capacity.[14]

The basis of a *Bivens* claim is some illegal or inappropriate conduct on the part of a federal official or agent that violates a plaintiff's clearly established constitutional right.[15]  Plaintiff's amended complaint alleges that defendant Rundell violated plaintiff's First Amendment rights by making a finding that plaintiff committed a criminal act and by attempting to terminate a criminal inquiry against Robert Schneider.  Plaintiff's amended complaint also alleges that in committing the above acts under color of law or authority, defendant Rundell acted outside the scope of her employment with the BLM.  The above allegations in plaintiff's amended complaint suggest that plaintiff is attempting to state a *Bivens* claim against defendant Rundell.

It is well established that "the party who brings a suit is master to decide what law he will rely upon" in crafting his complaint.[16]  Based on plaintiff's assertion that he is only asserting a *Bivens* claim against defendant Rundell in her individual capacity and the United States' acknowledgment that it "mistakenly interpreted [plaintiff's] complaint as

---

[13]28 U.S.C. § 2679(d)(2) states in pertinent part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States...

[14]Opposition to Motion to Substitute at 1, doc. 12.

[15]*Balser*, 327 F.3d at 909.

[16]*Bell v. Hood*, 327 U.S. 678, 681 (1946) (internal quotation and citation omitted).

-4-

asserting common law torts,"[17] the court will construe plaintiff's amended complaint as solely alleging a *Bivens* claim against defendant Rundell in her individual capacity. Because *Bivens* claims are excepted from the certification and substitution procedures of FELRTCA,[18] the court will vacate the United States Attorney's certification that defendant Rundell was acting within the scope of her employment with the BLM at the time of the allegations in plaintiff's amended complaint.  Furthermore, the court will deny as moot plaintiff's motion for a hearing on the certification.[19]  Because plaintiff has not alleged any tort claims against defendant Rundell in her official capacity, the court will also deny as moot defendant's motion to substitute the United States as the defendant for common law tort allegations and motion to change the caption to reflect that Rundell is being sued in both her individual and official capacities,[20] and defendant's motion to dismiss all claims against the United States and defendant Rundell in her official capacity.[21]

Plaintiff's cause of action is still properly before this court because defendant's notice of removal also listed 28 U.S.C. § 1442(a)(1) as a basis for removal. Section 1442(a)(1) provides for removal of cases in which an officer of the United States is sued in his or her "individual capacity for any act under color of such office."

## V.  CONCLUSION

For the reasons set out above, plaintiff's motion at docket 5 for a hearing to review the United States Attorney's certification is **DENIED AS MOOT**, and the United States Attorney's certification that defendant Rundell acted within the scope of her

---

[17]Defendants' Motion to Dismiss at 2, doc. 13.

[18]*Wang*, 947 F.2d at 1402 n.4.

[19]Doc. 5.

[20]Doc. 8.

[21]Doc. 13.

employment is **VACATED**.  It is **FURTHER ORDERED** that defendant's motions at docket 8 and docket 13 are **DENIED AS MOOT**.

DATED at Anchorage, Alaska, this 15th day of May 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE