DEBORAH M. SMITH
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| MARK N. WAYSON, | ) Case No.  4:06-cv-00001-JWS |
| | ) |
| Plaintiff, | ) |
| v. | ) MOTION TO DISMISS FOR |
| | ) FAILURE OF SERVICE |
| LINDA RUNDELL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

The Defendant, Ms. Linda Rundell, through counsel, moves to dismiss

Plaintiff's complaint for failure of service as required by the Federal Rules of Civil

Procedure ("Fed. R. Civ. P.") 12(b)5.[1]  Plaintiff, ("Mr. Wayson") filed suit against Ms. Rundell in her individual capacity and has clarified that he intends only to assert <u>Bivens</u> claims.  <u>See</u> Docket 12.  Thus, Mr. Wayson must serve her as an individual, and he has not.

### FACTS

1.      On December 20, 2005, Mr. Wayson filed a complaint against Linda Rundell, Defendant, in state court.  Docket 4.  He complained that his injury arose from a letter signed by Ms. Rundell that he discovered in March 2004. Docket 4, Complaint ¶ 4; <u>see</u> Ex. A.

2.      On December 27, 2005, Mr. Wayson served the complaint by U.S. certified mail, restricted delivery to Linda Rundell at 1474 Rodeo Road, Santa Fe, New Mexico 87505, which is the street address for the Bureau of Land Management, New Mexico State Office.  Ex. B.  C.J. Fimple, an employee of NebArk signed for the certified letter.  Ex. C; Docket 17 notice of service.

---

[1]  Ms. Rundell also intends to file a Motion under 12(b)6 for failure to state a claim for which relief can be granted.  This motion is not waived by the filing of the present motion per Fed. R. Civ. P 12(h)2.  Due to the Court's Order at Docket 24, ordering an immediate answer, the government is filing this Rule 12(b)5 motion without the Rule 12(b)6 motion because it was unable to complete the 12(b)6 motion in time to comply with the Order.  Counsel is intending to file the Rule 12(b)6 Motion by August 10, 2006.

3.      On January 13, 2006, Mr. Wayson filed an Amended Complaint in state

court alleging the same violations of his constitutional rights.  Docket 4.

4.      On January 18, 2006, the United States filed a notice of removal of the case

to federal court.  It substituted itself in the place of Linda Rundell acting in

her official capacity.  Docket 1.

5.      On February 6, 2006, the United States and Ms. Rundell in her official

capacity, through counsel moved to amend the caption and within the

pleading she informed Mr. Wayson that "there is a different requirement for

service of a Complaint against a federal employee who is sued in her

individual capacity for acts done outside the scope of her employment."

Docket 8 at 2.

6.      On February 14, 2006, Mr. Wayson acknowledged the debate about service,

but did "not acknowledge that the manner of effecting service on Defendant

Rundell shows that he intended to sue her in her official capacity."  Docket

12 at 2.  He then argued that any "defect in service was waived by counsel's

general appearance filed in this case."  Id.  Mr. Wayson explained that he

only intended to file a Complaint against Ms. Rundell acting in her

individual capacity. (Bivens claim).  Docket 12.

7.      On February 27, 2006, counsel for the United States wrote in a pleading that

        if Mr. Wayson was only suing Ms. Rundell in her individual capacity, then

        "he may proceed against Ms. Rundell in her individual capacity, once he

        serves her properly according to Fed. R. Civ. P 4(e)."  Docket 13.  Later, Mr.

        Wayson emailed that he did not receive his copy of this pleading, and

        thereafter, United States counsel emailed it to him on May 10, 1006.

8.      On April 27, 2006, the Court issued a warning about Mr. Wayson's failure

        to serve one or more parties.  Docket 15.

9.      On May 8, 2006, Mr. Wayson informed the court that he had served Ms.

        Rundell by certified mail, restricted delivery.  Docket. 17.  He did not

        provide proof of service on the United States Attorney's Office or on the

        Attorney General of the United States.  The United States Attorney's Office

        and the office in Washington D.C. which monitors service on the Attorney

        General have no record of service.  Ex. F, G.

11.     On May 10, 2006, Susan Lindquist informed Mr. Wayson that she had seen

        his pleading regarding service and it was her position that Mr. Wayson had

        not served Ms. Rundell yet.  Ex. D.

12.     On May 12, 2006, Mr. Wayson informed the Court that Ms. Rundell was

        properly served according to Rule 4(e).  Docket 19.

13.  Mr. Wayson previously sued a Bureau of Land Management ("BLM") official, Robert Schneider for a violation of his constitutional rights under <u>Bivens</u>, in case F03-0035 (JWS), and his attorney had Mr. Schneider personally served.  Ex. E.

14.  In the previous lawsuit, Mr. Wayson received a letter which Ms. Rundell had signed, which he claims violated his constitutional rights.  He thus had a copy of Ms. Rundell's signature.  Ex. F.

15.  One hundred and twenty days after December 20, 2005, the filing of the Complaint, is April 20, 2006.

16.  One hundred and twenty days after January 13, 2006, the filing of the Amended Complaint, is May 14, 2006.

## STANDARD OF REVIEW

The District Court has discretion to dismiss a complaint for failure to properly serve a defendant within 120 days.  <u>In re: Sheeran</u>, 253 F.3d 507, 511 (9th Cir. 2001).

## ARGUMENT

The complaint should be dismissed because proper service has not been executed on Ms. Rundell and the time limit for service has expired.  The Fed. R. Civ. P. require that service on a federal officer or employee, sued in an individual

Wayson v. Rundell, et.al.
4:06-cv-00001-JWS                    -5-

capacity, be served in accordance with both Rules 4(i)(2)(B) and 4(e), 4(f) or 4(g). Mr. Wayson did not serve Ms. Rundell properly under Rule 4(i)(2)(B) for service on a federal officer sued in her individual capacity and he did not serve her properly in her individual capacity as required by Rules 4(e),(f) or (g).

Rule 4(i)(2)(B) provides: "Service on an officer or an employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States - . . .- is effected by serving the United States in the manner prescribed by Rule 4(i)(1) **and** by serving the officer and employee in the manner prescribed by Rule 4(e),(f), or (g)." (Emphasis added). Rule 4(i)(1) requires a Plaintiff to serve the United States Attorney, the Attorney General, and the officer and agency. Mr. Wayson failed to serve the United States Attorney and the Attorney General.

Mr. Wayson also failed to serve Ms. Rundell under Rules 4(e), (f) or (g). Rules 4(f) and 4(g) apply to Individuals in a Foreign Country and on Infants and Incompetent Person respectively, neither of which apply to Ms. Rundell. Rule 4(e) provides that service is properly effected according to the rules of either the state where the district court is located or the state in which service is performed. Fed. R. of Civ. P. 4(e)(1). Here, since the District Court is in Alaska and

Ms. Rundell resides and works in New Mexico, the rules of either of those two states may be used.

### A.  Service Under Alaska Rules of Civil Procedure ("Ak. R. Civ. P. ")

The Ak. R. Civ. P. requires service to be in person, left at the person's home or with an authorized agent.  Ak. R. Civ. P. 4(d)(1).  If the person to be served is out of state, personal service can also be executed but must be done by a "sheriff, constable, bailiff, peace officer or other officer having like authority in the jurisdiction where service is made, or by a person specifically appointed by the court to make service" Ak R. Civ. P. 4(d)(12).  The rules also allow for service by registered or certified mail, but such service must be mailed "for restricted delivery only to the party to whom the summons. . . is directed or to the person authorized under federal regulation to receive the party's restricted delivery mail" Ak R. Civ. P. 4(h).

Since Ms. Rundell lives out of state, the Ak. R. Civ. P. require Mr. Wayson to serve her personally through an officer or via registered or certified mail for delivery only to Ms. Rundell or her authorized representative.  Although Mr. Wayson attempted to serve Ms. Rundell via certified mail with restricted delivery, he addressed it to her work place.  Although the service was addressed for delivery

only to Ms. Rundell, she did not sign for the certified mail. The signature on the green card is obviously not that of Ms. Rundell.

Thus, under the Ak. R. Civ. P. Service was not effected because Ms. Rundell did not sign for the summons as specifically required. Since service was not effected according to the Ak. R. Civ. P., the New Mexico Rules of Civil Procedure must be addressed.

### B.     Service under New Mexico Rules of Civil Procedure

New Mexico has three sets of civil procedure rules, District Court Rules of Civil Procedure, Magistrate Rules of Civil Procedure, and Metropolitan Court Rules of Civil Procedure.

### 1.     Service under New Mexico District Court Rules of Civil Procedure ("N.M. DCR Civ. P")

The New Mexico DCR Civ. P. provide that service may be made in person or by mail. N.M. Dist. Ct. R.Civ. P. 1004 (E)(3). When service is effected by mail, three things must all occur. First, a copy of the process must be delivered to Ms. Rundell's actual place of business to the person apparently in charge; second, copies of the summons and complaint must be mailed by first class mail to Ms. Rundell at her last known address; and third, copies of the summons and complaint must also be sent to Ms. Rundell's actual place of employment. N.M. Dist. Ct. R.C.P. 1004(F)(3).

Although Plaintiff sent copies of the summons and complaint to Ms. Rundell's actual place of employment, he did not send a copy of the process to the person apparently in charge of her place of business or to Ms. Rundell's last known address. Plaintiff has completed only one of the three requirements for valid service under New Mexico DCR Civ. P., and thus proper service has not been effected. Moreover, a copy of the summons and complaint was not sent to her last known address. The rule states that all three are required for service to be valid and Plaintiff has not fulfilled all the requirements.

### 2.     Service under New Mexico Magistrate Rules of Civil Procedure ("N.M. Magistrate R.C.P.")

Service under the N.M. Magistrate R.C.P. may be effected in person by any person over 18 who is not a party to the action. N.M. Magistrate R.C.P. 2-202(D). Such personal service can be effected by leaving the summons with the party personally, where the server finds the party, at the party's residence or with someone at that residence who is over 15 years old. N.M. Magistrate R.C.P. 2-202(F). Service may also be effected via mail. N.M. Magistrate R.C.P. 2-202(E). Valid service by mail is effected by mailing copies of the summons and complaint to the person served along with two copies of a notice and acknowledgment form and a prepaid return envelope addressed to the sender, in this case, Plaintiff. Id. If

the Plaintiff does not receive acknowledgment within 23 days of mailing the summons, service would have to be done in person as outlined above with the person being served paying the costs.  Id.  Additionally, the rule specifically states that any "summons by mail is only effective if an acknowledgment of service signed by the person being served" exists.  Id.

Mr. Wayson only attempted service using certified mail, restricted delivery, on or about December 27, 2005, but the only acknowledgment was the U.S. Postal Service certified mail receipt.  The receipt was signed by "CJ Fimple" an employee of NebArk Courier and not Ms. Rundell.  Since there is no acknowledgment of service signed by Ms. Rundell, service by mail to Ms. Rundell has not been made because service by mail is only effective if acknowledged by the person being served.  Because no valid acknowledgment has been received by Plaintiff and significantly more than 23 days have passed since mailing the service, it was Plaintiff's responsibility to serve Ms. Rundell in person.  Mr. Wayson has made no attempt to serve Ms. Rundell personally.  Since the mail service was not effective and no other form of service has been made, Mr. Wayson has not served Ms. Rundell under the New Mexico MR Civ. P.

### 3.    Service under the New Mexico Metropolitan Court Rules of Civil Procedure ("MCR Civ. P.")

The MCR Civ. P. are essentially the same as the MR Civ. P. with the same requirements and specifications. Compare N.M. Magistrate R.C.P. 2-202(D)(E)(F) with N.M. Metro Ct. R.C.P. 3-202(D)(E)(F). Because Mr. Wayson did not serve Ms. Rundell effectivly under the MR Civ. P., for the same reasoning, he did not serve her effectively under the MCR Civ. P.

Mr. Wayson may argue that Ms. Rundell knew about the lawsuit through the service at BLM, and therefore, the complaint should not be dismissed. But actual notice does not confer personal jurisdiction with service of process in accordance with the applicable federal or state statutory requirements. Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir. 1982). In Daly-Murphy v., the Ninth Circuit wrote:

> We require "substantial compliance with Rule 4." *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir.1982). [FN4] Rule 4 has generally been construed to mean that service at a defendant's place of employment is insufficient. *Smith v. Western Offshore, Inc.,* 590 F.Supp. 670, 674 (E.D.La.1984); *Guyette v. Stauffer Chem. Co.,* 518 F.Supp. 521, 527 (D.N.J.1981); C. Wright & A. Miller, Federal Practice and Procedure § 1096 (1969). More specifically, where money damages are sought through a *Bivens* claim, personal service, and not service at the place of employment, is necessary to obtain jurisdiction over a defendant in his capacity as an individual. *Micklus v. Carlson,* 632 F.2d 227, 240-41 (3d Cir.1980).

Mr. Wayson may argue that the individual's co-employees were agents who could accept service, but he would be mistaken.  In <u>Lavender-Cabellero v. Department of Consumer Affairs of City of New York</u>, 458 F.Supp 213, 216 (S.D.N.Y. 1978), the court found that personally dropping off a complaint and summons with a fellow employee, without any authorization given to her to accept service, or any representation by her that she would deliver the summons, was insufficient service.  Similarly, in <u>Perez Lopez v. Mangome</u>, 117 F.R.D. 327, 328 (D.Puerto Rico 1987), service on the administrative assistant at the police department did not qualify as service under the "'agent authorized by appointment or by law to receive service'" portion of the service rule.  Additionally, in <u>Lamont v. Haig</u>, 539 F.Supp. 552, 556 (D.C.S.D. 1982) service to the secretary at the defendant's place of employment was deemed not to be service on an agent of the individual.

In this case, the person who accepted the restricted service was not even a BLM employee.  There is no evidence that Mr. Frimple was Ms. Rundell's agent. Moreover Mr. Wayson had a copy of Ms. Rundell's signature on the letter which triggered this lawsuit.  Ex. A.  He could have easily compared signatures on the green card and o the letter and realized that Ms. Rundell did not sign the card, despite his instructions to restrict delivery to her.

Mr. Wayson may also argue, as he did in his pleading, that Ms. Rundell waived any service arguments by making a general appearance. Docket 12. The removal action was based on Ms. Rundell acting in her official capacity, as verified by the Certification of Mr. Burgess, and the removal based only on the alleged torts of slander and harm to reputation. Docket 1. Ms. Rundell, in her official capacity, only, filed a document. Docket 13. Moreover, government counsel could only legally represent her in her individual capacity after she signed the contract for representation on February 21, 2006, and thereafter, counsel specifically reserved all rights under Fed. R. Of Civ. P. 12(b).

C.     **The Complaint Must Be Dismissed Because More Than 120 Days Have Passed**

Rule 4(m) requires that service be made within 120 days of filing the complaint or the complaint should be dismissed. Fed. R. Civ. P. 4(m). Because more than 120 days have passed since the complaint and amended complaint was filed and proper service has not been made, the complaint should be dismissed.

"Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint. *See* Fed.R.Civ.P. 4(m); Petrucelli v. Bohringer & Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir.1995). First, upon a showing of good cause for the defective service, the court must

extend the time period.   Second, if there is no good cause, the court has the

discretion to dismiss without prejudice or to extend the time period.  Id."  In Re

Sheeran, 253 F.3d 507 (9th Cir. 2001).  Examples of good cause include a

defendant evading service or concealing a defect in attempted service.  See Ditkof

v. Owens Illinois, Inc., 114 F.R.D. 104, 105 (D. Mich. 1987).  If good cause is

shown, then the court should "extend the time for service for an appropriate period.

Fed. R. of Civ. Pro. 4(m).

The only record of attempted service is a U.S. Postal Service certified mail

receipt dated December 27, 2005.  Plaintiff's attempt at service is *prima facie*

evidence that he knew he needed to serve Ms. Rundell.  Indeed in his prior case,

his counsel perfected personal service on the federal employee sued under Bivens.

What is more, government counsel informed Mr. Wayson that service on the

individual was different than service on the employee acting in an official capacity.

Docket 8.  Mr. Wayson responded by stating that he served Ms. Rundell correctly

and if he did not, proper service had been waived by a general appearance.  Docket

12.  Counsel again informed Mr. Wayson that he needed to serve Ms. Rundell

properly and even provided him with instructions to follow Rule 4(e) of the Fed. R.

Civ. P. in Docket 13, filed on February 27, 2006.  Unfortunately, Mr. Wayson did

not get that pleading until May 10, 2006, just days before the time limit expired.

He got the pleading with an e-mail stating that Ms. Rundell's counsel believed that

Mr. Wayson had not properly served Ms. Rundell. Ex. D. Thereafter, before the

time had expired, Mr. Wayson filed a pleading stating that in his opinon Ms.

Rundell had been properly served. Docket 19. Government counsel not only

informed Mr. Wayson that there were different requirements for service of

complaint and summons on a federal employee when sued in her individual

capacity, she stated in her pleading where he could find the rule. The facts show

that Ms. Rundell was not trying to avoid service, but she did insist on being served

properly. Mr. Wayson preferred to believe that he had done everything properly.

Because Mr. Wayson was specifically told proper service had not been made

and was also told where instructions for proper service may be found, there is no

good cause shown to justify an extension of the time to serve. When there is no

just cause for failing to properly serve, the rule states that the court should not

allow an extension and the complaint should be dismissed. Although the Court can

exercise its discretion to extend the time period, it should not be exercised in this

case because Mr. Wayson was told that there were different Rules for service on

federal employees sued in their individual and official capacities. In addition, he,

through counsel, had successfully served a federal defendant whom he had sued in

<u>Bivens</u> in the past, but failed to so this time.

Wayson v. Rundell, et.al.
4:06-cv-00001-JWS                           -15-

## CONCLUSION

Mr. Wayson has expressly stated his complaint is against Defendant in her individual capacity (<u>Bivens</u> claim) and not in her official capacity.  The Fed. R. Civ. P. explicitly state that service in this situation is effected by serving a person individually.  Serving a complaint at a work address by certified mail, restricted delivery, does not satisfy the rule unless the specific Defendant signs for the delivery; Ms. Rundell did not.  Mr. Wayson did not satisfy the service rules for the states of Alaska or New Mexico or the federal rules.  Time has expired under which service may be performed and there is no good cause for an extension of the time limit because Ms. Rundell's counsel had made two express warnings that service had not been effected.

For these reasons, Ms. Rundell moves to dismiss Mr. Wayson's complaint.

Respectfully submitted July 25, 2006.

DEBORAH M. SMITH
Acting United States Attorney

s/ Susan J. Lindquist
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2006,
a copy of the foregoing MOTION TO DISMISS
FOR FAILURE OF SERVICE was served on:

Mark N. Wayson
c/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709

by email to
markonwayson@yahoo.com

by regular U. S. mail.

s/ Susan J. Lindquist

Wayson v. Rundell, et.al.
4:06-cv-00001-JWS                        -17-