UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, ) | |
| ) | |
| Plaintiff, ) | 4:06-cv-001JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| ) | [Re:   Motion at Docket 25] |
| LINDA RUNDELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I.  MOTION PRESENTED

At docket 25, defendant Linda Rundell moves to dismiss plaintiff's complaint for insufficient service pursuant to Federal Rule of Civil Procedure 12(b)(5).  At docket 27, plaintiff Mark Wayson opposes the motion.  Plaintiff's reply is filed at docket 28.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

This action arises out of Linda Rundell's alleged finding, as acting state director of the Bureau of Land Management ("BLM"), that Mark Wayson "forcibly committed a crime against BLM employee Carol Hammond."[1]  On December 20, 2005, Mark Wayson, who is *pro se*, filed a complaint against Linda Rundell in the Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks, alleging that Rundell damaged his reputation and violated his constitutional rights.  In December 2005, Wayson mailed

---

[1]Complaint at 2, doc. 1.

a copy of the complaint and summons by certified mail with restricted delivery to Linda Rundell, 1474 Rodeo Road, Santa Fe, New Mexico, 87505, which is the street address for the New Mexico State BLM Office. Wayson received a signed receipt for delivery of the certified mail stamped December 27, 2005.[2] Although Wayson paid the fee for restricted delivery to Linda Rundell, C.J. Fimple, a NebArk Courier employee, signed for the certified letter.[3]

On January 13, 2006, Wayson filed an amended complaint against Rundell in state court alleging the same violations of his constitutional rights.[4] Defendant Rundell, through her counsel the United States Attorney, removed this matter to federal court pursuant to 28 U.S.C. § 2679(d)(2), following the United States Attorney's certification that Rundell "was acting within the scope of her employment with the [BLM] at the time of the allegations in Plaintiff's Complaint."[5] The Notice of Removal states that on December 27, 2005, Rundell "was working at the BLM office and the office was served with a copy of the Summons and Complaint," but that the United States Attorney was not served copies of the pleadings.[6] Copies of the complaint and summons were attached to the Notice of Removal.

On February 6, 2006, defendant Rundell moved to substitute the United States as defendant for common law tort allegations and to change the case caption to reflect that plaintiff is suing Rundell in both her individual and official capacities.[7] Wayson opposed the motion on the grounds that he is not asserting any common law claims and

---

[2] Doc. 17.

[3] The briefings and attachments do not explain the relationship, if any, between NebArk and the New Mexico BLM Office.

[4] Doc. 4, exh. 1.

[5] Notice of Removal at 2, doc. 1.

[6] *Id.*

[7] Doc. 8.

is only asserting a *Bivens* claim against defendant Rundell in her individual capacity.[8] Consequently, by order dated May 15, 2006, the court denied as moot defendant's motion to substitute and vacated the United States Attorney's certification that defendant Rundell acted within the scope of her employment.[9]  By minute order dated May 16, 2006, the court advised the parties that the only claims in this case are plaintiff's claims against defendant Rundell in her individual capacity.

By minute order dated April 27, 2006, the court directed plaintiff to file proof of service on defendant.  On May 8, 2006, plaintiff informed the court that he had mailed a copy of the complaint and summons by certified mail and restricted delivery to Linda Rundell at 1474 Rodeo Road, Santa Fe, New Mexico, 87505, and that plaintiff had received a signed acknowledgment of the restricted delivery stamped December 27, 2005.

By minute order dated July 19, 2006, the court noted that an answer had not been filed by the defendant served in this case and directed plaintiff to "require an answer immediately or apply for default within 20 days from the date of the minute order" if the time for an answer has expired.[10]  On July 25, 2006, defendant Rundell filed the underlying motion requesting the court to dismiss plaintiff's complaint for failure of service.[11]

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss a complaint on the grounds of "insufficiency of service of process."  Rule 4(m) provides that "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court...shall dismiss the action without

---

[8]Doc. 12 at 1.

[9]Doc. 21.  The court's order at docket 21 also denied as moot plaintiff's motion at docket 5 for a hearing on the certification and defendant's motion at docket 13 to dismiss as defendants the United States and Rundell in her official capacity.

[10]Doc. 24.

[11]Doc. 25.

prejudice as to that defendant or direct that service be effected within a specified time." "[I]f the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."[12]

Rule 4(i)(2)(B) further provides:

> Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States - whether or not the officer or employee is sued also in an official capacity - is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4(e)...

Rule 4(i)(1) requires a plaintiff to serve the United States by serving the United States Attorney for the district in which the action is brought, the Attorney General of the United States, and the officer or agency. Rule 4(e) provides that unless otherwise provided by federal law, service upon an individual may be effected in any judicial district of the United States:

> (1) pursuant to the law of the state in which the court is located, or in which service is effected...or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

## IV.  DISCUSSION

Defendant argues that plaintiff's complaint should be dismissed because the time limit for service has expired under Rule 4(m) and plaintiff "did not serve Ms. Rundell properly under Rule 4(i)(2)(B) for service of a federal officer sued in her individual capacity and he did not serve her properly in her individual capacity as required by Rule 4(e)..."[13] Defendant specifically alleges that plaintiff failed to serve the United States Attorney and the Attorney General pursuant to Rule 4(i)(1), and also failed to satisfy the applicable rules for individual service in the states of Alaska or New Mexico.

---

[12] Fed. R. Civ. P. 4(m)

[13] Doc. 25 at 6.

Plaintiff opposes the motion to dismiss on the grounds that he properly served defendant Rundell with copies of the complaint and summons by certified mail and restricted delivery at her work address, "the only address available to Plaintiff."[14] Plaintiff further argues that the United States Attorney's Notice of Removal makes moot defendant's argument that service was defective.

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."[15] "However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'"[16] As set out above, Rule 4(e) provides that service upon an individual may be effected in any judicial district of the United States pursuant to the law of the state in which service is effected.

Here, service was effected by mail in New Mexico. Defendant acknowledges that under New Mexico District Court Rules of Civil Procedure, service may be made by mail, provided: 1) a copy of process is delivered to the party's actual place of business to the person apparently in charge, 2) a copy of the summons and complaint is mailed by first class mail to the party's last known address, and 3) a copy of the summons and complaint is sent to the party's actual place of employment.[17] Defendant argues that service was insufficient because plaintiff did not send a copy of the process to the person apparently in charge of Rundell's place of business or to her last known address. Plaintiff alleges that service was sufficient under the New Mexico District Court rule for personal service because the address for the New Mexico BLM office is the "only address available to Plaintiff" and Rundell is the person apparently in charge of her place of business as she is the State Director for the New Mexico BLM Office.[18]

---

[14] Doc.

[15] *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (quotation and citation omitted).

[16] *Id.* (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

[17] Doc. 25 at 8 (citing N.M. Dist. Ct. R. Civ. P. 100(F)(3)).

[18] Doc. 27 at 1.

Based on the above, the court finds that plaintiff substantially complied with Federal Rule of Civil Procedure 4(e), and defendant Rundell received sufficient service as an individual. It is undisputed that plaintiff failed to serve the United States Attorney and the Attorney General as is required under Rule 4(i)(1). It is also undisputed that the United States Attorney received actual notice of the complaint and summons in this matter as is evidenced by the Notice of Removal. However, under controlling case law, defendant's actual notice does not cure plaintiff's insufficient service of the United States Attorney and the Attorney General under Rule 4(i)(1).[19] Accordingly, the court directs plaintiff to effect proper service on the United States Attorney and the Attorney General and file proof of such service within twenty-five (25) days from the filing of this order. If plaintiff fails to do so, this case will be dismissed without prejudice.

## V. CONCLUSION

For the reasons set out above, defendant's motion to dismiss at docket 25 is **DENIED**. It is further **ORDERED** that within **twenty-five (25)** days from the filing of this order, plaintiff shall file proof of service on the United States pursuant to Federal Rule of Civil Procedure 4(i)(1) which shall be accomplished by sending a copy of the summons and complaint by registered or certified mail to the United States Attorney's Office, 222 West 7th, #9, Anchorage, Alaska, 99513, and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States, United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C., 20530-0001.

DATED at Anchorage, Alaska, this 15th day of September 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[19] *Jackson*, 682 F.2d at 1347.