NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, | ) Case No.  4:06-cv-00001-JWS |
| | ) |
| Plaintiff, | ) **RUNDELL'S REPLY TO** |
| v. | ) **PLAINTIFF'S RESPONSE IN** |
| | ) **OPPOSITION AT DKT. 32** |
| LINDA RUNDELL and UNITED | ) |
| STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The Defendant, Linda Rundell, in her official capacity, replies that Mr. Wayson failed to identify a constitutional right which Ms. Rundell violated.  Mr. Wayson failed to identify a single incident when Rundell's internal memorandum prevented him from speaking.  Without evidence, Wayson exaggerates the extent

to which the internal memorandum was published, so that now it is "accessible to virtually thousands of federal officials. . . ." Dkt. 32 at 3.

Wayson argues that he still has a due process right to be heard before "being condemned to suffer grievous loss of any kind." Dkt. 32 at 4. Wayson cites to Joint Anti-fascist Refugee Comm. v. Magrath, 341 U.S. 123 (1951), for the proposition that he has a right to a hearing before suffering a loss. In that case, the Attorney General was charged to designate organizations "as totalitarian, fascist, communist or subversive, . . . ." Id. at 124. The Attorney General then provided a list of designated organizations to government agencies if federal employees belonged to such organizations, they were subject to termination from their jobs. Id. at 124, 127. The Plaintiff in this case is a Committee which was publicly labeled as anti-loyal to the government and consequences followed. In such a case, the Court found that judicial review was in order. The court specifically stated that the Plaintiffs were not suing for monetary damages for a violation of the right not to be defamed. Id. at 139-40. The Court declared that the Committee whose "legal rights have been violated by unlawful public action," had a legitimate claim to be heard and remanded the case to District Court. Id. at 141.

Whereas, the Committee may have suffered a grievous loss by being publicly banded as disloyal, Wayson had no public action taken against him. The only consequence that flowed from Rundell's opinion was that the internal investigation was closed. The internal memorandum was exceedingly different from the publicly disseminated information that was at issue in Joint Anti-fascist Refugee Comm. Moreover, this is a case based on Bivens, which requires the statement of facts which, if true, would violate a person's constitutional rights, which is more than what is required to seek a declaratory judgment, as the Committee was doing. See Id. at 132. Wayson must state a claim for a constitutional violation for the case to proceed and he simply failed to do that.

Wayson infers that Rundell retaliated against him for suing Robert Schneider and that led to some unidentified problem he is having in his custody battle in Germany. Dkt. 32 at 5. He cites to Dean v. Byerley, 354 F.3d 540 (6th Cir. 2004), where an applicant for a Bar license to practice law picketed the Bar attorney's home. The Bar attorney threatened to arrest the applicant and to make sure he would never get a license to practice law. The Supreme Court remanded the case to determine if there was retaliation in response to the applicant's exercise of his free speech. In Dean, the alleged retaliation immediately followed the

exercise of the free speech, and the Bar attorney threatened to deny the applicant's right to a valuable property, a license to practice law.  In this case, Wayson did not allege what free speech Rundell violated.  Rundell did not threaten Wayson, make any public announcements, or deny him something he had a right to have, as he admitted that he has no right to an investigation.  See Dkt. 32 at 2.

Wayson also cites to White v. Lee, 227 F.3d 1214 (9th Cir. 2000), for the proposition that accusing someone of a crime is retaliation and sufficient to cause a loss.  In White, some neighbors vigorously protested a plan to move public housing for the homeless into their neighborhood.  Officials from the Department of Housing and Urban Development then instigated an investigation about the protesters' acts and informed them that they could be subjected to fines for illegal activity.  Id. at 1222.  The Plaintiffs sued the HUD officials under Bivens for violation of their First Amendment right to speak.  The Court found that the HUD officials had chilled the Plaintiffs' exercise of their First Amendment rights.  Id. at 1228.  There was a direct and immediate connection between the exercise of free speech and government action to chill free speech.  There is no such connection in this case.  Wayson alleges that as a result of the 2004 memorandum, he cannot file for a mining claim, but there is no evidence that he attempted to do so and the

government chilled his speech by doing something to prevent his application. Dkt. 32 at 5. Wayson is speculating about what might be.

Wayson argues that the "No Fear Act" is relevant because it prohibits retaliation. Dkt 32 at 9. Although he admits that the Act only applies to federal employees and applicants, he argues that it is relevant to clarify what a reasonable officer would know about the illegality of retaliation because the Act should have reminded Rundell of the free speech and due process rights of employees. Dkt. 32 at 7-8. Wayson is right. The No Fear Act is inapplicable because he is not an employee, and therefore, he has no rights under the Act.

Wayson argues that it is relevant that Rundell did not conduct an investigation. Dkt. 32 at 18. As Mr. Wayson has no constitutional right to have an investigation, it is irrelevant whether Rundell did a thorough investigation or a shoddy one, or whether she was right or wrong in forming her opinion. See Dkt. 30, Ex. A at 2. Irregardless of what review she did, she had the right under her administrative powers to respond to the inquiry and provide her opinion.

## CONCLUSION

Wayson fails to state a claim for which relief can be granted because there is not even a scintilla of evidence that the 2004 internal memorandum chilled Wayson's speech or denied him the use of his property.

Moreover, Rundell should be granted qualified immunity because she wrote the Memorandum to an agency official about official business. The government asks that its Motion to Dismiss be granted.

Respectfully submitted this 23rd day of October, 2006.

          NELSON P. COHEN
          United States Attorney

          s/ Susan J. Lindquist
          222 West 7th Ave., #9, Rm. 253
          Anchorage, AK 99513-7567
          Phone: (907) 271-3378
          Fax: (907) 271-2344
          E-mail: susan.lindquist@usdoj.gov
          AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2006,
a copy of the foregoing **RUNDELL'S
REPLY TO PLAINTIFF'S RESPONSE
IN OPPOSITION AT DKT. 32**
was served on:

Mark N. Wayson
c/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709

by regular U. S. mail.

s/ Susan J. Lindquist