**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| MARK N. WAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06-cv-00001 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| | ) | [Re:   Motion at Docket 30] |
| LINDA RUNDELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 30, defendant Linda Rundell moves to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  At docket 32, plaintiff Mark Wayson opposes the motion.  Defendant replies at docket 36. Oral argument was not requested, and it will not assist the court.

## II.  BACKGROUND

The following background summary is based on allegations in plaintiff's complaint.  Mark Wayson is the owner of two state mining claims located at mile 98 Steese Highway and the father of an eleven-year-old daughter who presently resides in Germany.  At various times beginning in 1996, Wayson "objected strongly" to Bureau of Land Management ("BLM") regulations, contending that the regulations unreasonably restrict the use of the property and/or are unconstitutional.  On an unspecified date, Wayson filed a complaint with the Inspector General of the United States Department of

the Interior against Robert Schneider, a regional BLM director.  Wayson specifically

reported that "BLM had built an illegal dam on Birch Creek, just below his mining claims,

having no permit, knowing it would divert the stream into old sediments."[1]

As the acting BLM state director, Linda Rundell investigated Wayson's complaint

against Schneider. On September 9, 2002, Rundell "made a conclusion and official

finding that [Wayson] forcibly committed a crime against BLM employee Carol

Hammond."[2]  Wayson alleges that Rundell "made this finding for the purpose of

concealing wrongdoing by her subordinate Robert Schneider, and blocking and

obstructing a proper investigation into whether he had violated the law...in retaliation for

[Wayson's] exercise of free speech rights under the First Amendment, U.S.

Constitution."[3]

Wayson's complaint further alleges that:

> 9.  Linda Rundell is not a law enforcement officer, and did not follow commonly
> accepted procedures for the administrative inquiry she conducted.  She did not
> inform Mark Wayson of the criminal accusations against him, nor give him a
> chance to defend himself against these charges; she did not interview available
> witnesses, review available exculpatory evidence, or follow basic requirements of
> due process in reaching her finding that Mark Wayson committed a crime against
> Carol Hammond.

Wayson did not learn about Rundell's finding until March 2004.  Wayson alleges

that as a result of Rundell's finding, he "has lost the use and value of his property and

has had his free speech rights infringed."[4]  Wayson also suggests that Rundell's finding

was transmitted to other federal employees, who transmitted the findings to the "21st

Senat[e] of the Cologne Germany appeals court, [] thereby jeopardizing and causing the

loss, in part, of Plaintiff's legal access to his daughter."[5]

---

[1]Amended Complaint at 3, exh. 1, doc. 4.

[2]*Id.* at 2.

[3]*Id.*

[4]Amended Complaint at 7, exh. 1, doc. 4.

[5]*Id.* at 9.

On January 13, 2006, Wayson filed an amended complaint in Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks, alleging that Rundell violated plaintiff's constitutional rights by finding that Wayson committed a crime against a federal employee and by obstructing the investigation of Wayson's complaint of misconduct by a federal employee. Defendant removed the matter to federal court pursuant to 28 U.S.C. § 1442(a)(1).[6] In subsequent motion practice, Wayson clarified that his complaint solely asserts a *Bivens* claim against defendant Rundell in her individual capacity. This court has federal question jurisdiction under 38 U.S.C. § 1331.

Defendant now requests the court to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

### III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[7] The court is not required to accept every conclusion asserted in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."[8] A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[9] A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[10]

---

[6]Section 1442(a)(1) provides for removal of cases in which an officer of the United States is sued in his or her "individual capacity for any act under color of such office."

[7]*Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[8]*Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting *Brian Clewer, Inc. v. Pan American World Airways, Inc.,* 674 F.Supp. 782, 785 (C.D. Cal. 1986)).

[9]*Vignolo,* 120 F.3d at 1077.

[10]B*alistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

## IV.  DISCUSSION

As a preliminary matter, the court notes that defendant presented matters outside the pleadings in her Rule 12(b)(6) motion, namely defendant attached and relied on copies of a September 19, 2002 memorandum from Rundell to the National Law Enforcement Office; an April 5, 2002 letter from Wayson to the Inspector General Department of the Interior; the complaint in *Wayson v. Schneider*, 4:03-cv-00035 (JWS); a court order on a motion to reconsider in  4:03-cv-00035 (JWS); an October 2, 2002 memorandum from National Law Enforcement Office to the Office of Inspector General; and, a position description for a BLM state director.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."[11]  "When 'matters outside the pleading are presented to and not excluded by the court,' a Rule 12(b)(6) motion is to 'be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'"[12]  "'However, material which is properly submitted *as part of the complaint* may be considered' on a motion to dismiss."[13]

Citing *Branch v. Tunnel*, defendant argues that the court may consider the documents she attached to her motion without converting the motion into a Rule 56 motion.  In *Branch*, the Ninth Circuit held that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."[14]  The exception in *Branch* does not apply here because none of the

---

[11]*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.9 (9th Cir. 1990).

[12]*Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Fed. R. Civ. P. 12(b)).

[13]*Id.* (quoting *Hal Roach Studios*, 896 F.2d at 1555 n.19 (emphasis added))

[14]*Branch*, 14 F.3d at 454.

documents defendant attached to her motion "are expressly mentioned in the amended complaint."[15]

The court declines to convert defendant's motion to a summary judgment motion. The *pro se* plaintiff should have a full opportunity to oppose any summary judgment motion defendant may file in circumstances where it is clear from the outset what kind of motion is being presented.  Accordingly, the court will deny defendant's motion to dismiss without prejudice.  Should defendant wish the court to consider the documents at issue, defendant will need to file a motion for summary judgment pursuant to Rule 56.

## V.  CONCLUSION

For the reasons set out above, defendant's motion to dismiss at docket 30 is **DENIED WITHOUT PREJUDICE**.

DATED at Anchorage, Alaska, this 4th day of December 2006.

/s/  JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[15] *Id.*