NELSON P. COHEN
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON,<br><br>          Plaintiff,<br>     v.<br><br>LINDA RUNDELL and UNITED STATES OF AMERICA,<br><br>          Defendants. | Case No.  4:06-cv-1-JWS<br><br>**RUNDELL'S ANSWER TO THE AMENDED COMPLAINT** |

The Defendant, Linda Rundell, in her personal capacity, through counsel, answers the amended complaint according to each numbered paragraph as follows:

1. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admit Ms. Rundell, as acting BLM state director, made a finding about the interaction between Ms. Hammond and Mr. Wayson. Deny Mr. Wayson's characterization of the finding.

3. Deny.

4. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

5. Admit Ms. Rundell made the finding pursuant to an inquiry by Mr. Wayson. Deny she filed it with anyone. Rather she transmitted the memorandum. Admit that Mr. Schneider was her subordinate.

6. Deny all allegations.

7. Admit that Mr. Wayson has strongly objected to regulations in general. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted in regards to which specific regulations he objected to.

8. Deny all allegations.

9. Deny all allegations.

10. Deny all allegations.

11. Admit.

12. Deny for lack of knowledge or information sufficient to form a belief as to

the truth of the matters asserted.

13. Admit that Attorney Cooper discussed with Mr. Wayson a criminal allegation and that it is recorded in the deposition of Ms. Rundell at page. 23. Deny Mr. Wayson's characterization of the exchange and all remaining allegations. Moreover, Ms. Rundell, the only defendant, is not accountable for any one's actions but her own.

14. Admit Mr. Wayson wrote to former U.S. Attorney Burgess. Deny Mr. Wayson's characterization of the exchange and all remaining allegations. Moreover, Ms. Rundell, the only defendant, is not accountable for any one's actions but her own.

15. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Moreover, Ms. Rundell, the only defendant, is not accountable for any one's actions but her own.

16. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Moreover, Ms. Rundell, the only defendant, is not accountable for any one's actions but her own.

17. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

18. Deny for lack of knowledge or information sufficient to form a belief as to

the truth of the matters asserted.

19. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

20. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

21. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

22. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

23. Deny for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

## AFFIRMATIVE DEFENSES

1. Ms. Rundell is entitled to qualified immunity.

2. Mr. Wayson fails to state a claim for which relief may be granted. Fed. R.

Civ. P. 12(b)6.

3. Ms. Rundell did not violate any Constitutional right.

4. Mr. Wayson sustained no damages from the internal memorandum.

5. Ms. Rundell's Memorandum did not infringe on Mr. Wayson's right to travel.

6. The injuries and/or damages alleged in the Complaint were not proximately caused by a negligent or wrongful act or omission of an employee of the United States acting within the scope of his or her employment.

7. Any injury, damages and/or loss alleged to have been incurred by Plaintiff was or may have been occasioned by his comparative negligence, or the comparative negligence of yet unknown third parties, and if so, Plaintiff's economic damages shall be reduced by said percentage of fault.

8. All defenses not herein stated are specifically reserved and shall be asserted at such time as the facts supporting their assertion are made known to or discovered by the Plaintiff.

WHEREFORE, Defendants pray for the following relief:

1. Dismissal of Plaintiff's complaint and entry of judgment in favor of the Defendant;

2. Defendants be awarded costs for defending this action; and

3.  For such further and other relief as the Court deems just and equitable under the circumstances.

Respectfully submitted this 21st day of December, 2006.

        NELSON P. COHEN
        United States Attorney

        s/ Susan J. Lindquist
        222 West 7th Ave., #9, Rm. 253
        Anchorage, AK 99513-7567
        Phone: (907) 271-3378
        Fax: (907) 271-2344
        E-mail: susan.lindquist@usdoj.gov
        AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2006,
a copy of the foregoing **RUNDELL'S ANSWER**
**TO THE AMENDED COMPLAINT**
was served on:

Mark N. Wayson
c/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709

by regular U. S. mail.

s/ Susan J. Lindquist