NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, <br><br>               Plaintiff, <br>     v. <br><br> LINDA RUNDELL and UNITED STATES OF AMERICA, <br><br>                Defendants. | Case No.  4:06-cv-00001-JWS <br><br> SCHEDULING AND PLANNING CONFERENCE REPORT |

1.    **Meeting**. In accordance with Fed. R. Civ. P. 26(f), a meeting was held on January 17, 2007 and was attended by:

         Mark Wayson           pro se

         Susan Lindquist       attorney for Linda Rundell

The parties recommend the following:

2.    **Pre-Discovery Disclosures**.  The information required by FED. R. CIV. P. 26(a)(1):

    <u>  X  </u>  will be exchanged by the parties by **February 9, 2007**

    Preliminary witness lists

    <u>      </u>  have been exchanged by the parties

    <u>  X  </u>  will be exchanged by the parties by **February 9, 2007**.

3.    **Contested Issues of Fact and Law**.   Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

a.    What constitutional right of Mr. Wayson's did Ms. Rundell violate?

b.    How was Mr. Wayson harmed by Ms. Rundell's memorandum?

c.    Is Ms. Rundell responsible for the effects her memorandum may have had on other state and federal agencies, such as Department of State?


The Defendant only raises the following issue:

d.    Is the right to get a permit from the state of Alaska to mine a federal constitutional right?


4.    **Discovery Plan**.  The parties jointly propose to the court the following discovery plan.

    A. Discovery will be needed on the following issues:

1.  On the material generated by the investigation conducted by the inspector general following Mr. Wayson's complaint of 2002 about Robert Snyder, including , but not limited to the investigations of BLM ranger Ed Lee and then Chief BLM Law Enforcement Officer for Alaska, Pamela Stewart's investigation...

2.  On what constitutional rights were violated by only Ms. Rundell.

Mr. Wayson requests the following discovery:

All notes, documents, reports, and evidence, electronic and written involved in the investigation conducted by Linda Rundell, and a list of all witnesses and officials who  she interviewed, which led to Rundell's finding that I had committed a crime against Carol Hammond.

All notes, documents, reports and evidence, electronic and written involved in the BLM enforcement investigation conducted allegedly at Ms. Rundell's request into my complaint against Robert Schneider, and notes, and documents involved in the assignment of the investigation to Linda Rundell.

Discovery of the revised procedures put in place to increase the flow and exchange of police information between federal and law enforcement agencies after the changes in law and procedures which resulted following the 9-11 attacks.

Discovery of the procedure followed by the U.S. Attorney to facilitate by Judge Burgess, both the removal into federal court of the state case against Linda Rundell, and the certification that Linda Rundell was acting within the scope of her employment when she recorded in the official record that I had committed a crime against Carol Hammond.

Discovery of the procedures followed by BLM to transfer federal lands

B.  Disclosure or discovery of electronically stored information should be handled  as follows:

1.  The parties will provide the electronically stored information by e-mail or CD rom.  If a CD is produced, the receiving party will return a replacement blank CD.


C.  The parties have agreed to an order regarding claims of privilege or of protection as trial preparation material asserted after production as follows:

The party asserting the privilege will file a motion for protection.

D. All discovery commenced in time to be completed by an unknown date.  The parties disagree.  Mr. Wayson wants discovery to be completed by May 15, 2007.  Ms. Lindquist has many other cases and wants discovery to be completed by December 3, 2007.  The parties request the court to select a date.

E.  Limitations on Discovery.

    1.   Interrogatories

        _X_  No change from Fed .R. Civ. P. 33(a)

        Maximum                 by each party to any other party.
        of          ___

        Responses due         days.
        in          ___

    2.   Requests for Admissions.

        ___  No change from Fed. R. Civ. P. 36(a).

        _X_  Maximum      30    requests.
        of          ___

Responses due in   30   days.

3.   Depositions.

___X___ No change from Fed. R. Civ. P. 36(a), (d).

_____ Maximum of _____ depositions by each party.

___X___ Depositions not to exceed _____ 4   hours unless agreed to by all parties.

F.     Reports from retained experts.

___X___ Not later than 90 days before the close of discovery subject to FED. R. CIV. P. 26(a)(2)(C).

_____ Reports due: The parties do not anticipate the use of experts.

From plaintiff: 90 days before discovery closes    From defendant: 45 days before discovery closes.

G.     Supplementation of disclosures and discovery responses are to be made:

___X___ Periodically at 60-day intervals from the entry of scheduling and planning order.

_____ As new information is acquired, but not later than 60 days before the close of discovery.

H.     A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

___X___ 45 days prior to the close of discovery.

_____ Not later than Date

5.    **Pretrial Motions**.

   X    No change from D.Ak. LR 16.1(c).

   The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply]

   X    Motions to amend pleadings or add parties to be filed not later than **March 1, 2007.**

   _____    Motions under the discovery rules must be filed not later than **Close of discovery.**

   X    Motions in limine and dispositive motions must be filed not later than **30 days after the close of discovery.**

6.    **Other Provisions**:

   A.   X    The parties do not request a conference with the court before the entry of the scheduling order.

   _____    The parties request a scheduling conference with the court on the following issue(s):

   Issues on which a conference is requested

   B.    Alternative Dispute Resolution.  [D.Ak. LR 16.2]

   X  Plaintiff will file a request for resolution not later than March 1, 2007.

   _____    The Assistant U.S. Attorney has stated during the meeting that neither she nor Ms. Rundell will consider settlement of any kind

   _____ Mediation        _____ Early Neutral Evaluation

   C.   The parties        do  X  not consent to trial before a magistrate judge.

    D.   Compliance with the Disclosure Requirements of FED. R. CIV. P. 7.1

        ____ All parties have complied       __X__ Compliance not required by any party

7.  **Trial**.

    A.    The matter will be ready for trial:

        _X_ 45 days after the discovery close date.

        ___ not later than Date.

    B.    This matter is expected to take ___3___ days to try.

    C.    Jury Demanded  X Yes  No

        Right to jury trial disputed?    Yes  X No

Dated:  January 19, 2007

/s/ Mark Wayson
MARK WAYSON, pro se.
C/o Wickwire
2775 Hanson Rd.
Fairbanks Alaska 99709

NELSON P. COHEN
United States Attorney

/s/Susan J. Lindquist
SUSAN J. LINDQUIST
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053