Mark N. Wayson
C/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709
markonwayson@yahoo.com

RECEIVED APR 2 7 2007 CLERK, U.S. DISTRICT COURT FAIRBANKS, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N, WAYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| LINDA RUNDELL and the | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendants. | ) |
| | )   4:06-Cv 1 (JWS) |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

Plaintiff requests the court to compel the defendant to produce all the material requested in attached Plaintiff's first Production Request dated, 1-30-06, Plaintiff's second Production Request, dated 3-15-06, Plaintiff's third Production Request, dated 2-23-07, and Plaintiff's fourth Production Request, dated 3-29-07, which is as of now still unanswered by the Defendant.

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Support memo Motion to Compel 4-27-07

1

(Attachment 1, Copies of Defendant's responses to Plaintiff's Requests for Production one through three, with a copy of Plaintiff's '4th Request for Production.)

1.   Under Civil Rule 34(a) the Plaintiff has exhausted all possibilities to obtain the information from the Defendant. Attached Affidavit and attachments to that affidavit are submitted as evidence of Plaintiff's efforts to obtain discovery without bothering the court.

2.   The Defendant acknowledges in paragraph 2 of her response to the amended complaint, that she was the acting BLM State Director when she made the finding about interaction between the Plaintiff and BLM engineer Carol Hammond, and in paragraph 5 of this same document admits that she made the finding pursuant to her inquiry made as a result of a complaint from the Plaintiff.

3.   The finding made by the Defendant was and is a document which was provided to the Plaintiff under Discovery in Wayson v. Schneider.
(Attachment 2.  9-19-02 Rundell memorandum)

4,.  The alleged victim of the Plaintiff's crime, BLM employee Carol Hammond is now dead, and she, as the alleged accuser/victim of the crime, is no longer available as a witness for examination regarding the events which led to the finding against the Plaintiff, and regarding the Defendant's actions which violated the Plaintiff's right to due process, thereby making the material requested in the Plaintiff's Production Requests the

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Support memo Motion to Compel 4-27-07

only means of examination.

(Attachment #3, Defendant's Witness List, p. 3, #6.)

5.    The Defendant, as an alternative fail safe statement in her Sept. 19, 2002 finding, went beyond even the language of the federal criminal statute she cited, and based her findings upon the impressions of Carol Hammond, "whether real or perceived," and Carol Hammond will not be available for examination as to how much the Defendant, the investigating police officer, Ms. Pamela Stewart, BLM Ranger Eddie Lee, and/or other BLM or U.S. attorney personnel influenced Carol Hammonds perceptions, and the material requested under discovery by the Plaintiff, remains the only means of exploring indirectly the validity or existence of Carol Hammond's 'perceptions' of Sept. 15, 2001.

6.    Discovery is sought from the BLM law enforcement agency, and from the U.S. Attorney's Office, because Ms. Rundell, while vague as to specifics, at least made it clear in her deposition of 9-27-04, that she had access to BLM law enforcement personnel who took part in her investigation. Ms. Rundell was asked to clarify who the "we" refers to , in the statement in her memorandum which reads,

"Upon careful review of the incident in question, we have determined...."

Ms Rundell, when asked, replied, "My guess would be that I was referring to myself, the State Director, and whoever from the National Law Enforcement Office looked into the incident for me."

Ms. Rundell later stated in her deposition,

"I turned it over to the National law Enforcement Office, and they conducted their investigation into the matter."

(Attachment #4, Rundell deposition 9-27-04, p.10, ll. 17-19, & p.12, ll. 9-11)

7.  The "we" who were involved with Ms Rundell in making her finding, exposes Ms. Rundell's access to, and reliance upon the involvement of other officials for the finding which was made against the Plaintiff, and this "we' also apparently included the U.S. Attorney and/or attorney's from the BLM solicitor office. While vague about who she spoke with, Ms. Rundell did state in deposition in indirect response to the question of how she had decided the Plaintiff had committed a Title 18 violation, that she "probably" spoken with a "solicitor," and the crime which was selected under Title 18, is one which the U.S. Attorney, rather than a solicitor for the BLM, would prosecute before a court of law, if the Defendant had followed basic constitutional due process protections before choosing an offense and recording a finding that the Plaintiff had committed the crime. (Attachment 4, Rundell deposition, 9-27-04, p. 16, ll. 14-15, & p.17, ll. 12-13)  # deposition)

8.  As described in her job description which Ms. Rundell provided as the only Production Request which produced what was requested, the Defendant's "Personal Contacts" are described as being,

"with top officials of Federal, State, and local government agencies."

Such contacts would include BLM law enforcement officials, the Department of the Interior Inspector General, and attorney's in the U.S. Attorney's office, since clearly legal advice was provided for the finding Ms. Rundell made.
(Attachment 5, Position Description for Associate State Director , Item 6, 'Personal Contacts' under 'Factors section )


8.   Production Requests in the Wayson v. Schneider case which was dismissed in 2005, involved many of the same documents requested in the Plaintiff's Production requests in this case, and one of these is a request for the document which BLM Law Enforcement Officer, Ranger Eddie Lee, indicated in writing, he had concealed or destroyed because of its possible civil ramifications, and it is one which remains relevant to this case, and it is one which AUSA Dan Cooper of the Anchorage U.S. Attorney's office said that he had obtained, and would produce for the Plaintiff, in the Wayson v. Schneider case, but never did..(Refer to accompanying Affidavit and Affidavit attachments)


9.   The Defendant has provided a witness list of officials who are slated to testify. Witness #3, is Pam Stewart, Senior Agent-in-Charge, who is described as having "…worked for Ms. Rundell and was assigned the task of investigating Mr. Wayson's complaint. She drafted the memorandum for Ms. Rundell. She knows she spoke with Mr. Schneider and Ranger Ed Lee."
Witness #5, is Greg Assmus, Chief of Internal Affairs, is projected to,

"...testify about the process for internal investigations." He is also described as having, "...reviewed this investigation."

Attachment #3, Defendant's witness List p.2, #3 & #5)

10.     Plaintiff is unfairly disadvantaged by the Defendant's refusal to provide copies of reports which were and are available to her by officials such as officers Assmus, Stewart, and by others whose reports have been requested, by now claiming that the Defendant's status as an individual in a Bivens action releases her from all responsibility to provide discovery under Civil Rule 34(a), of anything not in her 'personal' files, since she utilized the official files and expertise of the witnesses cited, and intends to rely upon documents from them at time of trial. .

11.     The Defendant's objections in **RUNDELL'S RESPONSES TO WAYSON'S lst, 2nd & 3rd REQUESTS FOR PRODUCTION,** that the Plaintiff's requests are irrelevant are not correct since the material requested is relevant to establish the events of 9-15-01, and the actions by Robert Schneider, who should have been the focus of the complaint from the Plaintiff that Ms. Rundell was assigned to investigate.

12.     As the U.S. Attorney, Timothy Burgess was the chief law enforcement officer in the state of Alaska in July 2005, when he refused to respond to, or act upon the Plaintiff's complaint report of criminal obstruction of Justice by Linda Rundell. (Attachment 6, Wayson-Burgess letter, 7-12-05.)

13. In an August 22, 2006 announcement of the appointment of Nelson Cohen as United States Attorney, First Assistant U.S. Attorney Deborah M. Smith, writes, "Judge Burgess resigned from the position to take a position on the federal bench in 2005."
(Attachment 7, 8-22-06 U.S. Attorney's Office announcement of Burgess resignation in 2005.)

14. The record in this case reflects that on January 17, 2006, Judge Burgess, after his appointment by the president of the United States as a federal judge on July 28, 2005, and following his certification as a federal judge by the United States Senate on December 21, 2005, Judge Burgess nevertheless acted as a U.S. Attorney with a power unique only to that office, and certified that Defendant Linda Rundell was acting within the scope of her employment as a federal employee, when she committed the acts against the Plaintiff, thereby triggering the removal of the Plaintiff's case to federal courts, and eliminating the Plaintiff's ability to litigate and recover for damages in State of Alaska civil courts.
(Attachment 8, 1-17-06 Certification by Judge/U.S. Attorney Burgess of Rundell)

15. The Defendant should be compelled to produce the documents requested by the Plaintiff under discovery rules because they become even more relevant to the Plaintiff's ability to litigate to establish damages, establish liability by Ms. Rundell, and the actions of those in BLM and the Department of the Interior who acted with her in her official capacity under color of law, to carry out acts which did not afford the Plaintiff due

process of law, and which were intended to silence his speech, when Judge Burgess is permitted by the office he previously held to exercise a power which is unique to only the 93 U.S. Attorneys in the government, and in so doing, to move the Plaintiff's case into the same office, where previously Judge Burgess, then as a U.S. Attorney, did, after his office accepted a criminal complaint from the Plaintiff, against Robert Schneider, Ms. Rundell's subordinate, nevertheless certify Robert Schneider's actions as being within the scope of his employment with BLM.

Dated: April 27, 2007

_____
Mark N. Wayson, pro s

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 27 day of April, 2007, a copy of the foregoing was served by mail on: AUSA Susan Lindquist

Office of U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, Alaska 99513

_____
Mark N. Wayson

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Support memo Motion to Compel 4-27-07

8