**ATTACHMENT INDEX**.

CLERK, U.S. DISTRICT COURT
FAIRBANKS, ALASKA
RECEIVED
APR 2 7 2007

**Attachments to Memorandum in Support of Motion to compel Discovery**

**1.**     Copies of Defendant's responses to Plaintiff's Requests for Production one through three, with a copy of Plaintiff's '4th Request for Production

2.     9-19-02 Rundell memorandum

3.     Defendant's Witness List

4.     Rundell deposition 9-27-04

5.     Position Description for Associate State Director

6.     Wayson-Burgess letter, 7-12-05

7.     8-22-06 U.S. Attorney's Office announcement of Burgess resignation in 2005

8.     1-17-06 Certification by Judge/U.S. Attorney Burgess of Rundell


**Attachments to Affidavit in Support of Motion to Compel Discovery**

**9.**     The 10-? -03 Ed Lee to Bob note

10.     A series of e-mails & letters between Wayson, AUSA Lindquist and U.S. Attorney

Cohen beginning 3-29-07 until 4-27-07.

NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, | ) Case No.  4:06-cv-1-JWS |
| | ) |
| Plaintiff, | ) **RUNDELL'S RESPONSE TO** |
| v. | ) **WAYSON'S FIRST REQUEST** |
| | ) **FOR PRODUCTION** |
| LINDA RUNDELL | ) |
| | ) |
| Defendant. | ) |

Defendant responds to Plaintiff's First Request for Production as follows:

**REQUEST FOR PRODUCTION NO. 1:**  Defendant's complete job

description of the position she held at the time she conducted the inquiry or

investigation which led to the conclusion that Plaintiff had committed the crime.

Attachment # 1

**RESPONSE:** Ms. Rundell was Associate State Director but signed the

Memorandum as the Acting State Director. Produced two job descriptions:

Bates: 1-07 Assistant Director

Bates: 08-14 Director

Objection to form of request as it assumes facts not in evidence:

/s Susan Lindquist


**REQUEST FOR PRODUCTION NO.2:** Any documents from her

superiors which purport to add other duties to her job description prior to her

finding of September 19, 2002.

**RESPONSE:** Ms. Rundell does not possess documents responsive to this

request.


**REQUEST FOR PRODUCTION NO.3:** List of all persons, and all

documents and notes from those persons, who supplied her information which she

relied on in reaching her conclusion that Plaintiff committed a crime against a

BLM employee.


Wayson v. Rundell, et.al.
4:06-cv-1-JWS                              -2-

**RESPONSE:**  Ms. Rundell does not possess documents responsive to this

request.

Objection to form of request as it assumes facts not in evidence:

/s Susan Lindquist

**REQUEST FOR PRODUCTION NO.4:**  Copy of any and all written

Bureau of Land Management procedures which Linda Rundell followed which led

to her finding that the Plaintiff had committed a crime.

**RESPONSE:**  Ms. Rundell does not possess any copy of the procedures, if they

existed from 2002.

Objection to form of request as it assumes facts not in evidence:

/s Susan Lindquist

Respectfully submitted March 26, 2007,

                                  NELSON P. COHEN
                                  United States Attorney

                                  s/ Susan J. Lindquist
                                  222 West 7th Ave., #9, Rm. 253
                                  Anchorage, AK 99513-7567
                                  Phone: (907) 271-3378
                                  Fax: (907) 271-2344
                                  E-mail: susan.lindquist@usdoj.gov
                                  AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2007,
a copy of the foregoing **United States Response
to Wayson's 1st Request for Production**
was served by email in pdf form on:

Mark N. Wayson
c/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709

Hard copy to follow by U. S. mail.

s/ Susan J. Lindquist

NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, | ) Case No.  4:06-cv-1-JWS |
| | ) |
| Plaintiff, | ) **RUNDELL'S RESPONSE TO** |
| v. | ) **WAYSON'S 2nd REQUEST FOR** |
| | ) **PRODUCTION** |
| LINDA RUNDELL | ) |
| | ) |
| Defendant. | ) |

Defendant responds to Plaintiff's Second Request for Production as follows:

**REQUEST FOR PRODUCTION NO. 1:**  All reports, notes, e-mails, and documents which formed the basis of Judge/U.S. Attorney Timothy Burgess' Certification that Linda Rundell was acting within the scope of her employment when she committed the acts for which the Plaintiff is suing.

**RESPONSE:** Ms. Rundell does not possess this information. Moreover, there are no federal torts at issue in this case and the United States is not a Defendant.

Objection: Irrelevant & assumes a fact that is not in evidence:

/s Susan Lindquist


**REQUEST FOR PRODUCTION NO.2:** All e-mails, notes of telephone conversations, letters, memos, or other communications, direct or indirect in nature between Linda Rundell and convicted lobbyist, Jack Abramoff, between December 1, 1999, up to the date of Abramoff's conviction.

**RESPONSE:** None.

Objection: Irrelevant;

/s Susan Lindquist

**REQUEST FOR PRODUCTION NO.3:** All e-mails, notes of telephone conversations direct or indirect in nature between Judge/U.S. Attorney Timothy Burgess, and convicted lobbyist, Jack Abramoff, between October 2001, up to the date of Abramoff's conviction.

**RESPONSE:** Ms. Rundell does not possess this information. Moreover,

there are no federal torts at issue in this case and the United States is not a

Defendant.

Objection: Irrelevant: _Lindquist_

/s Susan Lindquist

Respectfully submitted March 26, 2007,

NELSON P. COHEN
United States Attorney

s/ Susan J. Lindquist
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2007,
a copy of the foregoing **United States Response
to Wayson's 2nd Request for Production**
was served by email in pdf form on:

Mark N. Wayson
c/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709

Hard copy to follow by U. S. mail.

s/ Susan J. Lindquist

NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, | ) Case No.  4:06-cv-1-JWS |
| | ) |
| Plaintiff, | ) **RUNDELL'S RESPONSE TO** |
| v. | ) **WAYSON'S 3rd REQUEST FOR** |
| | ) **PRODUCTION** |
| LINDA RUNDELL | ) |
| | ) |
| Defendant. | ) |

Defendant responds to Plaintiff's 3rd Request for Production as follows:

**REQUEST FOR PRODUCTION NO. 1:**  The written statement of

findings from Ms. Rundell's immediate supervisor, or whoever was designated by

the head of BLM to prepare the statement, whether Ms. Rundell was acting within

the scope of her employment when she made the finding September 19, 2002, that

the Plaintiff had forcibly committed a crime against Carol Hammond, and the

supervisor, and the supervisor or designee's recommendation for or against

providing representation, and the appropriate documentation for this statement and

recommendation.

**RESPONSE:** Ms. Rundell does not possess this information.

Objection: Irrelevant & assumes a fact that is not in evidence:

*[signature]*

/s Susan Lindquist

**REQUEST FOR PRODUCTION NO.2:** A copy of all e-mails, notes,

reports documents, communications and other records, by the U.S. Attorney, or

members of his staff, which supports the certification by Judge Timothy Burgess,

that Linda Rundell was acting within the scope of her employment at the time of

the allegations in the Plaintiff's complaint.

**RESPONSE:** Ms. Rundell does not possess this information. Moreover,

there are no federal torts at issue in this case and the United States is not a

Defendant.

Objection Irrelevant: *[signature]*

/s Susan Lindquist

Wayson v. Rundell, et.al.
4:06-cv-1-JWS                    -2-

**REQUEST FOR PRODUCTION NO.3:** A copy of the U.S. Attorney's policy which is followed by the U.S. Attorney when certifying that a federal employee is acting within the scope of her employment.

**RESPONSE:** Ms. Rundell does not possess this information. Moreover, there are no federal torts at issue in this case and the United States is not a Defendant.

Objection Irrelevant: _Lindquist_____

/s Susan Lindquist

**REQUEST FOR PRODUCTION NO.4:** A copy of any policy by the Attorney General of the United States authorizing the transfer to a federal judge, of the authority of the U.S. Attorney to certify that any act committed by a federal employee was within the scope of her employment.

**RESPONSE:** Ms. Rundell does not possess this information. Moreover, there are no federal torts at issue in this case and the United States is not a Defendant.

Objection Irrelevant: _Lindquist_____

/s Susan Lindquist

**REQUEST FOR PRODUCTION NO. 5:** A copy of the revised

Wayson v. Rundell, et.al.
4:06-cv-1-JWS                    -3-

procedures put into place to increase, enhance, and facilitate the flow and exchange of law enforcement related information between federal and local law enforcement agencies.

**RESPONSE:** As to 2002, Ms. Rundell knows of none and does not possess this information.

Objection Irrelevant: _____

/s Susan Lindquist

**REQUEST FOR PRODUCTION NO. 6:** A copy of the BLM policy or procedure requiring that BLM re-assert federal control over mining claims which originally remained federal claims at the request of the miner on lands turned over to the state of Alaska under ANILCA, but which were subsequently abandoned by the miner, or lost to him for his failure to follow BLM administrative requirements, and the BLM policy for responding to requests for the expedited conveyance of mining claims to the State of Alaska .

**RESPONSE:** There is no issue in this case about a mining claim. Ms. Rundell does not possess any document responsive to this request.

Objection Irrelevant: _____

/s Susan Lindquist

Wayson v. Rundell, et.al.
4:06-cv-1-JWS                              -4-

**REQUEST FOR PRODUCTION NO. 7:** The BLM policy for what action BLM employees are directed to take when confronted with two operators on a mining claim who both assert ownership or control of the same mining claim.

**RESPONSE:** Ms. Rundell does not believe that such a policy exists and she does not possess documents which respond to this request. Mining laws are available at http://www.access.gpo.gov/nara/cfr/waisidx_06/43cfr3800_06.html

Objection Irrelevant: _____

/s Susan Lindquist

**REQUEST FOR PRODUCTION NO. 8:** A complete un-redacted copy of the information requested by the Plaintiff under FOIA from the Department of the Interior, and subsequently denied by the refusal to respond to an appeal received 6/3/04 by the FOIA Appeals Officer, Department of the Interior, and assigned the number, 2004-179.

**RESPONSE:** Ms. Rundell does not possess documents responsive to this request.

Objection Irrelevant: _____

/s Susan Lindquist

Wayson v. Rundell, et.al.
4:06-cv-1-JWS                    -5-

**REQUEST FOR PRODUCTION NO. 9:** Copy of all notes, e-mails, reports, documents, and other communications and records, which Pamela Stewart, Senior Agent in Charge, reviewed or produced herself, in her investigation of the Plaintiff's complaint, and in drafting the 9-19-02 memorandum for Ms. Rundell.

**RESPONSE:** Ms. Rundell does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:** Copy of all notes, e-mails, documents, reports, and other communications and records, produced by Walter Johnson, and BLM personnel at all levels, including personnel assigned to the Inspector general's office, relating to the assignment of Plaintiff's complaint against Robert Schneider, to Linda Rundell.

**RESPONSE:** Ms. Rundell does not have any documents which respond to this request.

**REQUEST FOR PRODUCTION NO. 11:** Copy of all notes, e-mails, documents, reports, and other communications and records produced by Walter Johnson, Greg Assmus, Ranger Lee, other law enforcement personnel, Evie

Wayson v. Rundell, et.al.
4:06-cv-1-JWS                            -6-

Punches, and any other BLM communication specialists, or BLM personnel, and by private citizens, in connection with the assignment and/or investigation of the complaint against Robert Schneider, filed by the Plaintiff.

**RESPONSE:** . Ms. Rundell does not have any documents which respond to this request.

Respectfully submitted this March 26, 2007

NELSON P. COHEN
United States Attorney

s/ Susan J. Lindquist
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2007,
a copy of the foregoing **United States Response
to Wayson's 3rd Request for Production**
was served by email in pdf form on:

Mark N. Wayson
c/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709

Hard copy to follow by U. S. mail.

s/ Susan J. Lindquist

Wayson v. Rundell, et.al.
4:06-cv-1-JWS                    -7-

Mark N. Wayson
C/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709
markonwayson@yahoo.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

MARK N, WAYSON,                    )
                                   )
                Plaintiff,         )
                                   )
        Vs.                        )
                                   )
LINDA RUNDELL and the              )
UNITED STATES OF AMERICA           )
                                   )
                Defendants.        )
_____   )    4:06-Cv 1 (JWS)

## 4th REQUEST FOR PRODUCTION

To: U.S. Attorney
    Anchorage Alaska

    Pursuant to Fed. R. Civ. P. 34, Plaintiff requests Defendant to preserve and produce

as soon as legally possible, the following documents, materials:


    1.  The letter of resignation as U.S. Attorney submitted by Timothy Burgess, prior

to, upon, or after his confirmation as a federal judge 12.21.05.


Wayson v. Rundell, 4:06 Cv 1(JWS)
3-29-07 4th production request

2. A copy of the public notice which was written, signed, circulated, or displayed by or for Linda Rundell, New Mexico State Director of the Bureau of Land Management, and dated on or about May 19, 2004, limiting the public's right to comment, except through the submission of written comments that are delivered only by U.S. Mail, on the Supplement to Proposed Resource Management Plan for Federal Fluid Minerals Leasing and Development in Sierra and Otero Counties, New Mexico, and opening of a 30-day public comment period (69 Federal Register 30718 (May 28, 2004))

3. Copies of all communications, and/or notes or reports of communications, from former Deputy Interior Secretary J. Steven Griles to Linda Rundell, whether direct or through other parties, which were part of, or were related in any way to Linda Rundell's investigation of the Plaintiff's complaint of criminal activity by regional director Robert Schneider, or to her finding September 19, 2002, that the Plaintiff had committed a crime against Carol Hammond.

4. Copies of all communications, and/or notes or reports of communications, from Sue Ellen Wooldridge, former deputy chief of Staff to Secretary of the Interior Gale Norton, to Linda Rundell, whether direct or through other parties, which were part of, or related in any way to Linda Rundell's investigation of the Plaintiff's complaint of criminal activity by regional director Robert Schneider, or to her finding September 19, 2002, that the Plaintiff had committed a crime against Carol Hammond.

5.    Copies of all communications, and/or notes or reports of communications, from Fran

(Frances) Cherry, former Alaska State Director for the Bureau of Land Management, to

Linda Rundell, whether direct or through other parties, which were part of, or related in

any way to Linda Rundell's investigation of the Plaintiff's complaint of criminal activity

by BLM regional director Robert Schneider, or to her finding September 19, 2002, that

the Plaintiff had committed a crime against Carol Hammond.

Dated: March 29, 2007

_____
Mark N. Wayson,  pro se

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies
that on this _30_ day of _MARCH_,
2007, a  copy of the foregoing was
served by mail on:

Office of U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, Alaska 99513

Mark N. Wayson



# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
ALASKA STATE OFFICE
222 W. 7th Avenue, #13
ANCHORAGE, ALASKA 99513-7599

9260 (910)

SEP 19 2002

Memorandum

To:        Chief, National Law Enforcement Office

From:      State Director

Subject:   DOI-OIG Case File No. 2002-I-R-612-WCA

This is in response to the inquiry forwarded to you from the Office of Inspector General regarding Mark Wayson.

Upon careful review of the incident in question, we have determined there has been no willful and knowing violation of 18 U.S.C. 1001 on the part of the Bureau of Land Management (BLM) Northern Field Office (NFO) Manager, Robert Schneider.

Ms. Hammond, the BLM employee in the field on the day in question, was performing her official duties on lands managed by the BLM when she was approached by Mr. Wayson. Ms. Hammond expressed to both Mr. Wayson and the BLM management that there was a perceived threat from Mr. Wayson. It was a weekend day and the incident was in a remote location. As is standard procedure, a law enforcement ranger was notified and responded to the site. By the time the ranger arrived, Mr. Wayson was no longer in the immediate area; therefore no contact was made with Mr. Wayson by the ranger.

It is within Mr. Schneider's purview to take the necessary steps to mitigate all potential or *perceived* threats in a prudent and rational fashion. The presence of a uniformed law enforcement officer in a clearly marked patrol unit is a deterrence tool. The officer's presence is an effort to de-escalate any potential situation or incident from occurring and to protect the rights of all parties concerned.

As a manager, Mr. Schneider has the right, responsibility, and legal obligation to ensure he is not exposing his employees to any undue harm. Title 18 United States Code 111 states in pertinent part, "whoever forcibly assaults, resists, opposes, *impedes, intimidates, or interferes* with any person designated in section 1114 of this title ( the BLM falls within this statute) while engaged in or on account of the performance of official duties shall be fined under this title or imprisoned not more than one year, or both". Ms. Hammond, while performing her official duties, was

MW0001

*Attachment #2*

2

intimidated by Mr. Wayson. It is our opinion that Mr. Schneider acted reasonably and prudently when he requested the ranger to stand by the site until the work was completed, thereby relieving Ms. Hammond of the intimidation she felt, whether real or perceived.

Under no circumstances is Mr. Schneider or the BLM attempting to create a dangerous situation for Mr. Wayson. It is the mission and duty of Mr. Schneider and the BLM to create a safe environment on public lands for employees and the public for both work and recreation.

*Linda Stanfeel,*
*acty*

MW0002

NELSON P. COHEN
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, | ) Case No. 4:06-cv-1-JWS |
| | ) |
| Plaintiff, | ) **RUNDELL'S RULE 26 WITNESS** |
| v. | ) **LIST** |
| | ) |
| LINDA RUNDELL and UNITED | ) |
| STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The Defendant, Linda Rundell, in her personal capacity, through counsel,

presents its Rule 26 witness list that it does not file in court.

1.   Mark Wayson
     Plaintiff, pro se
     c/o Thomas R. Wickwire
     Law Offices of Thomas R. Wickwire

*Attachment # 3*

       2775 Hanson Road, Suite 1
       Fairbanks, AK 99709
       (907) 474-0068

2.      Linda Rundell
       1474 Rodeo Rd.
       Santa Fe, New Mexico 87505
       (505) 438-7501

She was the acting state director.  She signed the memorandum drafted by Ms. Stewart.

3.      Pam Stewart- retired
       Senior Agent-in-Charge
       P.O Box 6271
       Phoenix, Az 65005
       (602) 391-8616

She worked for Ms. Rundell and was assigned the task of investigating Mr. Wayson's complaint.  She drafted the memorandum for Ms. Rundell.  She knows she spoke with Mr. Schneider and Ranger Ed Lee.

4.      Walter Johnson
       Chief Law Enforcement Officer
       Retired - formerly in
       BLM Headquarters
       Washington D.C.

The memorandum was addressed to him.  The government is still seeking his current contact information.

5.      Greg Assmus
       Chief of Internal Affairs
       BLM National
       3833 S. Development Ave.
       Boise, ID 83075
       (208) 387-5129

He will testify about the process for internal investigations. He was attached to the Washington D.C. office at the time and currently sand he reports directly to Mr. Johnson, the Director of Law Enforcement. He reviewed this investigation and sent a memorandum to the Office of the Inspector General ("OIG"), probably SAC Dave Brown. OIG would contacted Mr. Wayson about the results, closed out the file, and retain it in Washington D.C. Mr. Assmus processed this investigation and closed the case. He will be providing a copy of all documents in his custody in Boise. He will request a copy of any documents still in the Washington.

6.     Carol Hammond
       Deceased

She will testify by deposition testimony. She is the BLM employee who interacted with Mr. Wayson.

7.     Ed Lee
       BLM Ranger , Northern Field Office
       1150 University Ave.
       Fairbanks, Ak 99709
       (907) 474-2200

Ms. Stuart spoke with him when she did her investigation before drafting her her memorandum.

8.     Anyone on Plaintiff's witness list, except retained experts.

9.     Any custodian of the documents.

10.    Any rebuttal witnesses

Respectfully submitted February 9, 2007

NELSON P. COHEN
United States Attorney

s/ Susan J. Lindquist
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2007,
a copy of the foregoing **RUNDELL'S RULE 26 WITNESS LIST**
was served by email and by US mail on:

Mark N. Wayson
c/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709

by regular U. S. mail.

s/ Susan J. Lindquist

VCFD INDEX EXHIBITS

1           IN THE UNITED STATES DISTRICT COURT

2               FOR THE DISTRICT OF ALASKA

3

4   MARK N. WAYSON,

            Plaintiff,

5

6       vs.                    NO.  F03-0035 (JWS) Civil

    ROBERT SCHNEIDER and the
7   UNITED STATES OF AMERICA,

8               Defendants.

9

10    VIDEOTAPED TELEPHONIC DEPOSITION OF LINDA S.C. RUNDELL

11               September 27, 2004

12                  9:14 a.m.
                 4010 Rodeo Road
13             Santa Fe, New Mexico

14

15

16      The deposition of LINDA S.C. RUNDELL was taken on

17  behalf of the Plaintiff on September 27, 2004, at 9:14 a.m.

18  at the offices of Hunnicutt, Costello Reporting, Santa Fe,

19  New Mexico, before Maureen R. Costello, Certified Court

20  Reporter #220 and Notary Public in and for the County of

21  Santa Fe, State of New Mexico.

22

23

24

25                  **COPY**

HUNNICUTT, COSTELLO REPORTING, INC.
(505) 474-9770 - (800) 304-9770 FAX (505) 474-9771
MAUREEN R. COSTELLO, RPR, CCR 220

Attachment # 4

WAYSON vs. SCHNEIDER

LINDA S.C. RUNDELL - SEPTEMBER 27, 2004

4 (Pages 10 to 13)

Page 10

1    Q.  Did you contact any witnesses?
2    A.  I did not.
3    Q.  Did you contact Ranger Lee with the law
4  enforcement in Fairbanks with BLM?
5    A.  I may have, but I don't recall.
6    Q.  Do you know if Henri Bisson was in any capacity at
7  -- in the Alaska administration of BLM at that time?
8    A.  Henri Bisson was in the Washington office.  At
9  that time he was not in the Alaska BLM organization.
10    Q.  Did you talk to Michael Baffrey with the Secretary
11  of Interior's Office?
12    A.  I cannot recall.
13    Q.  In the second paragraph of this memorandum dated
14  September 19th, you referred to: "Upon careful review of
15  the incident in question, we have determined," and can you
16  tell me who the "we" you're referring to is?
17    A.  My guess would be that I was referring to myself,
18  the State Director, and whoever from the National Law
19  Enforcement Office looked into the incident for me.
20    Q.  Do you know who the chief in the National Law
21  Enforcement Office was at that time?
22    A.  I'm fairly certain it was Walter Johnson.
23    Q.  Okay.  Did Pamela Stuart have any role in this, in
24  the inquiry?
25    A.  I don't know that she was on board at that time.

Page 11

1  I can't remember the exact date that we hired her.
2    Q.  Was she the chief of the law enforcement here in
3  Alaska?
4    A.  She was the special agent-in-charge in Alaska.
5    Q.  So she was the top-ranking law enforcement officer
6  in Alaska.
7    A.  Yes.
8    Q.  Okay.  And where is she now?
9    A.  She is now in Santa Fe.
10    Q.  And when did she transfer down there, do you know?
11    A.  To Santa Fe?
12    Q.  Correct.
13    A.  I believe it was around April of 2003.  That's
14  just a guess, though.
15    Q.  And I understand that you went down there in
16  December of --
17    A.  1999.
18    Q.  That's correct, but I mean: You transferred from
19  Alaska in December of 2002?
20    A.  Yes.
21    Q.  Okay.  Do you think that the finding that you made
22  may have been different had you interviewed the individuals
23  who were involved and reviewed evidence?
24    A.  I don't believe so.
25    Q.  Would you follow the same procedures if the

Page 12

1  complainant had been a federal employee?
2    A.  Yes.
3    Q.  Would you contact that employee?
4    A.  Probably not.  I would have asked whoever was
5  handling the inquiry for me to look at the facts and
6  contact whoever that individual felt needed to be
7  contacted.
8    Q.  Did you do so in this case?
9    A.  I turned it over to the National Law Enforcement
10  Office, and they conducted their investigation into the
11  matter.
12    Q.  But you don't know who you assigned to do this
13  inquiry?
14    A.  I don't recall.
15    Q.  Would there be a record of it anyplace?
16    A.  I'm -- Most likely if there is, it would be in
17  the Boise office of the National Law Enforcement Office.
18    Q.  Okay.  What information did you have when you
19  began this inquiry?
20    A.  I had the memo from Walter Johnson, and I had
21  spoken with Mr. Schneider about the incident.  At some
22  point I reviewed the statements written by Ms. Hammond,
23  Officer Lee.
24    Q.  I'm sorry.  I didn't hear that, ma'am.
25    A.  I said: At some point I review the statements

Page 13

1  that were written by Ms. Hammond and Officer Lee.
2    Q.  Okay.  On the Ms. Hammond statements, you're
3  talking about the contract diary, which is, I believe,
4  Exhibit No. 2.
5    A.  Yes.
6    Q.  Okay.  And with the -- and that Ranger Lee report,
7  you're referring to the report that's listed as No. 3; is
8  that correct?
9    A.  Yes.
10    Q.  Okay.  And just so I keep it straight:  You had a
11  memo from Walter Johnson requesting or directing you to
12  this inquiry; but you don't have that memo, right?
13    A.  The memo, again, is from Walter Johnson to the IG
14  that I'm referring to.
15    Q.  Yes.  And do you have that memo?
16    A.  I do.  We've already spoken about it.  It's No. 7.
17    Q.  Well, I would ask if you have another one because
18  that's dated October 2nd, and your memorandum is dated
19  September 19, 2002.
20    A.  Yes.
21    Q.  Well, did you have a memo accompanying this report
22  from Ms. Hammond and the report from Ranger Lee?
23    A.  Oh, I don't know.  It's not part of the materials,
24  I don't believe, that were sent to me.
25    Q.  No, I think that's correct.  But did you have one?

WAYSON vs. SCHNEIDER

LINDA S.C. RUNDELL - SEPTEMBER 27, 2004

5 (Pages 14 to 17)

Page 14

1   A.  I do not recall.
2   Q.  Okay.  Did you also have the complaint, April 5,
3  2002, complaint, to Earl E. Devaney from me?
4   A.  If it's in this packet, I have it.  If not, I do
5  not have it.
6   Q.  No.  I'm asking if you had it.  It's No. 1, if
7  that can be of help.
8   A.  I have this in front of me that was sent to me.
9  If you're asking whether I had it at the time, I do not
10  know.
11   Q.  But you do recall having the report from Ranger
12  Lee and the report from Ms. Hammond?
13   A.  Yes.
14   Q.  Did you have the e-mail from Mr. Schneider, which
15  is No. 4?
16   A.  (Witness perused document.)  Probably.  I don't
17  recall.
18   Q.  When you say that there are different procedures
19  for different administrative inquiries, did you follow the
20  procedure for this administrative inquiry involving a law
21  enforcement matter?
22   A.  Yes.  I contacted the National Office of Law
23  Enforcement.
24   Q.  But didn't they actually contact you?
25   A.  I asked them to assist with this.

Page 15

1   Q.  So I understand that they assigned it to you, and
2  then you asked them to assist with it.
3   A.  Yes.
4   Q.  So you're unaware of -- If there was an
5  investigative report in addition to this by National Law
6  Enforcement Office, you're not aware of it?
7   A.  I am not.
8   Q.  Would they have talked to you about it before you
9  wrote the September 19th letter --
10   A.  Yes.
11   Q.  -- memorandum?
12   A.  Yes.
13   Q.  Do you know if they did talk to you about it?
14   A.  I believe so.
15   Q.  Can you tell me what they told you?
16   A.  I don't recall.  My guess would be that they
17  looked into it and found no basis.
18   Q.  But you have no idea whom you spoke with there?
19   A.  I do not.
20   Q.  Okay.  Are you sure you talked to Robert Schneider
21  about this?
22   A.  Yes, I did.
23   Q.  And are you sure you talked to him about this
24  before you issued the memorandum?
25   A.  I believe Mr. Schneider contacted me about this

Page 16

1  incident after it happened.  He gave me a briefing on the
2  phone.
3   Q.  Did he report to you that there was a videotape?
4   A.  No.  I don't know.  He may have.  I don't recall.
5   Q.  If there were videotape, you would have included
6  it in your inquiry?
7   A.  My guess is whoever investigated it would have, if
8  they were aware of it, would have wanted to see it.
9   Q.  Okay.  Now, you wrote here that there was a
10  perceived threat from Mr. Wayson.  Do you know what that
11  threat was?
12   A.  My understanding is that Ms. Hammond felt
13  intimidated and threatened by Mr. Wayson's behavior.
14   Q.  Okay.  Now, how did you decide that it was a Title
15  18 violation?
16   A.  Whoever I assigned to work on this memo for me
17  would have looked that up.
18   Q.  But you cannot recall whom you assigned to work on
19  this memo?
20   A.  I do not.
21   MR. COOPER:  Objection; asked and answered.  I
22  mean, she's told you at least twice if not three times,
23  Mr. Wayson, that she can't recall; and you're not going to
24  get a different answer.  So let's use our time wisely.
25   Q.  (BY MR. WAYSON)  Did you consult with the U.S.

Page 17

1  Attorney at all on this?
2   A.  I cannot recall.
3   Q.  Could you have?
4   A.  I beg your pardon?
5   Q.  Could you have?
6   MR. COOPER:  Objection; calls for speculation.
7  Go ahead and answer.
8   A.  I still didn't hear you.  Did you say:  Could I
9  have?
10   Q.  Could you have called the U.S. Attorney for advice
11  about what statute was being violated?
12   A.  I probably would have spoken to the Solicitor's
13  Office.
14   Q.  Do you recall who was the solicitor at that time?
15   A.  I don't recall that I spoke to the Solicitor's
16  Office.  We had a number of solicitors that we worked with
17  on a regular basis.
18   Q.  Where does your -- where does this record go, your
19  memorandum?
20   A.  We have a filing system, central filing system,
21  and my -- I would suppose that the law enforcement office
22  would have kept a copy.  There is a file code at -- on the
23  top, right-hand side of the memorandums which show where
24  they are filed.
25   Q.  Is this the number you're referring to, 9260?

# POSITION DESCRIPTION (Please Read Instructions on the Back) AK-5,10

| | | | | 1. Agency Position No. |
|---|---|---|---|---|
| | | | | OA-0428 |

| 2. Reason for Submission | 3. Service | 4. Employing Office Location | 5. Duty Station | 6. OPM Certification No. |
|---|---|---|---|---|
| [X] Redescription  [ ] Reestablishment  [ ] ...tion (Show any position replaced)  [ ] New  [ ] Other | [ ] Hdqtrs. [X] Field | ANCHORAGE, ALASKA | ANCHORAGE, ALASKA | |

| 7. Fair Labor Standards Act | 8. Financial Statements Required | 9. Subject to IA Action |
|---|---|---|
| [X] Exempt  [ ] Nonexempt | [ ] Executive Personnel Financial Disclosure  [X] Employment and Financial Interests | [ ] Yes  [ ] No |

| 10. Position Status | 11. Position is: | 12. Sensitivity  CS-3 | 13. Competitive Level Code |
|---|---|---|---|
| [X] Competitive  [ ] Excepted (Specify in Remarks)  [ ] SES (Gen.)  [ ] SES (CR) | [ ] Supervisory  [X] Managerial  [ ] Neither | [ ] 1-Non Sensitive  [X] 3-Critical Sensitive  [ ] 2-Noncritical Sensitive  [ ] 4-Special Sensitive | 500 |
| | | | 14. Agency Use |

| 15. Classified/Graded by | Official Title of Position | Pay Plan | Occupational Code | Grade | Initials | Date |
|---|---|---|---|---|---|---|
| a. U.S. Office of Personnel Management | | | | | | |
| b. Department, Agency or Establishment | | | | | | |
| c. Second Level Review | ASSOCIATE STATE DIRECTOR | GS | 0340 | 15 | PH | 5/21/99 |
| d. First Level Review | | | | | | |
| e. Recommended by Supervisor or Initiating Office | | | | | | |

| 16. Organizational Title of Position (If different from official title) | 17. Name of Employee (If vacant, specify) |
|---|---|
| | |

| 18. Department, Agency, or Establishment | c. Third Subdivision |
|---|---|
| DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT | |
| **a. First Subdivision**  OFFICE OF THE STATE DIRECTOR | d. Fourth Subdivision |
| b. Second Subdivision | e. Fifth Subdivision |

19. Employee Review—This is an accurate description of the major duties and responsibilities of my position.

Signature of Employee (optional)

20. Supervisory Certification. I certify that this is an accurate statement of the major duties and responsibilities of this position and its organizational relationships, and that the position is necessary to carry out Government functions for which I am responsible. This certification is made with the knowledge that this information is to be used for statutory purposes relating to appointment and payment of public funds, and that false or misleading statements may constitute violations of such statutes or their implementing regulations.

| a. Typed Name and Title of Immediate Supervisor | b. Typed Name and Title of Higher-Level Supervisor or Manager (optional) |
|---|---|
| NINA HATFIELD  DEPUTY DIRECTOR | |
| Signature                              Date  MAY 20 1999 | Signature                              Date |

21. Classification/Job Grading Certification. I certify that this position has been classified/graded as required by Title 5, U.S. Code, in conformance with standards published by the U.S. Office of Personnel Management or, if no published standards apply directly, consistently with the most applicable published standards.

Typed Name and Title of Official Taking Action

Darlene Johnson
Personnel Mgmt. Spec.

Signature                              Date
Darlene Johnson                       5/21/99

22. Position Classification Standards Used in Classifying/Grading Position

Information for Employees. The standards, and information on their application, are available in the personnel office. The classification of the position may be reviewed and corrected by the agency or the U.S. Office of Personnel Management. Information on classification/job grading appeals, and complaints on exemption from FLSA, is available from the personnel office or the U.S. Office of Personnel Management.

| 23. Position Review | Initials | Date | Initials | Date | Initials | Date | Initials | Date | Initials | Date |
|---|---|---|---|---|---|---|---|---|---|---|
| a. Employee (optional) | | | | | | | | | | |
| b. Supervisor | | | | | | | | | | |
| c. Classifier | | | | | | | | | | |

24. Remarks

SUBJECT TO DRUG TESTING

BUS: 5

25. Description of Major Duties and Responsibilities (See Attached)

Attachment #5

program for management of all the natural resources within the State Office jurisdiction. The public land and natural resources involved are characterized by such things as: (a) scattered land patterns; (b) economic dependency of important segments of the public, including individuals (e.g. ranchers), communities dependent upon payments in lieu of taxes or upon resources administered by the BLM, and private sector corporations who use public land for profit ; and (3) the public interest of conservation groups and others not economically tied to BLM administered land or resources. The conflicting interests of the various user groups requires careful planning and implementation of BLM policy.

5.  Scope and Effect

Participating in the management of the State Office is a continuing process of planning, implementing, adjusting and evaluating. Management decisions are, in many cases, particularly sensitive and many have a substantial impact on local, state, or national economic and social structures. For many individuals, the BLM administered resources are their livelihood. For others, the land and its resources are valued as sources of inspiration because of their natural beauty, as buffers from the encroachment of city life and man-made pollution, and as recreational havens. Decisions on the disposition of some resources, especially energy, minerals and range used for livestock production, can have regional and national effects.

6.  Personal Contacts

Contacts are with top officials of Federal, State, and local government agencies. Included are contacts with U.S. Senators and Representatives and their staffs and with the Governor and his staff. Considerable contacts are with industry, private interest groups, and the general public.

7.  Purpose of Contacts

Purpose of contacts is not only to provide information, but also to justify, defend, explain, negotiate and settle matters relating to multiple-use resource decisions. Incumbent is a very active participant in public meetings as well as in official government meetings. People contacted often have diverse and conflicting views which require the incumbent to develop compromises or suitable solutions.

8.  Physical Demands

The work is largely sedentary, although there are occasional field trips which involve physical activity in irregular terrain and varied climatic conditions.

9.  Work Environment

The work is usually performed in an office or meeting setting. Some exposure to discomfort is encountered on occasional field trips.

Mark N. Wayson                              July 12, 2005

P.O. Box 84570

Fairbanks Alaska 99708-4570        markonwayson@yahoo.com


Timothy Burgess

U.S. Attorney

Anchorage Alaska


Dear Mr. Burgess,

As you may be aware, BLM administrator, Linda Rundell, wrote in a BLM record sent to the

Inspector General, that I had committed a crime under "Title 18, United States Code 111." (sic)

She described this as a 'finding.' Discovery in my case against Robert Schneider has revealed

that there was no factual basis for this. Therefore, there is apparently a violation of Title 18 ,

section 1519, regarding the new Obstruction of Justice Offense.


You indicated in your deposition that there is a procedure for contacting the Justice Department

in order to recuse your office if there is a conflict. Now that my case against Robert Schneider is

over, do you believe your office has a conflict of interest if you were to consider criminally

charging Ms. Rundell for this? If so, please implement the procedure in order to obtain an

independent evaluation of Ms. Rundell's apparent violation.


Guidance from the court regarding Mr. Schneider's simple negligence in not reviewing the

videotape and/or other evidence and witnesses does not appear to apply to Ms. Rundell's act,

*Attachment # 6*

because her finding was written nearly a year after the act reported in it, for the apparent purpose of adding another opinion, to support Robert Schneider's accusations against me.  Ms. Rundell stated in deposition that her finding was based on some investigative work by commissioned federal law enforcement personnel, although when I pursued this in discovery,  none of it could be identified.

Ms. Rundell's Sept. 19, 2002 memo has a BLM law enforcement code (9260), and she recalls being 'assigned' the inquiry by 'someone' at the national law enforcement office.

Ms. Rundell testified that BLM law enforcement personnel were involved in the 'investigation' leading to her finding that I committed a crime against Carol Hammond while Ms. Hammond was in the performance of her duties.

Mr. Cooper can attest to the extensive , but unsuccessful  efforts  I made through discovery and FOIA, to obtain the record of the role which BLM enforcement officers and officers of the Inspector General played in this case.   Appeals which I filed were answered only with a notice that BLM was required by law to answer within 20 days.  However, no response was made.

Mr. Cooper did not produce all documents I requested or even all he promised, but he also stated that he could not obtain some of the relevant documents.

I have faith in the grand jury element of our justice system, having seen it work , particularly where the wrongful conduct is done by influential government officials.

I know that the sworn responsibility of the U.S. Attorney goes beyond defending the actions of federal employees. I request that the Justice Department, in reviewing Ms. Rundell's conduct, which meets no known BLM procedure, and makes not even a pretense of due process, will consider its responsibility to me as a citizen, with the same sense of integrity and concern for my rights and safety, which distinguished the Justice Department in the 60's, when so much progress was made regarding the rights of minorities with little political or economic influence. Simply put Mr. Burgess, do I have, the right to be protected against the fabrication, and dissemination of secret official findings 'concluding' that I 'forcibly' assaulted a federal employee?    I was not even aware of this finding until 2004.

Ms. Rundell's Sept. 19, 2002 memo refers to a "careful review" of the incident in question.  She conducted an administrative inquiry and refers directly to the April 5, 2005 complaint I filed with the Office of the Inspector General.    Yet in this official inquiry, she did not contact me, contacted no witnesses, and reviewed none of the evidence which she knew was available.

Ms. Rundell testified that she made a conclusion that I had committed a crime.  It was not merely her allegation.

Ms. Rundell acknowledged  that she would be 'concerned' if such a finding against her were in the records of a government office.

I will be absent from Alaska Aug. 5, to August 22nd, 2005,  and again during parts of  October and December.  Please inform me as soon as possible if you will forward this to the Justice

Department.  Mr. Cooper , one of your staff attorneys has a copy of the videotape in question, and the Linda Rundell deposition.


Sincerely,



Mark N. Wayson

**YAHOO!** MAIL                                          Print - Close Window

**Date:**    Wed, 14 Sep 2005 19:50:19 -0400 (EDT)

**From:**    paygovadmin@mail.eroc.twai.gov

**To:**      "markonwayson@yahoo.com" <markonwayson@yahoo.com>

**Subject:** Pay.Gov Payment Confirmation

THIS IS AN AUTOMATED MESSAGE.   PLEASE DO NOT REPLY.

Your transaction has been successfully completed.

Payment Summary

Application Name: DAOG Payments
Pay.gov Tracking ID: 24TL62R1
Payment Agency Tracking ID: 74009742178

Cardholder Name: Mark N Wayson
Cardholder Address: c/o Tom Wickwire, 2775 Hanson Road
Cardholder City: Fairbanks
Cardholder State: AK
Cardholder Country: USA
Cardholder Zip Code: 99709
Card Type: Master Card
Payment Amount: $7,734.14
Current Date and Time: Sep 14, 2005 7:50:19 PM



United States Attorney's Office
District of Alaska
222 West 7th Avenue, #9
Anchorage, Alaska 99513-7567

FOR IMMEDIATE RELEASE                          Contact:   Deborah M. Smith
Tuesday, August 22, 2006                                  First Assistant U.S. Attorney
                                                          907-271-5071 / Fax: 271-2345

## JUSTICE DEPARTMENT ANNOUNCES APPOINTMENT OF NELSON COHEN AS UNITED STATES ATTORNEY FOR THE DISTRICT OF ALASKA

WASHINGTON, D.C. - The Justice Department today announced the appointment of Nelson Cohen to serve as the United States Attorney for the District of Alaska. Mr. Cohen will serve under an Attorney General Appointment. He succeeds First Assistant United States Attorney Deborah Smith, who has served as Acting United States Attorney under the Vacancy Reform Act since U.S. District Court Judge Tim Burgess resigned from the position to take a seat on the federal bench in 2005. Under the Vacancy Reform Act, First Assistant United States Attorneys can only serve for 210 days as Acting United States Attorneys and Ms. Smith's appointment expires on August 22, 2006.

Mr. Cohen comes to the District of Alaska with a varied and impressive history of service to the Department of Justice and to the legal community. Since 1987, Mr. Cohen has been an Assistant United States Attorney in the Western District of Pennsylvania, where he presently serves as the Deputy Criminal Division Chief overseeing the White Collar Crimes Section.

Before joining the U.S. Attorney's Office in Pittsburgh, Mr. Cohen practiced law for 10 years in Alaska: first as an Assistant United States Attorney responsible for both criminal and civil cases, with an emphasis on drug prosecutions, medical malpractice defense and appellate practice, and later as a private practitioner in Anchorage.

Mr. Cohen started his career as a trial attorney in the Allegheny County, Pennsylvania, District Attorney's Office, where he prosecuted robbery and homicide cases.

In addition to his legal experience, Mr. Cohen has been a presenter at the Federal Law Enforcement Training Center, the National Health Care Anti-Fraud Association and the University of Pittsburgh School of Law. He has also served as a Continuing Legal Education Instructor.

Mr. Cohen earned his Bachelor of Arts degree in Political Science at the University of Pittsburgh, and his law degree from the Duquesne University School of Law.

# # #

Attachment # 7

TIMOTHY M. BURGESS
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, | ) Case No. 4:06-cv- |
| | ) |
| Plaintiff, | ) |
| v. | ) CERTIFICATION THAT LINDA |
| | ) RUNDELL WAS ACTING IN THE |
| LINDA RUNDELL, | ) COURSE AND SCOPE OF HER |
| | ) FEDERAL EMPLOYMENT |
| Defendant. | ) |
| | ) |

I, Timothy M. Burgess, United States Attorney for the District of Alaska,

acting pursuant to the provisions of 28 U.S.C. § 2679(d), hereby certify that I have

read the Complaint and other documents related to this case.

On the basis of the information now available to me with respect to the

allegations therein, I find that the defendant LINDA RUNDELL was acting within

*Attachment # 8*

the scope of her employment with the Bureau of Land Management at the time of

the allegations in Plaintiffs' Complaint.

Respectfully submitted on January 17, 2006.


TIMOTHY M. BURGESS
United States Attorney


**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2006,
a copy of the foregoing CERTIFICATION THAT
LINDA RUNDELL WAS ACTING IN THE COURSE AND
SCOPE OF HER FEDERAL EMPLOYMENT
was served on:

Mark N. Wayson
c/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709

by regular U. S. mail.

s/ Susan J. Lindquist

2

11/5/07

BOB

I GAVE YOU A COPY OF THIS EARLIER, BUT I THOUGHT THAT I SHOULD SEND YOU ANOTHER ONE WITHOUT THE NOTE FROM CAROL H. TO ME, IN CASE YOU WANT TO PROVIDE A COPY TO COUNSEL.

Ed Lee

Attachment # 9

# MAIL

Print - Close Window

**Subject:** RE: Wayson v. Rundell discovery

**Date:** Fri, 27 Apr 2007 08:21:14 -0800

**From:** "Lindquist, Susan (USAAK)" <Susan.Lindquist@usdoj.gov>

**To:** "mark wayson" <markonwayson@yahoo.com>

Will respond to your other 2 concerns later.

**From:** mark wayson [mailto:markonwayson@yahoo.com]
**Sent:** Friday, April 27, 2007 7:54 AM
**To:** Lindquist, Susan (USAAK)
**Subject:** RE: Wayson v. Rundell discovery

Dear Ms. Lindquist,

Thank you for your reply. I will file my motion.   I had hoped that the ongoing public exposure of the political nature of prosecutions by DOJ, might mean a shift in the prosecution/defense priorities of the U.S. Attorney's office, but maybe it is still too early.

What exactly does "under advisement" mean, regarding my 'other concerns?'

Regarding a recent e-mail, is my question re: Ms. Rundell's 'Associate State Director' job description something you can research/answer?

Mark Wayson


**"Lindquist, Susan (USAAK)" <Susan.Lindquist@usdoj.gov>** wrote:

> Attorney Cohen and I have discussed the requests for production.  You need to file your motion to compel.
> As to your other concerns, they are under advisement.
>
>
> **From:** mark wayson [mailto:markonwayson@yahoo.com]
> **Sent:** Thursday, April 26, 2007 10:00 AM
> **To:** Ross, Traci (USAAK)
> **Cc:** Lindquist, Susan (USAAK)
> **Subject:** Wayson v. Rundell discovery
>
> Dear Mr. Cohen,                                    April 26, 2007
>
> I just spoke by telephone with Traci Ross, who said my letter to you of April 23, 2007, had been received, and that she would give this e-mail to you, because you are tied up on a conference call at this time.
> I an sorry for giving you so little time to do the requested review, but delays have dogged this and the Wayson v. Schneider case from which this one flows, and I must file a motion to compel discovery in Wayson v. Rundell unless you are going to authorize Ms. Lindquist to produce to me the documents requested from the U.S. Attorney's office, the BLM, and the Dept. of the Interior.
> I certainly don't intend to patronize or insult Ms. Lindquist, but would like to avoid further delays and involvement by the court in the discovery process, if at all possible.
> Could you e-mail me your response, or give me a pre-arranged time later today when  I could contact you by telephone regarding this request?

*Attachment # 10*

# MAIL

Print - Close Window

**Subject:** RE: Wayson v. Rundell discovery

**Date:** Thu, 26 Apr 2007 15:54:38 -0800

**From:** "Lindquist, Susan (USAAK)" <Susan.Lindquist@usdoj.gov>

**To:** "mark wayson" <markonwayson@yahoo.com>

Attorney Cohen and I have discussed the requests for production.  You need to file your motion to compel. As to your other concerns, they are under advisement.

**From:** mark wayson [mailto:markonwayson@yahoo.com]
**Sent:** Thursday, April 26, 2007 10:00 AM
**To:** Ross, Traci (USAAK)
**Cc:** Lindquist, Susan (USAAK)
**Subject:** Wayson v. Rundell discovery

Dear Mr. Cohen,                                        April 26, 2007

I just spoke by telephone with Traci Ross, who said my letter to you of April 23, 2007, had been received, and that she would give this e-mail to you, because you are tied up on a conference call at this time.
I an sorry for giving you so little time to do the requested review, but delays have dogged this and the Wayson v. Schneider case from which this one flows, and I must file a motion to compel discovery in Wayson v. Rundell unless you are going to authorize Ms. Lindquist to produce to me the documents requested from the U.S. Attorney's office, the BLM, and the Dept. of the Interior.
I certainly don't intend to patronize or insult Ms. Lindquist, but would like to avoid further delays and involvement by the court in the discovery process, if at all possible.
Could you e-mail me your response, or give me a pre-arranged time later today when  I could contact you by telephone regarding this request?

Regards,

Mark N. Wayson


Sincerely, Mark N. Wayson

Please visit: www.rosanajoysugwayson.org


Ahhh...imagining that irresistible "new car" smell?
Check out new cars at Yahoo! Autos.

# MAIL

**Date:**  Thu, 26 Apr 2007 10:59:45 -0700 (PDT)

**From:**  "mark wayson" <markonwayson@yahoo.com>

**Subject:**  Wayson v. Rundell discovery

**To:**  traci.ross@usdoj.gov

**CC:**  susan.lindquist@usdoj.gov

Dear Mr. Cohen,                                        April 26, 2007

I just spoke by telephone with Traci Ross, who said my letter to you of April 23, 2007, had been received, and that she would give this e-mail to you, because you are tied up on a conference call at this time.
I an sorry for giving you so little time to do the requested review, but delays have dogged this and the Wayson v. Schneider case from which this one flows, and I must file a motion to compel discovery in Wayson v. Rundell unless you are going to authorize Ms. Lindquist to produce to me the documents requested from the U.S. Attorney's office, the BLM, and the Dept. of the Interior.
I certainly don't intend to patronize or insult Ms. Lindquist, but would like to avoid further delays and involvement by the court in the discovery process, if at all possible.
Could you e-mail me your response, or give me a pre-arranged time later today when I could contact you by telephone regarding this request?

Regards,

Mark N. Wayson


Sincerely, Mark N. Wayson

Please visit: www.rosanajoysugwayson.org


Ahhh...imagining that irresistible "new car" smell?
Check out new cars at Yahoo! Autos.

# YAHOO! MAIL®

**Subject:** RE: Letter to U.S. Attorney

**Date:** Mon, 23 Apr 2007 15:33:48 -0800

**From:** "Lindquist, Susan (USAAK)" <Susan.Lindquist@usdoj.gov>

**To:** "mark wayson" <markonwayson@yahoo.com>

**CC:** Lrundell@nm.blm.gov, joedd@gci.net

My apologies. I thought I had responded. My position is the same and I will not produce the material because Ms. Rundell does not have it. Sometimes a person or an entity that is not a party has information. In this case, BLM in Alaska may have it, but Ms. Rundell does not have it.

---

**From:** mark wayson [mailto:markonwayson@yahoo.com]
**Sent:** Monday, April 23, 2007 1:00 PM
**To:** Lindquist, Susan (USAAK)
**Subject:** Letter to U.S. Attorney

dear Ms. Lindquist,

Perhaps you are still absent from the office. Since I had not heard from you, I mailed Mr. Cohen the April 10, 2007 letter which I sent to you along with the attached.

Mark Wayson


Sincerely, Mark N. Wayson

Please visit: www.rosanajoysugwayson.org

---

Ahhh...imagining that irresistible "new car" smell?
Check out new cars at Yahoo! Autos.

Mark N. Wayson                                    April 23, 2007
C/O Wickwire
2775 Hanson Rd.
Fairbanks Alaska 99709

Nelson P. Cohen
U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave. #9, Rm. 253
Anchorage Alaska 99513-7567                   Re: Wayson v. Rundell

Dear Mr. Cohen,

Please review the Wayson v. Rundell case. Before you took over, Ms. Lindquist was
assigned what is basically a civil defense of criminal activity (Obstruction of Justice) by
BLM administrator Linda Rundell. Included in this activity according to Ms. Rundell's
sworn testimony were BLM law enforcement personnel, and the U.S. Attorney and/or a
BLM or perhaps a DOI solicitor. The result of this Obstruction of Justice was a
permanent official finding by Ms. Rundell that I had forcibly committed a crime against a
BLM engineer, who is now dead.

My request for your review is to first have you give her permission to produce the
discovery which I have requested in production requests. It increasingly appears that it
was the Anchorage U.S. Attorney's office that was involved as a conspirator with Ms.
Rundell in my Bivens case. Judge Timothy Burgess, former U.S. Attorney until he was
confirmed as a federal judge 12-21-05, returned to his old job in January 2006, to certify
that Ms. Rundell was acting within the scope of her employment as a federal employee,
when she made a finding against me without even the most basic principles of due
process. Judge Burgess has no authority to make such a certification as a judge without a
petition, or to act as a U.S. Attorney whenever he pleases. Ms. Lindquist e-mailed me
that she was absent until 4-16-07, but has not responded to the enclosed since then, so I
am unaware if you have received it. .

The connections between Ms. Rundell, now in New Mexico as BLM state director, and
working far too closely with Bush connected oil interests, and the replacement of New
Mexico U.S. Attorney Ignesias may be significant as well. Nevertheless, it is VERY
significant when a federal judge acts outside his authority as Burgess did, presumably to
clean up the mess he made when he violated law and procedures in certifying that Robert
Schneider (Rundell's then BLM underling she was assigned to investigate) was 'acting
within the scope of his employment as a fed.' My previous requests for criminal
investigation of both Rundell and Burgess go unanswered.

You are quoted 4-22-07 as claiming, "I did not come here seeking to be a presidential-
appointed U.S. Attorney."

1

You were appointed, obviously, but I hope that you meant that the politics would not affect your decisions.

I hope that you also would review your role/responsibilities as the chief law enforcement officer, and your commitment to the public victims of the federal government, as well as to those in the federal government who victimize us.

I request again that you open an appropriate investigation into the Obstruction of Justice by Linda Rundell, and the role which the U.S. Attorney's office, the BLM law enforcement officials, and others had in this crime, including the role of Timothy Burgess AFTER he became a federal judge.

I am a former experienced real police officer and an investigator for a state prosecutor. I know how the process is supposed to work.  Following an investigation, a grand jury is the next appropriate step in providing the protections which any citizen deserves, regardless of the political connections of the perpetrators.

I am not the enemy.  I am the victim. My daughter is the victim. We are entitled to the same level of protection by the U.S. Attorney as any federal employee.  Believe it or not, having to legally knock over a few federal officials and a federal judge, and embarrass the system in doing so, might not be politically correct, but doing so appropriately will actually strengthen the system in the long run, much like what occurred in the '60's when the justice department took the lead in establishing civil equality of the races, and hopefully restore some of the credibility to the department of Justice.

Please respond.


Sincerely,

Mark N. Wayson


Xc:  AUSA Susan Lindquist by e-mail     1 encl.   4-10-07 Wayson-Lindquist letter

2

Yahoo! Mail - markonwayson@yahoo.com                                    Page 1 of 1

Case 4:06-cv-00001-JWS   Document 46-2   Filed 04/27/2007   Page 46 of 49

# YAHOO!® MAIL

Print - Close Window

**Subject:** Out of Office AutoReply: Wayson v. Rundell

**Date:** Tue, 10 Apr 2007 07:33:30 -0800

**From:** "Lindquist, Susan (USAAK)" <Susan.Lindquist@usdoj.gov>

**To:** "mark wayson" <markonwayson@yahoo.com>

```
I will be out of the office from April 6 throughl April 16, 2007.  If
this is something that needs immediate attention, please call the civil
duty attorney at 271-5071.

Thank You!
```

Dear Ms. Lindquist,                                April 10, 2007

Please review your April 3, 2007 decision. It only stalls the process. Let's get the discovery done without court involvement. You are interpreting Ms. Rundell's status as an individual too narrowly. My action is a Bivens action, filed because Ms. Rundell violated my rights as an individual, while exercising her powers as a federal agent.

You have acknowledged Ms. Rundell investigated my complaint against Robert Schneider. Therefore, the material I have requested is the same she had/has access to in her investigation. Her status as an 'individual' doesn't change her responsibility later to produce the materials she had access to then.

The testimony in the Schneider case by Judge Burgess when he admitted his failure to follow legal procedures, as well as his eagerness to certify Ms. Rundell's actions as 'being within the scope of her employment as a federal employee,' AFTER Burgess was confirmed as a federal judge, are indications of U.S. Attorney involvement in the process leading to the constitutional violations against me.

Your own assertion that you have become Ms. Rundell's 'private attorney' raises even more U.S. Attorney involvement questions, particularly in light of Judge Burgess's testimony as to what procedures the U.S. Attorney could/should follow in a conflict of interest situation.

It is impossible to ignore the politicizing of the Justice department, in light of what is going on right now involving the retention only of those U.S. attorneys described by Kyle Sampson as "loyal Bushies." Certainly Judge Burgess met that criteria. I don't know about Mr. Cohen, but I understand that Mr. Cohen's appointment was made over the objections of Senator Stevens, and only through a loophole slipped into the Patriot Act which has now been closed. Nevertheless, perhaps U.S. Attorney Cohen who was not on board until late in 2006, will grant you permission to access the material you need from your office upon reviewing the production requests I have sent.

Forgive me if I sound at all patronizing, as I do not intend to be. Could you confirm that you have had Mr. Cohen review this e-mailed letter. Otherwise I can mail him a copy. I will wait another ten days before filing a motion to compel discovery.

Mark N. Wayson

# YAHOO! MAIL

| | |
|---|---|
| **Subject:** | Re Production of documents |
| **Date:** | Tue, 3 Apr 2007 10:05:22 -0800 |
| **From:** | "Lindquist, Susan (USAAK)" <Susan.Lindquist@usdoj.gov> |
| **To:** | markonwayson@yahoo.com |
| **CC:** | Lrundell@nm.blm.gov, joedd@gci.net |

Mark Wayson                    Via email only
c/o Wick wire

Re:    Production of documents

Dear Mr. Wayson:

I am responding to your email of March 29, 2007.  Ms. Rundell informed me that she does not possess the documents you seek and therefore she has nothing to produce.

There is only one defendant in this case, Linda Rundell.  She is being sued as an individual, not as a federal employee.  She has the obligation to search her personal files for the information you seek.  She has, and she does not have that information.  She does not possess the files of the U.S. Attorney's office, Mr. Burgess, or BLM.  I am Ms. Rundell's private attorney.  The fact that I am also an Assistant U.S. attorney does not allow me to access files which Ms. Rundell does not possess.

There is no need to confer as Ms. Rundell, as an individual, she does not possess the information you seek.

NELSON P. COHEN
United States Attorney
/s
Susan Lindquist
Assistant U.S. Attorney

# YAHOO! MAIL

Print - Close Window

**Date:** Thu, 29 Mar 2007 15:21:22 -0700 (PDT)

**From:** "mark wayson" <markonwayson@yahoo.com>

**Subject:** Discovery Rule 37 (a) (2)

**To:** susan.lindquist@usdoj.gov

Dear Ms. Lindquist,

I have received the production requests responses which you e-mailed to me 3-26-07. I don't believe your objections to providing the information are legitimate under the rules of discovery. All that I requested is relevant as discovery in the Bivens case against Ms. Rundell.

Ms. Rundell must make diligent efforts to obtain the information requested. Further, you as her attorney, share that responsibility as the U.S. attorney because of the arrangement you have entered into to defend Ms. Rundell in this case, and because both of you have access to the records requested.

I will not be back to pick up regular mail until after 4-17-07. Please provide me the information which I have requested within ten days or I will file a motion to compel with the court in order to obtain the information, as soon as possible upon my return.

Please let me know if there is a need or reason for us to confer further before I file this motion should you continue to object to my production requests.

Mark N. Wayson

Sincerely, Mark N. Wayson

Please visit: www.rosanajoysugwayson.org

It's here! Your new message!
Get new email alerts with the free Yahoo! Toolbar.