NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, | ) Case No.  4:06-cv-1-JWS |
| | ) |
| Plaintiff, | ) **RUNDELL'S RESPONSE IN** |
| v. | ) **OPPOSITION TO THE MOTION** |
| | ) **TO COMPEL** |
| LINDA RUNDELL | ) |
| | ) |
| Defendant. | ) |

The Defendant, Linda Rundell, in her personal capacity, through counsel, opposes Mark Wayson's ("Wayson's") motion to compel.  Ms. Rundell does not possess the documents Wayson requested. See Exs. C, D, E & F, Responses to Discovery Requests.

I.      RUNDELL, AS AN INDIVIDUAL, CAN ONLY ACCESS HER FILES.

Wayson requested documents which Rundell, as an individual, does not possess. Federal Rule of Civil Procedure 34 requires a party to produce documents or to allow inspection of documents. Wayson sued Rundell as an individual. He did not sue her for acts done in her official capacity. Dkt 18 at 2. As a result, Rundell is required to produce documents she possesses. She does not possess the documents Wayson requested because they are retained by the Bureau of Land Management ("BLM"), the United States Attorney's Office, the Department of Interior's Office of the Inspector General, or Pamela Stuart. Moreover, Rundell was Associate Director for Alaska from December 1999 through December 2002, when she transferred to New Mexico. Ex. B at 5, 11. She does not possess the Alaska Division of BLM's files.

Rundell will address Wayson's requests for documents by referring to the list found in the proposed order. It appears that Wayson did not file the proposed order with the court, so Rundell is attaching it. Ex. A. In his proposed order Wayson lists the documents he asks the court to order Rundell to produce. She will address each request individually.

1.      Documents that add duties to Rundell's job duties. Rundell does not possess these. To the best of her knowledge there are none. Ex. C at 2, No.

2.

2. A list of people and documents Rundell consulted in writing the Memorandum at issue: There is no list. Rundell needs to produce what she possesses and she does not possess a list. Ex. C at 2-3, No. 3. Moreover, Wayson has this information because he deposed Rundell in 2004 and asked her what information she had and to whom she had spoken before she signed the Memorandum at issue. The documents were:

    1. Request by Walter Johnson  Ex. B at 7

    2. Statement of Carol Hammond in diary  Ex. B at 12-14

    3. Ranger Lee report of incident  Ex. B 12 & 14

The conversations were with the following:

    1. Robert Schneider  Ex. B at 8, 15

    2. Someone at the National Law Enforcement Office  Ex. B at 9

    3. May have spoken to Ranger Lee - Ex. B at 10.

3. BLM procedures on investigations: Ms. Rundell, as an individual, does not possess these. Moreover, at her deposition, she stated that she did not investigate Wayson's complaint because she delegated it to BLM's law enforcement division. Ex. B at 12. Ex. C at 3, No. 4.

4. Documents which supported former U.S. Attorney Burgess' ("Burgess'") certification that Rundell was acting in the scope of her employment: Rundell does not possess this. Ex. D at 1-2, No. 1. Moreover, the information is irrelevant as the United States is not a defendant. Wayson asserted that he only wanted a cause of action based on *Bivens*. Dkt 18 at 2.

5. Communication between Abramoff and Rundell: Rundell responded that there is none and she objected that the material was irrelevant. Ex. D at 2, No. 2.

6. Communication between Abramoff and Burgess: Rundell responded that she doe not possess this material and she objected that the material was irrelevant. Ex. D at 2-3, No. 3.

7. Statement from BLM supervisor about whether Rundell was acting within the scope of her employment: Rundell does not possess this. Ex. E at 1-2, No. 1. Moreover the documents are irrelevant because there is no FTCA cause of action.

8. Documents which support Burgess' certification that Rundell was acting in scope. Rundell does not possess these documents. Ex. E at 1-2, No. 2. Moreover the documents are irrelevant because Wayson sued Rundell under

*Bivens* for violating her constitutional rights. Dkt. 18 at 2.

9. A copy of the U.S. Attorney's policy: Rundell does not possess this material. Moreover, the documents are irrelevant because there is no FTCA cause of action. Ex. E at 3, No. 3.

10. Policy about who the attorney general authorized to certify that an employee was acting in the scope of her employment: Rundell does not possess this material. Moreover, the documents are irrelevant because there is no FTCA cause of action. Ex. E at 3, No. 4.

11. Revised procedures about law enforcement communication: Rundell does not possess this material. Ex. E at 3-4, No. 5.

12. BLM policy or procedure about mining claims: Rundell does not possess this material. She directed Wayson to the BLM web site and informed that he could request the material from BLM, a non-party entity. Ex. E at 4, No. 6

13. BLM policy about competing mining claims: Rundell does not possess this material. She directed Wayson to the BLM web site and informed that he could request the material from BLM, a non-party entity. Moreover, this material is irrelevant because there is no dispute about Wayson's mining claim. BLM acknowledged that he has state mining claims. Ex. E at 4, No.

6.

14. An un-redacted copy of the FOIA production: Rundell does not possess this material. Ex. E at 5, No. 8.

15. Documents Pamela Stuart reviewed: Rundell does not possess this material. Ms. Stuart may possess this material, but she is retired. Her contact information was provided in the Rule 26 witness list. Ex. E at 6, No. 9.

16. Documents possessed by BLM and Walter Johnson relating to the assignment of investigating Wayson's complaint about Schneider: Rundell does not possess this information. Ex. E at 6, No. 10.

17. Documents created by Johnson, Assmus, Ranger Lee, Evie Punches and other BLM personnel about the investigation of Mr. Schneider. Rundell does not possess this material. Ex. E at 6-7, No. 11.

18  Burgess' letter of resignation: Rundell does not possess this. Moreover it is irrelevant to any issue in this case. Ex. F at 1, No. 1.

19. Public notices issued by Rundell in May 19, 2004: Although this material is irrelevant as it concerns BLM land in New Mexico, Rundell produced the notices in her answer to the Fourth Request for Production, which was not yet due when Wayson filed his motion to compel. Ex. F at 2, No. 2.

20. Communication between Griles and Rundell.

There is none. Ex. F at 2-3, No. 3.

21. Communication between Woolridge and Rundell.

There is none. Ex. F at 3, No. 4.

22. Communication between Cherry and Rundell.

There is none. Ex. F at 3-4, No. 5.

## CONCLUSION

Rundell does not possess the information Wayson requests and she is not obligated to retrieve it from agency files. The information requested in the Motion to Compel must be denied as Rundell has no documents in her possession which could be compelled.

Respectfully submitted this16th day of May, 2007.

>                     NELSON P. COHEN
>                     United States Attorney
>
>                     s/ Susan J. Lindquist
>                     222 West 7th Ave., #9, Rm. 253
>                     Anchorage, AK 99513-7567
>                     Phone: (907) 271-3378
>                     Fax: (907) 271-2344
>                     E-mail: susan.lindquist@usdoj.gov
>                     AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2007,
a copy of the foregoing **RUNDELL'S RESPONSE
IN OPPOSITION TO THE MOTION TO COMPEL**
was served on:

Mark N. Wayson
c/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709

by regular U. S. mail.

s/ Susan J. Lindquist