Mark N. Wayson
C/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709
markonwayson@yahoo.com

RECEIVED APR 27 2007 CLERK, U.S. DISTRICT COURT FAIRBANKS, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N, WAYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| LINDA RUNDELL and the | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendants. | ) |
| | ) 4:06-Cv 1 (JWS) |

**ORDER TO COMPEL DISCOVERY**

It is hereby ordered that the Defendant will produce to the Plaintiff within _____ days,

the following document:.

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Order to Compel Disc. 4-27-07

1

1. Any documents issued in any form which purport to add duties to the Defendant's job description prior to her finding of September 19, 2002.

2. A list of all persons and all documents and notes from those persons, who supplied the Defendant with information which she relied upon in reaching her conclusion that Plaintiff had committed a crime against a BLM employee.

3. Copies of any and all written Bureau of Land Management procedures which Linda Rundell followed which led to her finding that the Plaintiff had committed a crime.

4. All reports, notes, e-mails and documents which formed the basis for Judge/U.S. Attorney Timothy Burgess' Certification of January 17, 2006, that Linda Rundell was acting within the scope of her employment when she committed the acts for which Plaintiff is suing.

5. All e-mails, notes of telephone conversations, letters, memos, or other communications direct or indirect in nature between Linda Rundell and convicted lobbyist, Jack Abramoff, between October 2001, up to the date of Abramoff's conviction.

6. All e-mails, notes of telephone conversations direct or indirect in nature between Judge/U.S. Attorney Timothy Burgess, and convicted lobbyist jack Abramoff, from October 2001, up to the date of Abramoff's conviction.

7. The written statement of findings from Ms. Rundell's immediate supervisor, or whoever was designated by the head of BLM to prepare the statement, whether Ms. Rundell was acting within the scope of her employment when she made the finding September 19, 2002, that the Plaintiff had forcibly committed a crime against Carol Hammond, and the supervisor or designee's recommendation for or against providing representation, and the appropriate documentation for this statement and recommendation.

8. A copy of all e-mails, notes reports, documents, communications and other records, by the U.S. Attorney, or members of his staff, which supports the certification by Judge Timothy Burgess that Linda Rundell was acting within the scope of her employment at the time of the allegations in the Plaintiff's complaint.

9. A copy of the U.S. Attorney's policy which is followed by the U.S. Attorney when certifying that a federal employee is acting within the scope of employment.

10. A copy of any policy by the Attorney general of the United States authorizing the transfer to a federal judge of the authority of the U.S. Attorney to certify that any act committed by a federal employee was within the scope of her employment.

11. A copy of the revised procedures put into place to increase, enhance, and facilitate the flow and exchange of law enforcement related information between federal and local law enforcement agencies.

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Order to Compel Disc. 4-27-07

12. A copy of the BLM policy or procedure requiring that BLM re-assert federal control over mining claims which originally remained federal claims at the request of the miner on lands turned over to the State of Alaska under ANILCA, but which were subsequently abandoned by the miner or lost to him for his failure to follow BLM administrative requirements, and the BLM policy for responding to requests for the expedited conveyance of mining claims to the State of Alaska.

13. The BLM policy for what action BLM employees are directed to take when confronted with two operators on a mining claim who both assert ownership or control of the same mining claim.

14. A complete un-redacted copy of the information requested by the Plaintiff under FOIA from the Department of the Interior, and subsequently denied by the refusal to respond to an appeal received 6/30/04 by the FOIA Appeals Officer, Department of the Interior, and assigned the number, 2004-179.

15. Copy of all notes, e-mails, reports, documents, and other communications and records, which Pamela Stewart, Senior Agent in Charge, reviewed or produced herself, in her investigation of the Plaintiff's complaint, and in drafting the 9-19-02 memorandum for Ms. Rundell.

16. Copy of all notes, e-mails, documents, reports, and other communications and records, produced by Walter Johnson, and BLM personnel at all levels, including

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Order to Compel Disc. 4-27-07

4

personnel assigned to the Inspector General's office, relating to the assignment of Plaintiff's complaint against Robert Schneider, to Linda Rundell.

17. Copy of all notes, e-mails, documents, reports, and other communications and records produced by Walter Johnson, Greg Assmus, Ranger Lee, other law enforcement personnel, Evie Punches and any other BLM communication specialists, or BLM personnel, and by private citizens, in connection with the assignment and/or investigation of the complaint against Robert Schneider, filed by the Plaintiff.

18. The letter of resignation as U.S. Attorney submitted by Timothy Burgess, prior to, upon, or after his confirmation as a federal judge 12-21-05.

19. A copy of the public notice which was written, signed, circulated, or displayed by or for Linda Rundell, New Mexico state Director of the Bureau of land Management, and dated on or about may 19, 2004, limiting the public's right to comment, except through the submission of written comments that are delivered only by the U.S. Mail, on the Supplement to Proposed Resource Management Plan for Federal Fluid Minerals Leasing and Development in Sierra and Otero Counties, New Mexico, and opening of a 30-day public comment period (69 Federal Register 30718 (May 28, 2004))

20. Copies of all communications, and/or notes or reports of communications, from former Deputy Interior Secretary J. Steven Griles to Linda Rundell, whether direct or

through other parties, which were part of, or were related in any way to Linda Rundell's investigation of the Plaintiff's complaint of criminal activity by regional director Robert Schneider, or to her finding September 19, 2002, that the Plaintiff had committed a crime against Carol Hammond.

21. Copies of all communications, and/or notes or reports of communications, from Sue Ellen Wooldridge, former deputy chief of Staff to Secretary of the Interior Gale Norton, to Linda Rundell, whether direct or through other parties, which were part of, or related in any way to Linda Rundell's investigation of the Plaintiff's complaint of criminal activity by regional director Robert Schneider, or to her finding September 19, 2002, that the Plaintiff had committed a crime against Carol Hammond.

22. Copies of all communications, and/or notes or reports of communications, from Fran (Frances) Cherry, former Alaska State Director for the Bureau of Land Management, to Linda Rundell, whether direct or through other parties, which were part of, or related in any way to Linda Rundell's investigation of the Plaintiff's complaint of criminal activity by BLM regional director Robert Schneider, or to her finding September 19, 2002, that the Plaintiff had committed a crime against Carol Hammond.

Dated: _____

_____
JUDGE JOHN W. SEDWICK

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies
that on this 27 day of April,
2007, a copy of the foregoing was
served by mail on: AUSA Susan Lindquist

Office of U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, Alaska 99513

_____
Mark N. Wayson

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Order to Compel Disc. 4-27-07

7

Exhibit A
Page 7 of 7