

RECEIVED
JUN 11 2007
CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

Mark N. Wayson
C/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709
markonwayson@yahoo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N, WAYSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | |
| LINDA RUNDELL and the ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendants. ) | |
| ) | 4:06-Cv 1 (JWS) |

**REPLY TO OPPOSITION TO REMAND TO STATE COURT**

This court has previously determined that Defendant Linda Rundell was not acting within the scope of her employment, so the certification is ineffective. When that occurs, the statute says that the case should be remanded to State court.    28 U.S.C. Sec. 2679 (d) (3), states in part, "If, in considering the petition, the district court determines that the

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Reply to opp to remand 6-11-07

1

employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court." McCormick v. Cooley 458 F. Supp. 776 (W.D. Pa. 1978)

This federal court does have jurisdiction but that jurisdiction is not exclusive, since no federal law limits this Bivens action to federal courts.

Dated: June 11, 2007

_____
Mark N. Wayson, pro se

CERTIFICATE OF SERVICE
The undersigned hereby certifies
that on this _11_ day of JUNE
2007, a copy of the foregoing was
served by mail on: AUSA Susan Lindquist

Office of U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, Alaska 99513

_____
Mark N. Wayson

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Reply to opp to remand 6-11-07

2