

Mark N. Wayson
C/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709
markonwayson@yahoo.com

JUL 25 2007

**CLERK, U.S. DISTRICT COURT**
**FAIRBANKS, AK**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N, WAYSON, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>LINDA RUNDELL and the )<br>UNITED STATES OF AMERICA )<br>)<br>Defendants. )<br>_____ ) | 4:06-Cv 1 (JWS) |

**MEMORANDUM & AFFIDAVIT IN SUPPORT OF MOTION TO EXTEND**
**AUGUST 3, 2007, WITNESS LIST DEADLINE**

Plaintiff requests the court to extend the final witness list deadline, now Aug. 3, 2007,

to twenty days after the date that the defendant meets discovery requests, when the

Motion to Compel Discovery is granted.   Presently there is no evidence that any

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Memo to support Mot. To extend Wit. List 07-24-07

1

investigation was ever conducted. It is impossible for the Plaintiff to determine now who the U.S. Attorney might finally designate as having conducted the investigation which led to Ms. Rundell's finding that the Plaintiff had forcibly committed a crime against BLM engineer Carole Hammond. The most current designation by AUSA Susan Lindquist in her Rule 26 witness list, is that it was "Pam Stewart-retired," who conducted the investigation. Ms. Lindquist added, "She worked for Ms. Rundell and was assigned the task of investigating Mr. Wayson's complaint. She drafted the memorandum for Ms. Rundell. She knows she spoke with Mr. Schneider and Ranger Ed Lee."
(Attachment 1. page 2 of "Rundell's Rule 26 Witness List 02-09-07)

However, in her deposition taken 9-27-04, the Defendant was asked specifically by the Plaintiff, "Did Pamela Stuart have any role in this, in the inquiry?"

Ms. Rundell responded, "I don't know that she was on board at the time. I can't remember the exact dater we hired her."

Yet under questioning Ms. Rundell went on to acknowledge in her deposition that Pamela Stuart was the Special Agent-in Charge in Alaska at the time of the investigation, and that Ms. Stuart followed Ms. Rundell down to New Mexico to become the Special-Agent-in-Charge of law enforcement in New Mexico, just a few months after Ms. Rundell herself was transferred to New Mexico as the BLM State Director.
(Attachment #2.  Linda Rundell Deposition 09-27-04   Page. 10, lines 23-25, & Page 11, lines 1-20)

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Memo to support Mot. To extend Wit. List 07-24-07

2

It is simply not credible that Ms. Rundell was testifying honestly at this deposition on 09-27-04, when she refused to admit that her Special-Agent-in-Charge, Pamela Stuart was involved in the investigation, because she is now claiming that Pamela Stuart conducted the investigation. Special-Agent-in-charge Pamela Stuart's 2004 Law Enforcement Biography confirms that,

"In 2001, she was selected as the Special –Agent-in-Charge for Alaska."

The Stuart Biography goes on to say that,

"In 2003, she became the Special-Agent –in-Charge of the New Mexico Program."

(Attachment #3 Pamela Stuart 2004 BLM Law Enforcement Biography)

Thus, when Ms. Rundell was the BLM Alaska Acting State Director in 2002 who closed out the investigation of the Mark Wayson complaint, Pamela Stuart was the Special-Agent-in-Charge who reported directly to Director Rundell before, during and after 09-19-02, when Ms. Rundell closed out the investigation.

(Attachment #4. Schematic of BLM Law Enforcement chain of command.)

With only a few months separation in early 2003, Special-Agent-in-Charge Pamela Stuart took over the same position in New Mexico and was again reporting directly to Linda Rundell as her Special-Agent-in-Charge on 09-27-04, at the very time when Director Rundell was testifying in her deposition that she 'didn't know if Stuart was on board at the time,' nor 'the exact date we hired her.'

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Memo to support Mot. To extend Wit. List 07-24-07

BLM State Director Rundell, in her deposition 09-27-04, not only denied that Ms. Stuart was involved, but she further tried to deceive the Plaintiff and hide Pamela Stuart's involvement as the investigator of the Plaintiff's complaint, by indicating five separate times within a short period during the deposition questioning, that someone from the same 'BLM National Law Enforcement Office' which had assigned her the investigation, was subsequently assigned to, or assisted in the investigation by Rundell, when she obviously had to have known then that it was actually her own SAIC Pamela Stuart who was indeed involved.

(Attachment # 2 Linda Rundell Deposition 9-27-04  Page 7, lines 7-9, Page 8, lines 15-17, page 9, lines 9-11, & 18-20, Page 10, lines 17-19, Page 12, lines 9-11)

Yet in 2007, Ms. Rundell is now revealing that not only did her SAIC Pamela Stuart conduct the investigation, but that it was also SAIC Stuart who wrote for Rundell the memo dated September 19, 2002.  However, in her deposition 09-27-04, Ms. Rundell claimed no recollection of who would have drafted such a memo for her.

(Attachment #2, Rundell Deposition Page 6, lines 18-22)

What is credible is that Linda Rundell was carefully coached by AUSA Daniel R. Cooper as to how dishonestly she could testify in this deposition.  Any attorney, let alone an honest ethical prosecutor, would identify such testimony as perjury, and the evidence

that AUSA Cooper was aware of, or encouraged such perjury is made stronger by the fact that AUSA Cooper was aware then or soon after, that Pamela Stuart had written at least 'two letters' regarding the investigation, and informed the Plaintiff of this fact. (Attachment #5 Plaintiff's 04-27-07 Affidavit in Support of Motion to Compel Discovery, paragraph 5, pages 2-3)

Adding to the evidence of involvement by the U.S. Attorney's in the perjury and Obstruction of Justice by BLM State Director Linda Rundell is the records search which turned up no evidence of any investigation by anyone from the BLM National Law Enforcement Bureau, which contradicts his client's testimony that she turned the case over to 'someone' at the national Law Enforcement Office who conducted an investigation. Unless manufactured after 10-25-04, there appears to be no record of any investigation conducted by SAIC Pamela Stuart or anyone else, to support the 09-19-02 finding by BLM Director Linda Rundell.
(Attachment 6. E-mail BLM FOIA Coordinator Watkins to Wayson & AUSA Cooper, 10-25-04)

If SAIC Pamela Stuart did in fact conduct an investigation, then the two Pamela Stuart 'letters' which AUSA Cooper referred to during the Wayson v. Schneider case, would be part of any legitimate law enforcement investigation file. If the 'letters' referred to reflected either political influences which dictate actions by the Justice Department

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Memo to support Mot. To extend Wit. List 07-24-07

5

and/or the Bureau of Land Management, or the roles of either the Defendant or those acting with her, in Obstructing Justice during the investigation, then it is logical to presume they would be part of the documents which were concealed from the Plaintiff in the Wayson v. Schneider case.

What is also credible is that AUSA Cooper intended, and was successful in delaying the revelation that Pamela Stuart had conducted the investigation until after she had retired, and it should be anticipated that neither she nor her investigative report will be located at time of trial.

Efforts by the Plaintiff to obtain names of those who might appear as witnesses called by the Plaintiff at trial have included extensive efforts to obtain this information through the Freedom of information Act. Attached is a chronology prepared 02-04-05 as part of a final plea to AUSA Cooper to produce documents which he had repeatedly promised he would produce, but which was never sent in that case. The court dismissed the Wayson v. Schneider case before the chronology was sent. The same information requested in that case remains relevant to this case. The affidavit following this memorandum addresses this attachment.

(Attachment #7. Chronology of Efforts to Obtain Discovery, 02-04-05.)

Dated:    July 24, 2007

                                                  Mark N. Wayson, pro se

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies
that on this __25__ day of __July__
2007, a copy of the foregoing was
served by mail on: AUSA Susan Lindquist
Office of U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, Alaska 99513

_____
Mark N. Wayson

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Memo to support Mot. To extend Wit. List 07-24-07

7

## AFFIDAVIT OF MARK N. WAYSON 07-24-07

I, Mark N. Wayson, state that,

1. On or about 02.04.05, I prepared what is designated as attachment 7, 'Chronology of Discovery Attempts' in the preceding Memorandum in Support of the Motion to Extend Final witness List Deadline, based upon notes and records which I had at the time.

2. The chronology represents continuing efforts I have made to learn the identity of government and other witnesses who conducted or were any part of an investigation into a complaint I filed with the Dept. of the Interior Inspector General, April 2, 2002.

3. It is my belief that these witnesses are critical to establish at trial that Linda Rundell violated my constitutional rights, and/or to identify those who acted with her or under her direction, to violate my constitutional rights.

4. Through my Extensive Discovery efforts in this case, and FOIA efforts before and after Wayson v. Schneider was filed, and Discovery requests in the Wayson v. Schneider case, I have never located a single document which reflects that either a criminal or administrative investigation took place prior to the finding by Linda Rundell in her 09-

1

19-02 memorandum, and specifically there was not a single indication of an 'investigation' by SAIC Pamela Stuart, beyond those outlined in the preceding Memorandum.

_____          July 25, 2007
Mark N. Wayson


Sworn before me this 25th day of July, 2007.



_____
Thomas R. Wickwire, notary for and in the State of Alaska

Commission exp. 4-18-'10

2