# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, ) | |
| ) | |
| Plaintiff, ) | 4:06-cv-00001 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| LINDA RUNDELL, ) | [Re:   Motion at Docket 51] |
| ) | |
| Defendant. ) | |
| ) | |

## I.  MOTION PRESENTED

At docket 51, plaintiff Mark Wayson moves to remand this matter to state court. At docket 53, defendant Linda Rundell opposes the motion.  Plaintiff replies at docket 55.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

This action arises out of Linda Rundell's alleged finding, as the acting state director of the Bureau of Land Management ("BLM"), that Mark Wayson "forcibly committed a crime against BLM employee Carol Hammond."[1]  On January 13, 2006, plaintiff Mark Wayson filed an amended complaint in Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks, alleging that defendant Rundell damaged plaintiff's reputation and violated plaintiff's constitutional rights by finding that Wayson

---

[1]Amended Complaint at 2, exh. 2, doc. 6.

committed a crime against a federal employee and by obstructing the investigation of Wayson's complaint of misconduct by Robert Schneider, a BLM employee.

In January 2006, former United States Attorney Timothy Burgess certified that defendant Rundell "was acting within the scope of her employment with the [BLM] at the time of the allegations in Plaintiff's Complaint."[2]  Defendant Rundell  removed this matter to federal court pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2).[3] In subsequent motion practice, Wayson clarified that his complaint solely asserts a *Bivens*[4] claim against defendant Rundell in her individual capacity.  Consequently, by order dated May 15, 2006, the court vacated the United State's Attorney's certification that defendant Rundell acted within the scope of her employment.[5]  Plaintiff now moves to remand this matter to state court.  This court has federal question jurisdiction under 38 U.S.C. § 1331.

## III.  DISCUSSION

Plaintiff requests the court to remand plaintiff's complaint to state court on the grounds that defendant Rundell removed this case to federal court based on the United States Attorney's certification that Rundell's actions were within the scope of her employment with the BLM, and the court subsequently vacated that certification. Plaintiff's argument is unavailing.  In its order vacating the certification, the court expressly stated that plaintiff's *Bivens* claim "is still properly before this court because defendant's notice of removal also listed 28 U.S.C. § 1442(a)(1) as a basis for removal," which provides for removal of actions in which an officer of the United States is sued in his or her individual capacity for any act under color of such office.[6]  Moreover, it is well

---

[2]Notice of Removal at 2, doc. 1.

[3]Section 1442(a)(1) provides for removal of cases in which an officer of the United States is sued in his or her "individual capacity for any act under color of such office."

[4]*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[5]Doc. 21.

[6]Doc. 21 at 5.

-2-

established that district courts have jurisdiction over *Bivens* actions. *Bivens* actions are "brought against employees of the federal government in their individual capacities and are brought to redress violations of citizens' constitutional rights. They are firmly within the subject matter jurisdiction of the district courts."[7]

## IV.  CONCLUSION

For the reasons set out above, plaintiff's motion to remand at docket 51 is **DENIED**.

DATED at Anchorage, Alaska, this 27th day of July 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[7] *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 563 (9th Cir. 1994).