UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, ) | |
| ) | |
| Plaintiff, ) | 4:06-cv-00001 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| LINDA RUNDELL, ) | [Re:   Motion at Docket 45] |
| ) | |
| Defendant. ) | |
| ) | |

## I.  MOTION PRESENTED

At docket 45, plaintiff Mark Wayson moves to compel production of all documents no yet produced in response to plaintiff's first through fourth requests for production.  At docket 48, defendant Linda Rundell opposes the motion.  Plaintiff replies at docket 50.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

This action arises out of Linda Rundell's alleged finding, as the acting state director of the Bureau of Land Management ("BLM"), that Mark Wayson "forcibly committed a crime against BLM employee Carol Hammond."[1]  On January 13, 2006, Wayson filed an amended complaint in Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks, alleging that Rundell damaged Wayson's reputation and

---

[1] Amended Complaint at 2, exh. 2, doc. 6.

violated his constitutional rights by finding that Wayson committed a crime against a federal employee and by obstructing the investigation of Wayson's complaint of misconduct by Robert Schneider, a BLM employee.

In January 2006, former United States Attorney Timothy Burgess certified that Rundell "was acting within the scope of her employment with the [BLM] at the time of the allegations in Plaintiff's Complaint."[2] Rundell removed this matter to federal court pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2).[3] In subsequent motion practice, Wayson clarified that his complaint solely asserts a *Bivens*[4] claim against Rundell in her individual capacity. Based on Wayson's representation, the court vacated the United State's Attorney's certification that Rundell acted within the scope of her employment.[5] This court has federal question jurisdiction under 38 U.S.C. § 1331.

## III. DISCUSSION

To date, plaintiff Wayson has served defendant Rundell with four separate sets of requests for production in this action, to which Rundell has filed four responses.[6] Pursuant to Federal Rule of Civil Procedure 37, Wayson now moves to compel Rundell to more fully respond to Wayson's requests for production. Wayson specifically requests an order compelling Rundell to produce all documents listed in a proposed order filed with the court.[7] Wayson's motion to compel includes the requisite certification that Wayson has in good faith attempted to confer with Rundell in the effort to secure the requested disclosures without court action.[8]

---

[2]Notice of Removal at 2, doc. 1.

[3]Section 1442(a)(1) provides for removal of cases in which an officer of the United States is sued in his or her "individual capacity for any act under color of such office."

[4]*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[5]Doc. 21.

[6]Doc. 48, exhs. C, D, E and F.

[7]Doc. 46, attachment 1.

[8]Fed. R. Civ. P. 37(a)(2)(A).

Rundell opposes the motion on the grounds that she does not possess the documents Wayson has requested. Pursuant to Federal Rule of Civil Procedure 34(a), parties to an action may request another party to produce documents which "contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." Defendant Rundell argues that while Wayson is suing Rundell as an individual, the documents Wayson has requested "are retained by the Bureau of Land Management ("BLM"), the United States Attorney's Office, the Department of Interior's Office of the Inspector General, or Pamela Stuart."[9] Rundell further argues that while she served as Associate BLM Director for Alaska from December 1999 through December 2002, she transferred to New Mexico in December 2002 and does not possess the BLM files for the Alaska Division.

Wayson does not provide any evidence that Rundell does indeed possess the requested documents, but rather suggests that Rundell and her attorney are required to produce documents which are in the possession of the BLM and the United States Attorney's Office, which are not parties to this case. Wayson's suggestion does not comport with the discovery rules set forth in the Federal Rules of Civil Procedure. Because Wayson has not made any showing that the requested documents are in the possession, custody or control of Rundell, the court will deny Wayson's motion to compel.

### IV.  CONCLUSION

For the reasons set out above, plaintiff's motion to compel at docket 45 is **DENIED**.

DATED at Anchorage, Alaska, this 6gh day of August 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[9]Doc. 47 at 3.