Mark N. Wayson
C/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709
markonwayson@yahoo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RECEIVED
AUG 1 5 2007
CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

| | |
|---|---|
| MARK N. WAYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| LINDA RUNDELL and the | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendants. | ) |
| | ) 4:06-Cv 1 (JWS) |

## MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR RE-CONSIDERATION OF MOTION TO COMPEL

Plaintiff requests the court to re-consider the denial of Plaintiff's Motion to Compel Discovery because the Plaintiff did establish that the Defendant has possession, control or custody of the materials requested.

1. Plaintiff is seeking through discovery the evidence, if any there be, that due process preceded the finding by Defendant of criminal action by Plaintiff. The order denying the Motion to Compel Discovery acknowledges that Plaintiff has made a good faith attempt to obtain the requested disclosures without court action. Absent the will to investigate Plaintiff's complaint against Linda Rundell or any official who may have worked with her, requiring her to produce the documents which show the reasons and factual basis for

her finding are the only remedy to establish an accurate record of the violations of Plaintiff's rights. There is a need for expediency. The adverse effects of this finding particularly the Plaintiff's and his daughter's access to one another, include a childhood slipping away without contact between father and daughter, and the alienation effects are cumulative. The materials requested are vital to Plaintiff's ability to prove this. Plaintiff sees no prejudice to Defendant in granting the Motion to Compel Discovery.

2. The Defendant's Associate Director job description, (included as attachment # 5 in Plaintiff's Memorandum in Support of Motion to Compel Discovery) shows that Defendant had the legal authority to get the materials requested in the Plaintiff's Motion to Compel. She testified that she used the authority to generate and/or acquire those materials, and used the information from the materials requested by Plaintiff. (Attachment: 1 Rundell deposition 9-27-04 page 12, lines 4-11)

3. Linda Rundell's job description as a State BLM Director states,

"The State Director serves as the direct, on-site extension of the Director, Bureau of Land Management, in the accomplishment of his/her broad management responsibilities."

Ms. Rundell is the extension of the highest ranking BLM official. Rundell's job description closes with the Supervision and Guidance Received section. In part it reads,

"As State Director, incumbent is accorded both the privilege and the obligation of functioning with full latitude and independence of action." (last page of text)

This job description certainly gives Linda Rundell control of all the materials which the Plaintiff has requested in Production.
(Attachment # 2   BLM State Director's Job description.

4. Since Linda Rundell has this authority, the burden to prove that she does not have control shifts to her. **Scot v. Arex, Inc.,** 124 F.R.D. 39, 42 (D. Conn 1989) (resisting party must show substantial justification that she does not have control.) It is not credible

that a BLM State Director would be denied if she requested records from the BLM Law Enforcement and those from the Dept. of Interior Office of Inspector General, to substantiate an official finding which she made as the BLM official assigned by the D.O.I. O.I.G. to investigate a complaint against Robert Schneider. It seems highly improbable that these materials and resources were available to Linda Rundell prior to making her finding, but are not available to her now to substantiate her finding.

5. Control by a party over the person or entity in possession of documents, in this case the D.O.I., O.I.G., and the BLM Law Enforcement Office, is sufficient to require that Linda Rundell produce the documents. In **Gray v. Faulkner**, 148 F.R.D. 220, 223 (N.D. Ind 1992) the court ruled that the party being asked must seek information reasonably available from employees, agents, or others subject to that party's control. Based on her job as a BLM State Director, Ms. Rundell has only to pick up the telephone to obtain the documents requested, which she used to arrive at her finding of guilt by the Plaintiff.

6. In this case, Defendant has made no showing that she has requested or been refused the documents upon which she relied to make her finding, either both from the BLM Law Enforcement division, the D.O.I., O.I.G, or the U.S. Attorney's office.

7. Defendant's claim that her transfer to New Mexico cuts her off from the Alaskan Records is not credible. BLM is a national agency which controls lands over the entire United States. Rundell's repeated claims in deposition that someone from the National BLM law Enforcement Office assisted her in investigating Robert Schneider contradicts any claim that her transfer to New Mexico somehow reduces her access to the records.

8. Ms. Lindquist claim to be Ms. Rundell's personal attorney. She claims that she is conducting a personal defense for Ms. Rundell. Since Lindquist is a member of the U.S. Attorney's office, every member of that office has access to the Rundell file. Documents within the possession of a party's attorney are within the control of the party. Therefore the materials requested from the Defendant which are maintained by the Dept. of Justice

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Motion to reconsider mot to compel 8 10 07

3

remain within Linda Rundell's control, since Ms. Lindquist has control of these materials. The **Gray v. Faulkner** rule applies because Rundell has made no attempt to obtain the materials requested, including those in possession of the Department of Justice.

9.  While the court has invalidated the certification by Judge Burgess that Linda Rundell was acting within the scope of her employment, this record remains relevant to establishing the lack of due process, and the Obstruction of Justice by Linda Rundell and those acting with her in impeding the investigation of her subordinate, Robert Schneider.

10. The designation in Rundell's witness list of Special Agent In Charge in Alaska Pamela Stuart, as having conducted the investigation, which led to Rundell's finding contradicts Rundell's sworn deposition testimony in the Schneider case that someone from the National Office conducted the investigation.
(Attachment # 3  Rundell's Rule 26 witness list 2-9-07  page 2)

11. The acknowledgement by AUSA Daniel Cooper that there were two letters by SAIC Pamela Stuart, which were part of the Schneider investigation also contradicts Rundell's sworn refusal to admit that SAIC Stuart had a role in the investigation.
(Attachment # 4  7-24-07 Affidavit by Plaintiff & Schneider Discovery Chronology)
(Attachment 1, page 10, lines 23-25 & page 11, lines 1-7)

12. Law enforcement records of investigations are not maintained as personal records. It is not credible that SAIC Stuart retired and took the record home.

13. When it is clear that a party does not produce materials that could exonerate the party or justify his or her actions, it is then fair to infer that what that party claims to have, could be harmful to that party. It is fair then to suggest that the letters by Pamela Stuart contain evidence that Linda Rundell did violate the Plaintiff's constitutional rights.

14. In considering the proportionality and relevance of the Discovery Requests by the Plaintiff, it is relevant that the materials sought in both the Schneider and Rundell cases are connected and in many instances identical. Materials sought most probably sit in the U.S. Attorney's office in either file. Claims by Ms. Lindquist that the material is not in either Rundell's or her possession because it is not in personal files is a distortion of the meaning and intent of possession under rule 34, and is trumped by the broader definition of control and custody. The process is tilted against Plaintiff.

15. Ms. Rundell used the full force and resources of the United States government to commit her act, and has the full force and strength of the Department of Justice to defend her, but will be permitted to be exempt from normal Discovery rules merely because she is being sued under a Bivens action, unless the court grants Plaintiff's Motion to Compel discovery. The rules are adequate and Defendant needs no extra protection as a Bivens defendant.

Dated: August 14, 2007

*/s/ Mark N. Wayson*

Mark N. Wayson, pro se

CERTIFICATE OF SERVICE
The undersigned hereby certifies that on this _15_ day of _Aug_, 2007, a copy of the foregoing was served by mail on: AUSA Susan Lindquist

Office of U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, Alaska 99513

*/s/ Mark N. Wayson*

Mark N. Wayson
Wayson v. Rundell, 4:06 Cv 1 (JWS)
Motion to reconsider mot to compel 8 10 07

5