Mark N. Wayson
C/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709
markonwayson@yahoo.com

RECEIVED SEP 2 6 2007 CLERK, U.S. DISTRICT COURT FAIRBANKS, AK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N, WAYSON, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>LINDA RUNDELL and the )<br>UNITED STATES OF AMERICA )<br>)<br>Defendants. )<br>_____ ) | 4:06-Cv 1 (JWS) |

**MEMORANDUM IN SUPPORT OF MOTION TO AMEND WITNESS LIST**

Plaintiff moves to amend the final witness list in order to designate Ms. Jutta Froehlich-Tumbrink as an expert witness. Plaintiff did not realize that opinions expressed in deposition by Ms. Froehlich-Tumbrink in the **Wayson v. Schneider** case might not be allowed in trial unless Ms. Froehlich-Tumbrink is offered as an expert witness.

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Memo support Mot. To amend Wit List
9-26-07

1

1.  Defendant is not prejudiced by Plaintiff listing Ms. Froehlich-Tumbrink as an expert witness at this time, since there is no trial date set, and since Ms. Froehlich-Tumbrink's deposition is available to the defense in the U.S. Attorney's office, and because this deposition contains much of Ms. Froehlich-Tumbrink's anticipated testimony.

2.  On 9-14-07 Plaintiff notified AUSA Lindquist by e-mail of the intent to request that the witness list be amended to list Ms. Froehlich-Tumbrink as an expert witness, and pointed out that Ms. Froehlich-Tumbrink had been previously deposed, and inquired whether AUSA Lindquist would oppose the motion. AUSA Lindquist responded 9-18-07, that she wished to discuss it on 9-20-07 when Plaintiff was to be in Anchorage for depositions, but stated on 9-20-07, that she would oppose the motion and that the previous deposition from Ms. Froehlich-Tumbrink could not replace the expert witness report.

3.  September 20, 2007, Plaintiff was deposed by Ms. Lindquist, and a major portion of the questioning centered upon the German court processes regarding access to Plaintiff's daughter, both before and after a Hague Treaty Petition for access was filed in June 2001.

4.  Ms. Froehlich-Tumbrink is a German attorney, and a native German speaker, and is knowledgeable as to the nature and sequence of the judicial processes in Germany regarding access by a foreign parent to his child, and she can speak from experience as to

the anticipated and normal outcome of these processes, wherein the Plaintiff, while representing himself in the German courts for nearly four years, has a limited understanding of both the German language, and German court processes, and Plaintiff relied upon Ms. Froehlich-Tumbrink for both language and legal assistance while acting as his own attorney, and Plaintiff is not qualified to testify expertly regarding the German family court processes, which are relevant to the damages suffered by Plaintiff, and of interest to the defense, based upon questions asked at Plaintiff's deposition taken 9-20-07.

5.   Ms. Froehlich-Tumbrink is available for deposition, regarding her qualifications and experience, and a copy of her expert witness report was faxed to defense counsel this date, 9-26-07.

6.   Ms. Froehlich-Tumbrink had a conversation with Marion Ram, Deputy Consulate of the American Consulate in Düsseldorf Germany, approximately January of 2004 during which Deputy Consulate Ram confirmed that she had contacted Judge Goehler-Schlicht of the 21st Appeals court in Cologne Germany, while the judge's appeal court had the Plaintiff's case before it at the time, and that Deputy Consulate Ram, confirmed to Ms. Froehlich-Tumbrink, that she had informed the judge that the Consulate employees felt "threatened" by the Plaintiff, and were "scared" of the Plaintiff. (Attachment 1. 10-22-04 Deposition of Jutta Froehlich-Tumbrink, page 15, lines 20-24, & page 16, lines 3-5)

7. Ms. Froehlich-Tumbrink completed her legal education at the Johann-Wolfgang-Goethe University in Frankfurt Germany in 1973. She has worked full or part time, both on a paid and voluntary basis in family law since 1973.

8. Ms. Froehlich-Tumbrink has been involved as a translator, and legal consultant on Rosana Joy Sug Wayson's family court cases, both in Brazil and Germany, since January 1997.

9. Ms. Froehlich-Tumbrink was certified as a Guardian ad Litem in Germany in 2003, and has since worked on many international cases, and is qualified to testify as to the factors which a family court judge must consider with respect to the safety and well-being of any child, and to give her opinion as to what factors have caused the German family courts not to provide Plaintiff access to his child. .

10. Ms. Froehlich-Tumbrink has been consulted by officials of the Berlin Justice Ministry, and Appeals courts in the judicial district headquartered in Frankfurt Germany.

11. Ms. Froehlich-Tumbrink's expert testimony is expected to cover the laws, court rules, and practices of the German courts and supporting agencies in German Family law cases. She is expected to testify as to the normal requirements and subsequent results which occur in cases she has been involved in when a foreign parent is pursuing access to his/her child in Germany.

12.  Ms. Froehlich-Tumbrink can provide an expert opinion as to why Plaintiff has not had the legal access to his child in Germany, since Plaintiff has met all legal requirements to do so.

Dated: September 26, 2007

*[signature]*

Mark N. Wayson, pro se

CERTIFICATE OF SERVICE
The undersigned hereby certifies that on this 26 day of Sept., 2007, a copy of the foregoing was served by mail on: AUSA Susan Lindquist

Office of U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, Alaska 99513

*[signature]*
Mark N. Wayson

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Memo support Mot. To amend Wit List
9-26-07

5