NELSON P. COHEN
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, | ) Case No.  4:06-cv-00001-JWS |
| Plaintiff, | ) **RUNDELL'S RESPONSE IN** |
| v. | ) **OPPOSITION TO WAYSON'S** |
| | ) **MOTION TO ADD AN EXPERT** |
| LINDA RUNDELL | ) |
| Defendant. | ) |

The Defendant, Linda Rundell ("Ms. Rundell"), in her personal capacity, through counsel, responds in opposition to Mark Wayson's ("Mr. Wayson's") motion to name an expert and allow expert testimony.

Mr. Wayson claims that Ms. Rundell's memorandum damaged him because it affected his litigation in Germany regarding visitation rights of his daughter. Mr. Wayson asks to name Ms.  Froehlich-Tumbrik, an expert attorney in German

child matters. He stated that Ms. Froehlich-Tumbrik would provide "expert opinion as to why Plaintiff has not had the legal access to his child in Germany, since Plaintiff has met all legal requirements." Dkt 67 at 5. Ms. Rundell objects to expert testimony as neither the expert nor Mr. Wayson have any factual evidence that she acted in any manner to provide any German court or the United States' Consulate in Germany ("Consulate") with the memorandum or any information in the memorandum.

## FACTS

Mr. Wayson began litigating for visitation rights with his daughter in October of 1998. Ex. A at 6. In July of 2002, Mr. Wayson received word that Judge Niepmann, of the German court was going to reverse her prior favorable ruling and that he would not be allowed to visit his daughter for four years. Ex. A at 8.

Ms. Rundell wrote her memorandum in September 2002 about the encounter between Mr. Wayson an a BLM employee on September 15, 2001. Ex. A at 5

In March of 2003, Mr. Wayson won his appeal of the 2002 decision denying him access to his daughter. Ex. A at 10; Ex. B at 36. Mr. Wayson made contacts with his daughter without difficulty in 2003. Ex. A at 10. Later, Judge Goehler-

Schlicht, of the German appellate court, indicated that Mr. Wayson would be granted overnight visits. Ex. A at 10. In August 2004, the mother refused Mr. Wayson access to the daughter. Ex. A at 11.

During a prior lawsuit Mr. Wayson brought against Robert Schneider, F03-0035 cv, ("Wayson I"), Daniel Cooper of the U.S. Attorney's office deposed Ms. Froehlich-Tumbrik. Ex. B. She testified about her impression that Mr. Wayson's litigation in Germany was proceeding normally until the court issued the 2001 decision, discussed above, which Ms. Froehlich-Tumbrik considered unusual. Ex. B at 8, 11-14 & 24.

Ms. Froehlich-Tumbrik also testified about the Consulate's role in the litigation. Ex. B. She heard that Consulate employees thought that Mr. Wayson was threatening. Ex. B at 15. Ms. Froehlich-Tumbrik also testified that she spoke to a secretary at the Consulate who informed her that Ms. Ram at the Consulate had spoken with Judge Goehler-Schlicht, a judge in the appellate court, but Ms. Froehlich-Tumbrik did not know the content of the conversation. Ex. B at 15-17.

Ms. Froehlich-Tumbrik, testifying in Wayson I, suspected that Mr. Robert Schneider was responsible for conveying the negative impression of Mr. Wayson to the Consulate. Ex. B at 30-31. But ultimately she stated that she did not know who gave any information to the Consulate. Ex. B at 32.

Mr. Wayson testified that he did not know where the Consulate got the information that he was dangerous.  Ex. A at 13, 16 & 17.  He also confirmed that Ms. Froehlich-Tumbrik does not know who told Ms. Ram that Mr. Wayson is dangerous.  Ex. A at 17.  He suspects Ms. Rundell is at the start of the chain.  Ex. B at 35.

In September of 2002, Ms. Rundell submitted her memorandum to the Chief of the law enforcement section.  Ex. C at 17-18.  Before this current suit started against her, she testified that she thought the memorandum got filed in some central the law enforcement files.  Id.  She only sent the memorandum to Law Enforcement.  She never gave it to anyone in Germany or spoke with anyone in Germany about it.  Ex. D.  She did not know about Mr. Wayson's litigation in Germany until he sued her.  Ex. D.

## ANALYSIS

Federal Rule of Evidence 702 allows expert testimony in the form of an opinion if it will assist the trier of fact to understand the evidence or to determine a fact in issue.  An expert may testify in the form of an opinion if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Case No. 4:06-cv-00001-JWS              -4-

Mr. Wayson intends to present Ms. Froehlich-Tumbrik's opinion to establish damages that resulted from Ms. Rundell's memorandum. Dkt. 66 at 2. But if there is no factual information which connects the memorandum with the Consulate or the German courts, expert testimony is not helpful. Neither Mr. Wayson nor Ms. Froehlich-Tumbrik has any evidence about who or what entity conveyed information to the Consulate. Neither has any evidence of the precise information conveyed. Neither has any evidence that Ms. Rundell, herself, took any action to tell anyone in Germany that Mr. Wayson in threatening. As this case is against her, she cannot be liable for actions that other federal employees or private people took. Ms. Rundell only signed the memorandum and send it to the Chief of Law Enforcement. She did nothing more. She did not send it to Germany. She did not discuss it with anyone who had anything to do with Germany. Without any evidence connecting Ms. Rundell's memorandum to Judge Niepmann's adverse decisions, Ms. Froehlich-Tumbrik can only speculate about the cause.

And speculate is what she did in Wayson I. Ms. Froehlich-Tumbrik suspected that Mr. Robert Schneider had something to do with the adverse orders Mr. Wayson was receiving from the German courts. She thought Mr. Schneider was the source.

Not surprisingly, Mr. Wayson's difficulties with the German court arose even before Ms. Rundell's memorandum was written. In 2001, Mr. Wayson had a favorable ruling reversed which Ms. Froehlich-Tumbrik thought was unusual. Therefore, there are factors, other than Ms. Rundell's memorandum and including the mother's aggressive resistence, which caused at least one significant and allegedly unusual court decision in 2001. This fact highlights the absurdity of attributing unfavorable judicial outcomes in a case that has been litigated for almost ten years to a memorandum, which has not been submitted to German courts. Ex. A at 39-40.

Moreover, on the facts of the case, the judge who got the information gave Mr. Wayson favorable decisions. Ms. Ram of the Consulate spoke with Judge Goehler-Schlicht about Wayson. But she is the judge who decided in Mr. Wayson's favor by reversing the lower judge's opinion and indicating that she would allow Mr. Wayson to have his daughter over night. Thus, there is no factual basis for any surmised conclusion that the information about Mr. Wayson's character affected his litigation.

Ms. Froehlich-Tumbrik's opinion would not be helpful to this court because there are not sufficient facts or data upon which to apply any expertise. As both Ms. Froehlich-Tumbrik and Mr. Wayson have stated that they do not know who

gave information to the Consulate and Ms. Rundell denies that she gave the information to anyone in Germany, there is nothing on which to base an opinion.

## CONCLUSION

The court should exclude Ms. Froehlich-Tumbrik's expert opinion because it would not be useful to the court. Ms. Rundell is only responsible for her personal actions and there is no evidence that she contacted anyone in Germany. She only sent her memorandum to the Chief of Law Enforcement. Ms. Froehlich-Tumbrik and Mr. Wayson do not know how the Consulate got its information. There are simply insufficient facts upon which to express any opinion. Ms. Froehlich-Tumbrik's opinion would be based on suspicion and innuendo and it should be excluded.

Respectfully submitted October 15, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Susan J. Lindquist
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2007,
a copy of the foregoing **RUNDELL'S RESPONSE IN OPPOSITION TO WAYSON'S MOTION TO ADD AN EXPERT**
was served by email to Mr. Wayson and to:

Mark N. Wayson
c/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709

by regular U. S. mail.

s/ Susan J. Lindquist