*Rundell Administrative Inquiry*



# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
ALASKA STATE OFFICE
222 W. 7th Avenue, #13
ANCHORAGE, ALASKA 99513-7599

9260 (910)

SEP 19 2002

Memorandum

To: Chief, National Law Enforcement Office

From: State Director

Subject: DOI-OIG Case File No. 2002-I-R-612-WCA

This is in response to the inquiry forwarded to you from the Office of Inspector General regarding Mark Wayson.

Upon careful review of the incident in question, we have determined there has been no willful and knowing violation of 18 U.S.C. 1001 on the part of the Bureau of Land Management (BLM) Northern Field Office (NFO) Manager, Robert Schneider.

Ms. Hammond, the BLM employee in the field on the day in question, was performing her official duties on lands managed by the BLM when she was approached by Mr. Wayson. Ms. Hammond expressed to both Mr. Wayson and the BLM management that there was a perceived threat from Mr. Wayson. It was a weekend day and the incident was in a remote location. As is standard procedure, a law enforcement ranger was notified and responded to the site. By the time the ranger arrived, Mr. Wayson was no longer in the immediate area; therefore no contact was made with Mr. Wayson by the ranger.

It is within Mr. Schneider's purview to take the necessary steps to mitigate all potential or *perceived* threats in a prudent and rational fashion. The presence of a uniformed law enforcement officer in a clearly marked patrol unit is a deterrence tool. The officer's presence is an effort to de-escalate any potential situation or incident from occurring and to protect the rights of all parties concerned.

As a manager, Mr. Schneider has the right, responsibility, and legal obligation to ensure he is not exposing his employees to any undue harm. Title 18 United States Code 111 states in pertinent part, "whoever forcibly assaults, resists, opposes, *impedes, intimidates, or interferes* with any person designated in section 1114 of this title (the BLM falls within this statute) while engaged in or on account of the performance of official duties shall be fined under this title or imprisoned not more than one year, or both". Ms. Hammond, while performing her official duties, was

*Attachment #5*

2

intimidated by Mr. Wayson. It is our opinion that Mr. Schneider acted reasonably and prudently when he requested the ranger to stand by the site until the work was completed, thereby relieving Ms. Hammond of the intimidation she felt, whether real or perceived.

Under no circumstances is Mr. Schneider or the BLM attempting to create a dangerous situation for Mr. Wayson. It is the mission and duty of Mr. Schneider and the BLM to create a safe environment on public lands for employees and the public for both work and recreation.

*Linda Schandel,*
*acting*