1                    IN THE UNITED STATES DISTRICT COURT

2                       FOR THE STATE OF ALASKA

3   MARK N. WAYSON                        )
                                          )
4                      Plaintiff,         )
                                          )
5   vs.                                   )
                                          )
6   LINDA RUNDELL and the                 )
    UNITED STATES OF AMERICA,             )
7                                         )
                       Defendants.        )
8   _____)
    Case No.   4:06-CV 1 (JWS)

9
                         DEPOSITION OF EDDIE LEE
10                         September 11, 2007

11  APPEARANCES:

12          FOR THE PLAINTIFF:        MR. MARK WAYSON
                                      In propria persona
13                                    c/o Wickwire
                                      2775 Hanson Road
14                                    Fairbanks, Alaska 99709
                                      (907) 474-0068
15
            FOR THE DEFENDANT
16          LINDA RUNDELL
            (Telephonically):        MS. SUSAN LINDQUIST
17                                    222 W. Seventh, #9, Room 253
                                      Anchorage, Alaska 99513
18                                    (907) 271-3378

19          FOR THE DEFENDANT
            UNITED STATES:            MR. STEPHEN COOPER
20                                    Office of the U.S. Attorney,
                                      101 Twelfth Avenue, Room 310
21                                    Fairbanks, Alaska 99701
                                      (907) 456-0245
22
                          *  *  *  *
23

24

25

Attachment # 10

38

1  A   Not necessarily, because this really wasn't a big

2      issue.  This was just an incident and it was closed

3      right away.

4  Q   Who closed it?

5  A   I did.

6  Q   So you opened it and closed it?

7  A   Yes.

8  Q   So it could have been closed whenever you opened

9      it -- I mean, whenever you wrote it.  Is that right?

10     Is that when you.....

11 A   It -- I would -- I would -- I believe it was closed

12     when I wrote it.

13 Q   And you decided it was closed.  And so when you wrote

14     it, it was already closed?

15 A   No, no.  No -- oh, I see what you mean.  By the time I

16     had written this, in my mind, it was closed.

17 Q   But is there an official closing?

18 A   It looks like time cleared -- well, I may have closed

19     it that day.  I may have come into the office and

20     closed it out then, because it says 9/15, 1430.  That

21     doesn't necessarily mean that I did, but a -- lots of

22     times, that's what happens.

23 Q   Because it has 1430 as the time; it's the time

24     investigated and it's the time cleared, so that would

25     also be the time closed or.....

LIZ D'AMOUR & ASSOCIATES, INC.
330 Wendell Street, Suite A
Fairbanks, Alaska 99701
(907) 452-3678

39

| | | |
|---|---|---|
| 1 | A | Would you repeat that, sir? |
| 2 | Q | Well, in the upper portion of the..... |
| 3 | A | Uh-huh. |
| 4 | Q | .....report, I'm just reading from there and it says, |
| 5 | | time reported -- excuse me, time investigated, 1430, |
| 6 | | and then time cleared, 1430.  What does that mean, time |
| 7 | | cleared? |
| 8 | A | Yeah, that -- that was the end of any incident.  But it |
| 9 | | probably took me longer than that to -- to write this, |
| 10 | | because that would have only been two hours. |
| 11 | Q | Uh-huh. |
| 12 | A | And, you know, as you know, it probably takes probably |
| 13 | | four hours to get up there and back if you just drove |
| 14 | | up and back. |
| 15 | Q | Uh-huh.  But you're not sure when you did -- but let me |
| 16 | | ask you this.  What happens to this report?  Does it go |
| 17 | | to the special agent in charge? |
| 18 | A | I believe the procedure is that it's uploaded. |
| 19 | Q | Uh-huh. |
| 20 | A | The special agent in charge, I believe, reviews it and |
| 21 | | then it's sent onto the National Office and I think |
| 22 | | that's where it's stored into the computer, into the |
| 23 | | server. |
| 24 | Q | So if you went to the National Office, you could find |
| 25 | | out when this report was written.  Is that correct? |

**LIZ D'AMOUR & ASSOCIATES, INC.**
*330 Wendell Street, Suite A*
*Fairbanks, Alaska 99701*
*(907) 452-3678*

50

1             MR. COOPER:   Could you repeat it, Mr. Wayson?

2    Q    I want to know if Carol Hammond -- if you responded out

3         there because Carol Hammond reported a crime to you?

4    A    No, she did not report a crime.

5    Q    Did she report elements of a crime?

6    A    She reported that she was trying to do this project and

7         that you had confronted her like this -- the report

8         says and I think she had said, as I've stated in here,

9         that you asked her to stop working on the project.

10        And -- and obviously the reason she called was she was

11        concerned.  And she asked for my assistance out there.

12   Q    Okay.  So as far as an incident report, why do we call

13        it -- why do we put a criminal thing on here where we

14        say.....

15   A    You mean, this -- on the front here where we first.....

16   Q    Exactly.

17   A    I only have certain categories that I can put this

18        report into.

19   Q    Uh-huh.

20   A    And -- and that was interference with an employee.

21   Q    Uh-huh.

22   A    That's as close as I felt that I could categorize this

23        with the options that I have.

24   Q    What about BLM trespass on a state mining claim?   Could

25        you put that down?

81

1   documents you've enclosed, and about whether these were

2   generic text -- was it a text about law, what type of

3   documents.  And in this -- in the third paragraph, it

4   states, the documents that I have enclosed may be of

5   value to your defense since they were recorded in a

6   timely manner and relate what actually happened.  Okay.

7   Would the law review articles be articles that were

8   recorded in a timely manner?

9 A  No, they -- I don't believe that they would.

10 Q  Does this indicate to you that the documents that

11   you've enclosed weren't from a law text?

12 A  Yes, that's correct.

13 Q  Mr. Lee, do you have any recollection of Linda Rundell

14   talking to you about this incident of September?

15 A  No, I don't.

16 Q  And do you have any recollection of Pam Stewart talking

17   to you about this incident in September?

18 A  No, I don't.  But she was the special agent in charge;

19   that's possible, but I don't remember a conversation

20   with her.

21 Q  And did you check your e-mail file to see if there were

22   any e-mails from Pam Stewart about this incident in

23   September?

24 A  I did.

25 Q  And did you find any e-mails?

82

1 | A        I didn't find anything.

2 |                MS. LINDQUIST:  No further questions.

3 |                          EDDIE LEE

4 | testified as follows on:

5 |                      REDIRECT EXAMINATION

6 | BY MR. WAYSON:

7 | Q        Do you recall having conversations with Robert

8 |          Schneider about this incident?

9 | A        I can't recall specifics, but I -- him being my

10 |          supervisor, I'm sure that I did.

11 |                MR. WAYSON:  Okay.  Ms. Lindquist?

12 |                MS. LINDQUIST:  Yes.

13 |                MR. WAYSON:  No, I just -- I had a question and

14 | I have no more questions.

15 |                MS. LINDQUIST:  Okay.  No questions.  Off

16 | record.

17 |                (Off record)

18 |                      **END OF PROCEEDINGS**

19 |                       *  *  *  *  *  *

20 |

21 |

22 |

23 |

24 |

25 |