Mark N. Wayson     markonwayson@yahoo.com     September 13, 2007
C/O Wickwire
2775 Hanson Rd.
Fairbanks Alaska 99709

Linda Rundell
New Mexico State Office
Bureau of land Management
1474 E. Rodeo Road
Santa Fe, New Mexico 87505

FAXED 9-14-07

*[handwritten notes:]*
Linda Rundell 1131 hrs
Solicitor Argueda 1134
Tom Lonnie 1136
mailed to Stuart
e-mailed to Lindquist

Re: Wayson v. Rundell 4:06-Cv 1 (JWS)
Touhy Request for Testimony and Documents

Dear Director Rundell,

This is a Touhy request:

(a)    I wish to Duces Tecum notice former BLM Special Agent in Charge for Alaska, Pamela Stuart for deposition. I am requesting she bring with her the documents produced in any investigation, or produced by her, which were used to establish in 2002 that I had violated a criminal Statute on 9-15-01 at 98 mile Steese Hwy during a contact with BLM engineer Carole Hammond. Records requested include 'two letters' written by SAIC Pamela Stuart which AUSA Daniel Cooper stated did exist, and would produce in the **Wayson v. Schneider** case. They were never produced.

(b)    The pleadings underlying my request are filed in federal court. **Wayson v. Rundell.**
There was testimony given that BLM Ranger Lee closed his incident report of 9-15-07, on or before October 7, 2001, without any further action, after responding to 98 mile Steese Hwy in Alaska on 9-15-01, in response to a request from Carole Hammond that he come to a project which she was supervising for the BLM. Since the responding law enforcement officer reported no criminal activity, I request that you, as a BLM State Director, contact both the BLM National Law Enforcement office, and the Alaska BLM State Director, Tom Lonnie, to research their files for copies of the investigation and letters which established the finding that I had committed the crime against Ms. Hammond. There is no known law enforcement policy which would ensure that Ms. Stuart would retain official law enforcement investigation records in her personal possession upon retirement. Repeated efforts to contact Ms. Stuart since August 15, 2007, have been unsuccessful, which makes obtaining the reports through the Alaska and/ or BLM National Law Enforcement offices more imperative. I will notice Ms. Stuart for the deposition as soon as, and if, I can locate her in time before Discovery closes in this case.

1

Attachment # 15

There was testimony of Ms. Stuart's law enforcement involvement in the investigation which led to the creation of the 9-19-02 memorandum, and the findings in it.

(c) The defending party in this case is Linda Rundell, presently BLM New Mexico State Director, and her relationship (s) to BLM's mission and programs are described in the BLM State and Associate State Director job descriptions.

(d) The records requested are not reasonably available any other way because they were promised but never produced in Discovery in **Wayson v. Schneider & the United States**, and in a FOIA process lasting one and one half years with the Dept. of the Interior Office of Inspector General, and another FOIA process with the BLM law Enforcement Center which failed to yield the records which are indicated, and which Ms.Rundell testified, must exist.

(e) Former SAIC Pamela Stuart 's testimony is needed because the documents relevant to Ms. Rundell's findings that I had committed a crime were never produced as promised, or through the FOIA, as required by law. Further, my appeal of the Dept. of Interior of the refusal to provide the records requested under FOIA, was acknowledged, but again the legal FOIA requirements were not followed by D.O.I., O.I.G. in answering the appeal.

(f) Pamela Stuart's testimony is needed to determine whether Ms. Rundell's sworn version of an investigation carried out by someone from the National law Enforcement Office is true, or whether SAIC Pamela Stuart, or some other law enforcement officer actually did an investigation necessary to make a criminal finding.

(g) This request complies with Section 288 because:

    (a) As noted above, other sources have not produced the records.

    (b) The testimony is relevant because SAIC Pamela Stuart was the SAIC for Alaska in 2002. .

    (c) (1) Pamela Stuart's testimony should not affect BLM's conducting legitimate official business.

    (2) Pamela Stuart's testimony should be helpful to establish whether the BLM administration is investigating impartially complaints of criminal activity by BLM administrators.

    (3) This criteria is irrelevant if the BLM is committed to conducting both their mission and their programs within the legal boundaries of the public trust under which BLM exists. BLM involved themselves at several levels in what led to this pleading.

    (4) Ms. Stuart is no longer a public employee as far as I know.

3

(5)   It is impossible at this juncture to assess the number of similar requests which could result from the production of the documents requested or the testimony of Pamela Stuart.

(6)   I am the victim in this pleading and I waive any confidentiality or privilege protections which might be applied to me, and under due process, as the accused with an official BLM conviction made part of the record, I have the right to the documents requested, and to hear the testimony of those involved in creating such a record, and this right as the accused outweighs the privileges of those creating such a record.

(7)   Due process is a responsibility and obligation rather than burden of public officials, and should therefore create no undue burden for BLM.

I agree to pay the costs of providing the documents. A witness check for Pamela Stuart will be provided to her prior to her deposition if she can be located.

This Touhy request is sent to Linda Rundell as the State Director of the last BLM post where Pamela Stuart was assigned, and therefore the required recipient of the request. The request is copied to BLM State Director Tom Lonnie where the records would be stored if they do exist.

*[signature]*
Mark N. Wayson
Pro se

3