Mark N. Wayson  
C/O Tom Wickwire  
2775 Hanson Rd.  
Fairbanks Alaska 99709  
FAX: 907 474 0069  
markonwayson@yahoo.com

October 28, 2007



Re: 2002-I-R-612-WCA-Robert Schneider

Director William C. Woody  
BLM law enforcement

Dear Director Woody,

I just received a declaration by SAIC Greg Assmus regarding the above case. The declaration is misleading to the court handling the case against BLM State Director Linda Rundell.

Unfortunately, there is substantial misconduct involving several BLM personnel, and the declaration dated MAY 9, 2007, by Greg Assmus is incomplete and misleading. Could you please ask him to review the Declaration I am faxing with this letter/request, and to contact me by e-mail if there are changes or additions which should be made on the supplemental Declaration which I am sending for his signature. Then have him please Fax it back to me.

I include also, a copy of his Declaration of May 9, 2007.

I would also like this to serve as an expedited FOIA request for a copy of all that is in the above file. Ms. Lindquist of the U.S. Attorney's office is defending Ms. Rundell in this case.

Mark N. Wayson

*Attachment # 12*

I, Greg Assmus, declare under penalty of perjury that the following is true. I wish to add the following to the declaration which I made May, 9, 2007, so as not to mislead the U.S. District court in this case.

1. There is no record that the BLM Law enforcement conducted an investigation into the complaint against Robert Schneider which was received from the Office of the inspector General..

2. In conducting any investigation it is routine to contact the complainant in any criminal investigation, who in this case was Mark Wayson. There is no record that anyone in BLM law enforcement ever did this.

3. It is accepted practice in law enforcement for the investigating officer(s) of any legitimate police agency to close out a criminal complaint against any suspect only after interviewing witnesses, collecting and preserving evidence, and in this case, would have included reviewing a video which was available. There is no record that anyone in BLM law Enforcement ever did this, and there is no record that any BLM law Enforcement supervisor who reviewed this case ever requested or required any of these basic law enforcement steps necessary to provide the due process, before closing out the case against Robert Schneider. Further there is nothing in the Schneider file to indicate that Dept. of the Interior office of Inspector general, conducted a criminal investigation.

4. The 3rd statement in my May 9, 2007 declaration is not completely correct. Since October of 2001, BLM law enforcement has shared information with intelligence services pursuant to executive order. Additionally, individual officers can send intelligence reports to other agencies as they see fit.

5. There is no oversight which prevent BLM officers from maintaining or distributing documents from their own personal files which they may maintain in violation of the 1974 privacy act. Our office has no control over such activities.

6. My May 9, 2007, declaration is also misleading regarding item 5. The U.S. Attorney's office does not have to file a FOIA request for BLM Law enforcement records. Also requests from intelligence services are not always logged into my file.

7. Regarding file "2002-I-R-612-WCA-Robert Schneider' there is not even a scintilla of evidence in this file that anyone in BLM law Enforcement conducted even the most basic investigation into the complaint against him.

Date: _____   Name_____