FAXED
(10-29-07)
1247 p.m.
202 219 3858

Mark N. Wayson                          10-29-07
C/O Wickwire    markonwayson@yahoo.com
2775 Hanson Rd.
Fairbanks Alaska  99709                      Re:  Linda Rundell

Inspector General Earl Devaney
Dept. of interior Inspector General

Dear Inspector Devaney,

Your testimony to Congress 9-13-06 was close when you stated, "Simply stated, anything short of crime goes at the highest levels of the Department of the Interior."

The Steven Griles conviction proved that you weren't close enough.  In this light please re-consider your refusal to investigate my complaint against Linda Rundell.

The Yates oil company paid Griles $284,000.00 per year WHILE he was Deputy Secretary of the Interior.  Griles laid out his plans for the New Mexico Otero Mesa development 12-09-02.  Linda Rundell took over as N.M. state director later that month.

Alaska BLM Director Fran Cherry had previously made oil development the number one priority in Alaska. Linda Rundell's finding that Robert Schneider was blameless, and that I had committed a crime against a BLM'er, was to protect Schneider since he was following orders and obediently lifting restrictions to accommodate oil companies here.

Once Griles went down, was there only Rundell left to service the Yates oil company? In reviewing the way that Otero Mesa lease sale went in, she did quite well by them, as Yates got the leases they were bribing Griles to obtain.  .

Can you or anyone at D.O.I., O.I. G. connect the dots?  In police work, a dead body, and a smoking gun nearby, usually means a connection between the two.

Please review the attached declaration, and direct Ms. Evans to correct her previous declaration.  It is one thing to lie to or mislead some congressional subcommittee, but Ms. Evans is definitely misleading, if not perjuring herself before a U.S. District Court  by signing the incomplete misleading Declaration she signed may 16, 2007.

And was it only coincidence that your deputy closed my complaint against Rundell the previous day?  And what logic did Kendall apply to close a complaint against Linda Rundell in 2007,  based upon O.I.G.'s failure to conduct any investigation of Schneider in 2003?    The court will be interested in this.

Please respond by e-mail.

Mark N. Wayson

Attachment 14

Mark N. Wayson                           10-29-07
C/O Wickwire
2775 Hanson Rd.
Fairbanks Alaska 99709              Re; 03-0055

markonwayson@yahoo.com

Sandra Evans
FOIA officer
D.O.I. O.I.G.

Dear Ms. Evans,

I just received the declaration which you provided AUSA Susan Lindquist, dated 5-16-07. Ms. Lindquist has attached it as an exhibit to a motion she has filed.

It is misleading because it is so incomplete and will serve to deceive the court, rather than to help the court understand the role which your office played in the Schneider case. It is very important, for while through names and initials, I can isolate at least 20 different individuals who received, forwarded, or placed some notation on the record of this case as it bounced around your office from 2002 to 2004, I can find no evidence of any inquiry or other investigative function performed by anyone.

Could you please read, sign, and send the amended declaration as soon as possible?

Also, does the above case number refer to my complaint as being the 55th received by your office in 2003?

If there is anything in the declaration which I have requested from you for the U.S. district Court in Fairbanks Alaska which is not correct, could you please contact me by e-mail, so we can correct or supplement the Declaration by you which I have drafted?

Mark N. Wayson

XC:  Inspector General Devaney
     Congressman Rahall

## DECLARATION OF SANDRA EVANS

I, Sandra Evans, declare under penalty of perjury that the following is true:

1. Regarding the Schneider case, # 03-0055, I wish to clarify my declaration of 5-16-07.

2. Our office did not follow our own procedures and guidelines in this case.

3. We did not respond to Mr. Wayson's initial request for over one year.

4. We also violated the Appeal procedure and the FOIA law and have never responded to Mr. Wayson's appeal number 2004-179 although we are required to respond within 20 days by statute.

5. Our records reflect that Mr. Waysons' appeal was received 6/3/04, but The Dept. of the Interior office of Inspector General has never responded as required by law.

6. Our records in the Schneider case reveal that no one in our office ever spoke with Mark Wayson regarding this case, or spoke with any witness outside the Dept. of the Interior, or collected or reviewed any record, including but not limited to records which reflect permit and environmental violations committed by BLM on the 98 Mile Steese project.

7. There is no record of anyone from our office or from BLM law enforcement ever interviewing the suspect in this case.

8. There is no record of anyone ever reviewing a videotape which was available to us, and which shows events which happened on 9-15-01.

9. On 9-13-06 Inspector General Earl Devaney testified before the Congressional Subcommittee on Energy and Resources. At that hearing the Honorable Inspector General Devaney testified in part;
"Regardless of the source, our investigations are conducted prudently, thoroughly and completely."

10 In response to Mr. Wayson's complaint, we did not follow these guidelines.

11. At this same hearing, Inspector General Devaney testified,
"Our investigators travel throughout the country, as necessary, to interview witnesses and secure documentary and physical evidence."

12. In response to Mr. Wayson's complaint there is no record that we followed these procedures, or made any effort to conduct an investigation or inquiry. The only contact our investigator, David Brown, had with Mr. Wayson, was AFTER Inspector Brown had closed Mr. Schneider's case.   On 12-10-02 Investigator Brown e-mailed Mr. Wayson saying, "If you are inclined you can call me at (916) 978-5630."

13. Our records reflect that Mr. Wayson responded 12-11-02 stating that he was eager to assist, that evidence was still available, and that he was, "eager to have my complaint taken by a competent fair investigator."  However, Mr. Wayson requested that a written or taped record be made of his involvement, and our investigator Brown therefore never responded.

14. Mr. Devaney testified at the 9-12-06 hearing,
"If we are referring a case for criminal prosecution, we do so by way of a formal Report of Investigations, a document which contains all witness interviews, evidentiary documents and investigative activity reports."

15. Mr. Wayson's complaint was one of a criminal act by BLM regional Director Robert Schneider, but there is no record that our office followed any of our procedures to investigate criminal cases, or to provide any basis that there was no crime had occurred. .

16. Regarding Linda Rundell, this office received a  formal request from Mr. Wayson for an investigation of Obstruction of Justice by Linda Rundell, dated 2-15-07, and Mr. Wayson copied Congressman Rahall with this complaint.

17. Our Senior Specials Agent responded by e-mail to Mr. Wayson 2-21-07, and inquired specifically what Mr. Wayson was requesting from the D.O.I. O.I.G.

18. Our records reflect that Mr. Wayson responded the same day on 2-21-07 to Senior Agent Bodge and specifically requested an investigation into Linda Rundell's violation of the Obstruction of Justice Statute.

19. Our records reflect that Senior Agent Bodge never responded to the specifics which Agent Bodge had requested and which Mr. Wayson provided.

20. Our records reflect that Mr. Wayson faxed Inspector Delaney on 3-30-07, inquiring why he had not received any response from Senior Agent Bodge although Mr. Wayson had provided the specifics which Agent Bodge requested.

21. On 5-15-07, Mr. Wayson was informed in a letter from Deputy Inspector General that Mr. Wayson's February 15 and March 30 (2007)letters (his complaints against Rundell) merely reiterate "earlier allegations" (those made against Schneider) and that based upon our closure of the Schneider case in 2003, we would not address this matter. (Rundell in 2007)

2

22.. Our records reflect that the complaint against Robert Schneider was closed upon receiving the finding from Linda Rundell that he had done nothing wrong, and that Mr. Wayson had forcibly committed a crime against Carol Hammond.

23. The Office of Inspector General has no control over the distribution of BLM records at the local or national level, and the Office of inspector General will make our records available to anyone eligible within the guidelines of the law.


Date:_____    Name:_____