NELSON P. COHEN
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, | ) Case No.  4:06-cv-1-JWS |
| | ) |
| Plaintiff, | ) **RUNDELL'S RESPONSE IN** |
| v. | ) **OPPOSITION TO PLAINTIFF'S** |
| | ) **MOTION TO SUBMIT** |
| LINDA RUNDELL | ) **VIDEOTAPES** |
| | ) |
| Defendant. | ) |

The Defendant, Linda Rundell, in her personal capacity, through counsel, responds in opposition to Mark Wayson's ("Wayson's") motion to submit three DVD's as evidence to support his Opposition to Rundell's Motion for Summary Judgment.  The motion should be denied because Ms. Rundell never saw the videotapes.   Ex. A.

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequences to the determination of the action more probable or less probable than it would be without the evidence."

The complaint alleges that Ms. Rundell's memorandum of September 2002 violated Mr. Wayson's constitutional rights of free speech and to use his property. In this case, the three DVD's are not about any fact that is of consequences to the determination of that question.  The DVD's of events in 1996 and 1997 do not involve Ms. Rundell as she did not move to Alaska until December of 1999 and she never saw them.  Ex. A.  The DVD of September 2001 is related to the subject matter of the Rundell memorandum of September 2002, but Ms. Rundell never saw it.  The DVD's will not be helpful.

Wayson argues that the 1996 DVD is relevant because it allegedly shows that at the recorded meeting they discussed Wayson's 1996 letter to Director Tom Allen and cleared up the misunderstanding that Wayson was a threat to BLM employees.  Whether Wayson was a threat to any BLM employees in 1996 is not a fact of consequence  to a determination of whether Rundell reasonably understood that he was a threat to Carol Hammond in 2001.  The memorandum  did not discuss any event other than the encounter between  Hammond and Wayson.

Nor is the DVD of 2001 relevant as Rundell never saw it and did not rely on it when she accept the memorandum written by Stuart.  It is irrelevant whether "BLM vigorously applies their enforcement policies." Dkt at 5.  BLM is not the defendant.

Wayson refers to Rundell's Motion for Summary Judgement at page 15 in which she states that "[t]here are many sources which publicly revealed that BLM employees felt that Wayson was threatening. "  This statement was made to prove that anyone who wanted to convey to the U.S. Consulate in Germany that Wayson was threatening to federal employees could have gotten that information from all the pleadings filed in Wayson I, as well as the 1996 letter to Director Allen.  Wayson , himself, was talking to other people about the allegation that he threatened BLM employees.   The only role the 1996 letter plays is that it hypothetically could have been another source for the information allegedly leaked to the U.S. Consulate.  Rundell, the defendant, did not contact anyone in Germany and did not know about Wayson's litigation.  She cannot be held responsible for other people's acts.

## CONCLUSION

All three DVD's are irrelevant to the determination about Ms. Rundell's actions because she never saw them.  Two of the DVD's are about events that

occurred a few years before she arrived in Alaska and more than five years before Ms. Rundell signed her memorandum. She never saw the 2001 videotape and it could not have played any role in her actions. She asks the court to exclude this irrelevant information.

Respectfully submitted November 20, 2007 in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Susan J. Lindquist
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2007, a copy of the foregoing **RUNDELL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SUBMIT VIDEOTAPES** was served on:

Mark N. Wayson
c/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709

by regular U. S. mail.

s/ Susan J. Lindquist