NELSON P. COHEN
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, | ) Case No.  4:06-cv-1-JWS |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| LINDA RUNDELL | ) **RUNDELL'S RESPONSE IN** |
| | ) **OPPOSITION TO THE MOTION** |
| Defendant. | ) **TO COMPEL** |

The Defendant, Linda Rundell, in her personal capacity, through counsel,

responds in opposition to the motion to compel.

Fed. R. Civ. P. 37 requires a Plaintiff to certify that the movant has in good

faith conferred or attempted to confer with the party not making the disclosure.

Wayson did not submit such a certification or notify defendant that he was filing a

motion to compel.  Rundell, as an individual, does not possess the items Wayson

compels her to produce, except for the documents from BLM Law Enforcement in

Boise, Idaho.

Mark Wayson wants Rundell to produce the following:

A.     Two letters written by Pamela Stuart.  Dkt 72 at 3.  Pamela Stuart for

deposition in Fairbanks, AK.  Dkt 72 at 13.

B.     The Schneider investigation which Attorney Lindquist received pursuant to

her 2-9-07 request.  Dkt. 72 at 7.

C.     Emails and faxes done on 9-11-07 during the deposition of Linda Rundell.

Dkt 72 at 18.

## I.     WAYSON CORRECTLY REQUESTED DOCUMENTS AND DEPOSITION TESTIMONY FROM BLM ACCORDING TO THE TOUGHEY REGULATIONS.

### A.     Two Letters written by Pamela Stuart

Linda Rundell does not possess the two Stuart letters and has no control

over Stuart, a retired federal employee.  She cannot produce what she does not

have.

Wayson correctly asked the BLM, pursuant to the Toughey regulations, for

permission from the Department of the Interior to receive documents and to

depose Stuart.  *See* Regulations at 43 C.F.R. §§2.80 - 90.  Although he sent the

request to Rundell, the request was forwarded to the proper BLM official in Alaska.

As a result of Wayson's Toughey request, BLM asked the U.S. Attorney's office to search for the Stuart letters, Attorney Daniel Cooper searched the files of Wayson I, found nothing, and on October 11, 2007, he signed a Declaration attesting to his unsuccessful search. Ex. A. BLM planned to search its own files. BLM did not yet respond to Wayson's request. Wayson's Motion to Compel was transmitted to BLM, and it prompted the agency to continue the search. It is anticipated that BLM will respond when the local search is completed.

In regards to the request for the testimony of Pamela Stuart, BLM's regulations cover former employees who are requested to testify about their employment. 43 C.F.R. § 2.80(b). Wayson properly requested the testimony. Today, on November 21, 2007, the BLM Acting State Director granted Wayson's request for deposition testimony. Ex. B. The grant of permission only ensures that the agency will not object to the deposition. The regulations do not require the BLM to produce a former employee over whom BLM has no control . Wayson needs to use the tools provided by the federal rules to depose Stuart. Rundell does not object to allowing Wayson a reasonable time to secure Stuart's deposition.

Although Wayson requests that the government produce Stuart in Fairbanks,

Ak, there is no government defendant in this action.  Rundell, in her individual

capacity, had no duty to produce  Stuart or to act on the Toughey request.

B.    The Schneider Investigation

Attorney Lindquist  believes that on February 16, 2007, Wayson was

provided a copy of the material provided by Greg Aasmus in the Bosie, Idaho

BLM law enforcement office.  Ex. C.   On February 13, 2007, Attorney Lindquist

received the information by email and on the same day she assigned an assistant to

provide it to Wayson.   Ex. C at 1.  On the file list, the documents are recorded as

receiving Bates numbers on February 16, 2007.  Ex. C at 2.  On the task list, the

assistant wrote that the task was done on February 16, 2007.  Ex. C at 3.  Counsel

is reproducing the Bates numbered documents with this pleading.  Ex. C at 4- 7.

C.    Emails and Faxes During the Deposition.

Wayson properly produced an exhibit for use during Rundell's deposition

on September 11, 2007.   Attorney Lindquist provided the exhibit to Rundell

before the deposition.  During the deposition Rundell could not find the exhibit.

As both Lindquist and Rundell were in their offices in different states,  Attorney

Lindquist re-emailed it to her and stated so on the record.   Dkt 72-12 at depo pg.

16.  Had they been in the same room,  Attorney Lindquist could have just  handed

the exhibit to Rundell.  There was no impermissible electronic conversations

during the deposition, despite Wayson's conjecture that Rundell was being

coached about who did the investigation.  Moreover, it should come as no surprise

that Stuart did the investigation.  Rundell stated in her Rule 26 witness list that

Stuart did the investigation, drafted the memorandum, and spoke with Schneider

and Lee, Ex. D, and again she provided this information on the final witness list at

Dkt 63, filed in August, before the second Rundell deposition in September.  Dkt

71 at 11-12.  Stuart's role in the investigation was never concealed as Wayson

alleges.

    In sum, Rundell asks that the Court deny the motion to compel  because the

investigation documents were previously produced and are re-produced with this

response, BLM granted permission for Stuart to be deposed, the request for the

two Stuart letters is still pending before BLM, and nothing was transmitted during

the deposition except and exhibit.

    Respectfully submitted this 21st day of November, 2007.

                    NELSON P. COHEN
                    United States Attorney

                    s/ Susan J. Lindquist
                    222 West 7th Ave., #9, Rm. 253
                    Anchorage, AK 99513-7567
                    Phone: (907) 271-3378
                    Fax: (907) 271-2344
                    E-mail: susan.lindquist@usdoj.gov
                    AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2007,
a copy of the foregoing **RUNDELL'S RESPONSE
IN OPPOSITION TO THE MOTION TO COMPEL**
was served email and by U.S. mail:

Mark N. Wayson
c/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709


by regular U. S. mail.

s/ Susan J. Lindquist