Notice:  This opinion is subject to correction  before
    publication  in  the  Pacific  Reporter.  Readers  are
    requested to bring errors to the attention of the Clerk
    of  the  Appellate  Courts, 303  K  Street,  Anchorage,
    Alaska 99501, phone (907) 264-0608, fax (907) 264-0878,
    e-mail corrections@appellate.courts.state.ak.us.

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| CYNTHIA M. COOPER, | ) |
| n/k/a CYNTHIA M. HORA, | ) Supreme Court Nos. S- 11566/11649 |
| | ) |
| Appellant, | ) Superior Court Nos. |
| | ) 3AN-04-01451 CI |
| v. | ) 3AN-03-13336 CI |
| | ) |
| DANIEL R. COOPER, JR., | ) O P I N I O N |
| | ) |
| Appellee. | ) No. 6054, September 29, 2006 |
| | ) |

        Appeal  from the Superior Court of the  State
        of   Alaska,  Third  Judicial   District,
        Anchorage,  Sharon Gleason and John  Suddock,
        Judges.

        Appearances:  Cynthia  M.  Hora,  pro   se,
        Anchorage.  Karla F. Huntington, Law  Office
        of K. F. Huntington, Anchorage, for Appellee.
        Christine McLeod Pate, Kari Robinson,  Sitka,
        for  Amicus Curiae Alaska Network on Domestic
        Violence and Sexual Assault.

        Before:  Bryner, Chief Justice, Matthews,
        Eastaugh,  and  Fabe, Justices.  [Carpeneti,
        Justice, not participating.]

        MATTHEWS, Justice.

I.   INTRODUCTION
        In  these  consolidated cases we review a denial  of  a
petition  for a domestic violence protective order, and,  in  the
separate divorce case, a grant of a mutual restraining order.  We
affirm the former and reverse the latter.
        The main question presented is whether a person subject
to  a  domestic violence order prohibiting him from being in  the
presence of or contacting a protected person commits the crime of
violating  a protective order by simply being in the same  public

*Attachment #5*

place as the protected person. Our answer is no. The crime requires a violation of statutory prohibitions that may be included in a protective order and being in the presence of a protected person is not among them. While a no-contacting order is an included statutory prohibition, merely being in the presence of a protected person without communicating with her is not contacting within the meaning of the statute.

## II. FACTS AND PROCEEDINGS

Cynthia Hora1 and Daniel Cooper were a married couple when, in October 2003, Cooper was arrested for assaulting Hora. In November 2003 Hora petitioned for a long-term protective order and filed for divorce.

On November 28, 2003, a master issued a long-term domestic violence protective order against Cooper. The protective order prohibited Cooper from threatening to commit or committing acts of domestic violence, stalking, or harassment against Hora and her two children. This prohibition was to remain in effect until dissolved by a court. To date, it remains in effect. The protective order also contained prohibitions to remain in effect for six months, including a prohibition on being in the physical presence of, telephoning, contacting, or otherwise communicating directly or indirectly with Hora or her children. These proscriptions expired on May 28, 2004.

Hora alleges that on the day after the protective order was issued, she saw Cooper at the Dimond Mall in Anchorage. She alleges that he was staring at her in the housewares department of Gottshalks and that later that day she saw him outside the pet store. Cooper admits that he was at the Dimond Mall on the day in question, but denies having seen Hora. In January of 2004 Cooper drove past Hora and her son as they exited a barbershop. Cooper was driving slowly and he and Hora made eye contact.

In February 2004 Cooper pled no contest to a charge of family violence stemming from his October arrest. As a condition of probation, his sentence included a prohibition on contact with Hora or her children.

On April 28, 2004, Hora attended the morning session of the Alaska Bar Association Annual Convention held in Anchorage at the Captain Cook Hotel. When she noticed that Cooper was also attending the session, Hora requested that Cooper leave the conference, which he did. Cooper returned to the Captain Cook that afternoon. Hora saw Cooper at the Captain Cook and called the police. That evening Cooper was arrested for violating the November 28, 2003 protective order.

The next day, Cooper moved for clarification of the protective order. In response to this motion, Superior Court Judge John Suddock entered an order on April 30, 2004, finding that Coopers attendance at the bar convention was not a per se violation of the order. Hora filed a motion for reconsideration, which was denied by Judge Suddock on May 5, 2004.

On May 26, 2004, Hora, in a new proceeding,2 petitioned for a twenty-day ex parte and a long-term protective order against Cooper. Superior Court Judge Sharon Gleason granted Hora
an ex-parte protective order based on Coopers April 28 arrest for violating the November 28, 2003 protective order. When she granted the ex parte order, Judge Gleason was unaware that Judge Suddock had previously made and entered two decisions on the

topic of Coopers attendance at the bar convention.

Hora alleges that on May 27, 2004, Cooper slowed down in his car and paced her car for at least fifty feet while she was driving down I Street. Cooper denies this allegation and asserts that he was in his office when the incident allegedly occurred.

Cooper moved to dismiss the May 26 petition for protective order on the basis that Judge Suddock had already ruled that attendance at the bar convention was not a per se violation of the existing protective order. Judge Gleason denied the motion to dismiss, stating that she intended to apply the standard set out by Judge Suddock in his order dated April 30, 2004, as well as the order denying reconsideration dated [May 5, 2004].

On June 22, 2004, an evidentiary hearing was held on Horas petition for a long-term protective order. At the conclusion of this hearing, Judge Gleason vacated the ex parte order of May 26 and denied Horas petition for a long-term protective order.

On August 19, 2004, Judge Suddock held a hearing to review the parties property distribution agreement, after which he issued a final decree of divorce. At Coopers request, Judge Suddock also issued a mutual restraining order prohibiting future, direct contact between the parties, including in-person contact, mail, phone, and electronic contact.

Hora appeals Judge Gleasons denial of her petition for a long-term protective order and Judge Suddocks grant of a mutual restraining order.