Mark N. Wayson
C/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709
markonwayson@yahoo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RECEIVED
NOV 26 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

| | |
|---|---|
| MARK N, WAYSON, | ) |
| Plaintiff, | ) |
| Vs. | ) |
| LINDA RUNDELL and the UNITED STATES OF AMERICA | ) |
| Defendants. | ) |
| | ) 4:06-Cv 1 (JWS) |

### RESPONSE TO RUNDELL'S OPPOSITION TO MOTION TO SUBMIT VIDEOTAPES

Plaintiff urges the court to accept the videotapes for the same reasons which Ms. Lindquist relies upon in urging the court not to accept the videotapes. The fact that Ms. Rundell did not request or view evidence she was aware existed, and which does not support her finding that the Plaintiff forcibly committed a crime against Carol Hammond

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Response to Opp to video 11-26-07

1

is relevant to Plaintiff establishing an agenda that Rundell's intent was to shut Wayson up and/or retaliate against him for speaking out against BLM, rather than investigating her subordinate Schneider.

Ms. Lindquist relies upon the definition of relevant evidence under Federal Rule of Evidence # 41, in her opposition as reason not to accept the tapes, wherein the opposite is true, and this rule is all the justification the court needs to accept the tapes since they establish facts relevant both the finding made by Ms. Rundell, as well as facts relating to the consequences of her action upon the plaintiff.

The complaint which Rundell acknowledges she was assigned to investigate, and did investigate was a complaint against Robert Schneider by Plaintiff. Paragraph 2 on page 2 of this complaint specifically refers to the December 10, 1996 videotape. Plaintiff wrote, "A videotaped meeting with BLM employees was conducted Dec. 10, 1996. It was established that there were no threats against anyone by me."
Attachment #1, 4-5-2002 18 U.S.C. 1001 violation by Fairbanks BLM Regional Director Bob Schneider

Therefore Rundell was notified in the April 5, 2002 complaint that the videotape was relevant evidence to Plaintiff's complaint against Robert Schneider, which was described in the opening paragraph,

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Response to Opp to video 11-26-07

2

contacted Plaintiff, since the report that the BLM project had been moved onto my access involves another offense which was committed by Schneider. Certainly this 7-9-07 videotape would have been available to Rundell had a legitimate investigation taken place, and it relevant as well in this case before the court to establish damages, since Rundell chose not to contact Plaintiff as the complainant against Robert Schneider.

The 9-15-01 videotape was accepted by this court previously in **Wayson v. Schneider** and remains relevant in this case since it was Schneider's actions which Rundell was assigned to investigate. This tape has now become even more relevant in establishing whether any crime was forcibly committed against Carol Hammond since she is regrettably no longer available to testify.

Ms. Rundell's refusal to view evidence available to her during her investigation seems to be the thrust of Ms. Lindquist's argument for excluding it now. Plaintiff argues that it remains the best evidence available to establish now, what took place in 1996, and 2001.

Dated: November 26 2007

_____
Mark N. Wayson, pro se

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that on this 26 day of NOV, 2007 a copy of the foregoing was delivered to AUSA Susan Lindquist's office
Office of U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, Alaska 99513

_____
Mark N. Wayson

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Response to Opp to video 11-26-07

4