Mark N. Wayson
C/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709
markonwayson@yahoo.com



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N, WAYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| LINDA RUNDELL and the | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendants. | ) |
| | ) 4:06-Cv 1 (JWS) |

# MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S

# WITNESS LIST

Plaintiff requests that the court not allow the Defendant to call any witnesses at trial because Plaintiff has been prejudiced by the failure of the Defendant to serve Plaintiff with a list by 08-03-07 (amended later to add fifteen days) of those witnesses which the Defendant intended to call at trial, and the court's Scheduling and Planning Order specifically stated that only those witnesses noted on the final witness list would be allowed to testify at trial.

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Memo support Mot. To strike def wit list
12-10-07

1

Plaintiff is unaware what Defendant has filed as a final list and when it was filed, because in Defendant's Opposition, dated 11-21-07, to Plaintiff's Motion to Compel, there is a final witness list noted as 'exhibit D', but Exhibit D of this Opposition is actually another copy of the Defendant's Rule 26 witness list, filed 2-09-07.

Defendant's final witness list e-mailed to Plaintiff 11-26-07 while Plaintiff was en-route to Germany for a hearing was essentially the same, but Sandra Evans has been added as witness #8.

From Final Witness List e-mailed by Ms. Lindquist to Plaintiff on 11-26-07;

8. Sandra Evans
Information Disclosure Specialist
Dept. Of the Interior, Office of Inspector General
Washington D.C.
(703) 487-5436
She is the custodian of record of DOI material regarding Mark
Wayson and Robert Schneider. She will testify about the process for
revealing information under FOIA. She will discuss whether the file
has been revealed to anyone.

Official records are an exception to the hearsay rule. Ms. Lindquist represents here that Ms. Evans is the 'custodian of record' for the material regarding the Robert Schneider investigation, and. Ms. Evans has already violated the Freedom of Information Act as previously noted by not responding to Plaintiff's FOIA Appeal as required by law, and should not therefore be allowed to testify for the U.S. Attorney which has the responsibility and discretion to prosecute Ms. Evans civilly and/or criminally for the

FOIA offense, since it is unlikely Ms. Evans would agree to testify without assurances that she would not be held accountable for her violation(s) of the FOIA..

Ms. Evans should not be allowed to testify as a witness because Plaintiff's is prejudiced since Plaintiff had no notice, even under Rule 26 that Evans would be a witness and therefore no chance to depose her before the close of discovery.

The Declaration from Ms. Evans which was not provided until Ms. Lindquist filed her Motion for Summary Judgment, is false and/or incomplete, but definitely misleading.

Upon noting the inaccuracies of both the Declaration from Greg Assmus and the one from Sandra Evans, Plaintiff, on 10-28-07, faxed through their supervisors accurate drafts of Declarations which would not be misleading to the court, . (These were attachments numbers 12 and 13 of Plaintiff's Opposition to Motion for Summary Judgment.) but neither has been answered.

Ms Lindquist continues to identify Pamela Stuart as the investigating officer, but based upon the 10-15-07 Declaration from Linda Rundell which no longer names Pamela Stuart as the investigating officer, Plaintiff must anticipate that either and/or both Assmus and Evans will suddenly "discover" the letters from Pamela Stuart in their original or a fabricated state, which have disappeared while under AUSA Cooper's control, or will locate an investigative report from the unnamed employee who Rundell's 10-15-07 Declaration indicates did the Schneider investigation.

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Memo support Mot. To strike def wit list
12-10-07

3

Only the gender of this 'employee' is indicated in the Rundell 10-15-07 Declaration by a following pronoun, and Plaintiff has to realistically presume that a report from some previously unheard from BLM employee like a Ms, Ima Liartu, will be produced by either Assmus or Evans as custodian of their respective records, at time of trial when there won't be an adequate opportunity for Plaintiff to challenge or rebut it. .

This presumption is prudent since Plaintiff was extremely fortunate that the Garis (Punches) memo slipped through to the Plaintiff during the Schneider Discovery, and was the focus of Ms.Garis' deposition 9-20-07, which revealed that BLM officials from three different offices, including Washington D.C. were involved in the fabrication of the 9-17-96, Garis memo and the letter from Sally Wisely, which Ms. Lindquist nevertheless continued to rely upon for support as recently as her Motion for Summary Judgment. .

False documents are obviously an important tool used by BLM against the public, but Ms. Garis' willingness to confess to fabricating her 9-17-96 memo in front of both BLM Counsel and the U.S. Attorney without fear of repercussion indicates that the Dept. of Justice also relies upon fabrications in defending those BLM officials like Rundell committing constitutional violations against Plaintiff.

In addition to the failure to serve Plaintiff with the final witness list, the Court, when deciding to strike Defendant's witness list, should consider this willingness by the U.S.

Attorney to overlook both civil and criminal offenses committed by government witnesses, as well as the immense power of openly or subtly influencing testimony of witnesses through the U.S. Attorney's discretion to investigate or prosecute.

While Plaintiff was under no obligation to run it down upon noticing in August that no final witness list had been filed, Plaintiff actually had no reason to believe that Defendant would necessarily file a final witness list, since the Defendant had successfully avoided trial through a re-consideration of their Motion for Summary Judgment in the Schneider case, and could have been planning upon the same result in the Rundell case.

Dated: December 10, 2007

_____
Mark N. Wayson, pro se

CERTIFICATE OF SERVICE
The undersigned hereby certifies that on this _10_ day of _DEC_, 2007, a copy of the foregoing was served by mail on: AUSA Susan Lindquist

Office of U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, Alaska 99513

_____
Mark N. Wayson

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Memo support Mot. To strike def wit list
12-10-07

5