UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, ) | |
| ) | |
| Plaintiff, ) | 4:06-cv-00001 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| LINDA RUNDELL, ) | [Re:   Motion at Docket 66] |
| ) | |
| Defendant. ) | |
| ) | |

## I.  MOTION PRESENTED

At docket 66, plaintiff Mark Wayson moves to amend his final witness list after the court's deadline in order to designate Jutta Frohlich-Tumbrink as an expert witness. At docket 68, defendant Linda Rundell opposes the motion.  Plaintiff replies at docket 70.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

This action arises out of Linda Rundell's alleged finding, as the acting state director of the Bureau of Land Management ("BLM"), that Mark Wayson "forcibly committed a crime against BLM employee Carol Hammond."[1]  On January 13, 2006, plaintiff Mark Wayson filed an amended complaint in the Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks, alleging that defendant Rundell damaged his reputation and violated his constitutional rights by making an official finding in a

---

[1]Amended Complaint at p. 2, exh. 2, doc. 6.

September 2002 memorandum that Wayson committed a crime against a federal employee and by obstructing the investigation of Wayson's complaint of misconduct by Robert Schneider, a BLM employee. Plaintiff's complaint solely asserts a *Bivens*[2] claim against defendant Rundell in her individual capacity. Defendant removed this matter to federal court pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2).[3] This court has federal question jurisdiction under 38 U.S.C. § 1331.

On February 15, 2007, the court entered a scheduling and planning order, stating that each party shall serve and file a final revised witness list including expert and lay witnesses by August 3, 2007.[4] The court subsequently granted plaintiff's request to extend time to file a final witness list, effectively extending the deadline to August 20, 2007.[5] On August 17, 2007, plaintiff filed a final witness list which names Jutta Frohlich-Tumbrink as a lay witness.[6] Plaintiff now requests leave to amend his final witness list after the deadline in order to designate Ms. Frohlich-Tumbrink as an expert witness. Defendant opposes the motion.

### III.  APPLICABLE LEGAL STANDARDS

Federal Rule of Evidence 702, which governs the admissibility of expert testimony, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

---

[2] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[3] Section 1442(a)(1) provides for removal of cases in which an officer of the United States is sued in his or her "individual capacity for any act under color of such office."

[4] Doc. 43.

[5] Doc. 60.

[6] Doc. 64.

To be admissible, expert testimony must be both relevant and reliable.[7]  "Encompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury."[8]  In addition, Rule 702 "charges the court with assuring that expert testimony 'rests on a reliable foundation.'"[9]

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert witnesses.  Rule 26(a)(2)(B) provides in pertinent part:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case...be accompanied by a written report prepared and signed by the witness.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Federal Rule of Civil Procedure 37(c)(1) further provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a)...is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

## IV.  DISCUSSION

Plaintiff seeks to amend his final witness list to designate Jutta Frohlich-Tumbrink as an expert witness.  Plaintiff argues that Ms. Frohlich-Tumbrink, who is a guardian ad litem in Germany, is "qualified to testify as to the factors which a family court judge must consider with respect to the safety and well-being of any child, and to give her opinion as to what factors have caused the German family courts not to provide Plaintiff access

---

[7] *Daubert v. Merrel Dow Phars., Inc.*, 509 U.S. 579, 589 (1993).

[8] *Elsaved Mukhtar v. Cal. State University, Hayward*, 299 F.3d 1053, 1063 n.7 (9th Cir. 2002) (quoting *United States v. Rahm*, 993 F.2d 1405, 1413 (9th Cir. 1993)).

[9] *U.S. v. Hermanek*, 289 F.3d 1076, 1093 (9th Cir. 2002) (quoting Daubert, 509 U.S. at 597).

to his child."[10]  Plaintiff specifically asserts that Ms. Frohlich-Tumbrink would offer expert testimony "primarily to establish damages which resulted from Ms. Rundell's memorandum of September 19, 2002, and to testify about German court procedures."[11]

Defendant opposes the motion on the grounds that "Ms. Frohlich-Tumbrink's opinion would not be helpful to this court because there are not sufficient facts or data upon which to apply any expertise."[12]  Defendant specifically argues that "[a]s both Ms. Frohlich-Tumbrink and Mr. Wayson have stated that they do not know who gave information to the Consulate and Ms. Rundell denies that she gave the information to anyone in Germany, there is nothing on which to base an opinion."[13]

In her "Expert Witness Report," which is attached to plaintiff's reply brief, Ms. Frohlich-Tumbrink states in pertinent part that she will testify that prior to preparing her report, she "reviewed a copy of the 9.19.02 letter, which Linda Rundell sent to the National BLM police headquarters" and that "a report like this accusing Mark [Wayson] of violence against a government employee, and a felony crime, is more than enough grounds for any family judge who learned of this, whether in open court or through another source, to not allow Mark access to his child."[14]  Ms. Frohlich-Tumbrink further states that she will testify that it is her professional opinion that "it is only a secret letter like this one from Ms. Rundell, or one carrying similar or more serious charges, which has caused the family court system in Germany to deny Mark access to his daughter."[15]  Frohlich-Tumbrink indicates that she will testify based on her experience as a guardian ad litem in the Appeals Courts of the Frankfurt Main judicial districts.  As for her qualifications as an expert, Ms. Frohlich-Tumbrink states, "Each time I appear in court, I

---

[10] Doc. 67 at p. 4.

[11] Doc. 66 at p. 2.

[12] Doc. 68 at p. 6.

[13] Doc. 68 at pp. 6-7.

[14] Doc. 70, attachment 4 at p. 2.

[15] *Id.* at p. 4.

do so as an expert because of my training and experience, and because I represent the child."[16]

While "the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience," the advisory committee notes emphasize that "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts."[17]  Here, Ms. Frohlich-Tumbrink fails to explain how her experience leads to her conclusion "it is only a secret letter like this one from Ms. Rundell, or one carrying similar or more serious charges, which has caused the family court system in Germany to deny Mark access to his daughter."[18]  Ms. Frohlich-Tumbrink also fails to explain why her experience is a sufficient basis for the opinions contained in her expert witness report, and how her experience is reliably applied to the facts of this case.  Frohlich-Tumbrink also fails to adequately describe her qualifications as an expert witness, to include a list of any publications she has authored within the preceding ten years; the compensation to be paid for her study and testimony; and a listing of any other cases in which she has testified as an expert at trial or by deposition within the preceding four years.

Because plaintiff has made an insufficient showing that Ms. Frohlich-Tumbrink is qualified as an expert, that her testimony is based upon sufficient facts, and that her proposed testimony rests on a reliable foundation, the court will deny plaintiff's motion to add Ms. Frohlich-Tumbrink as an expert witness.  Additionally, although not argued by defendant, plaintiff's motion is denied as untimely as the deadline to file a final witness list was August 20, 2007, and discovery closed on October 1, 2007.

The court notes that as Ms. Frohlich-Tumbrink was named as a lay witness in plaintiff's final witness list, she may offer opinion testimony as a lay witness provided her testimony meets the requirements of Rule 701 and all other applicable Federal Rules of

---

[16]*Id.* at p. 3.

[17]Fed. R. Evid. 702 advisory committee's note.

[18]Doc. 70, attachment 4 at p. 4.

Evidence. Rule 701 provides in pertinent part that opinion testimony by lay witnesses is limited to those opinions or inferences which are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and © not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

## IV. CONCLUSION

For the reasons set out above, plaintiff's motion at docket 66 to add Jutta Frohlich-Tumbrink as an expert witness is **DENIED**.

DATED at Anchorage, Alaska, this 23rd day of January 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE