## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LINDA RUNDELL, )<br>)<br>Defendant. )<br>) | 4:06-cv-00001 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Docket 74] |

## I.  MOTION PRESENTED

At docket 74, plaintiff Mark Wayson moves for leave to submit three videotapes in opposition to defendant's motion for summary judgment.  At docket 80, defendant Linda Rundell opposes the motion.  Plaintiff replies at docket 84.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

On January 13, 2006, Mark Wayson filed an amended complaint in Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks, against Linda Rundell.  Wayson's complaint alleges that Rundell, as the acting state director of the Bureau of Land Management ("BLM"), damaged his reputation and violated his constitutional rights by finding that he threatened Carol Hammond, a BLM employee, and by obstructing the investigation of Wayson's complaint of misconduct by Robert

Schneider, another BLM employee. Wayson's complaint solely asserts a *Bivens*[1] claim against defendant Rundell in her individual capacity. Rundell removed this matter to federal court pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2).[2] This court has federal question jurisdiction under 38 U.S.C. § 1331.

## II. APPLICABLE LEGAL STANDARD

Rule 402 of the Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[3] "To be 'relevant,' evidence need not be conclusive proof of a fact sought to be proved, or even strong evidence of the same. All that is required is a 'tendency' to establish the fact at issue."[4]

## III. DISCUSSION

Plaintiff Mark Wayson requests leave to submit three videotapes[5] in support of his opposition to defendant Linda Rundell's motion for summary judgment. The first videotape is of a meeting held on December 10, 1996, and attended by Mark Wayson, "Shelly Jacobsen, who was the project manager for the BLM 98 Mile Steese [Highway] Project, and Keith Woodworth, who had worked on this project beginning at least as

---

[1]*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2]Section 1442(a)(1) provides for removal of cases in which an officer of the United States is sued in his or her "individual capacity for any act under color of such office."

[3]Fed. R. Evid. 401.

[4]*U.S. v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007).

[5]The videotapes have now been converted to DVD format, but will be referred to as videotapes to avoid any confusion.

-2-

early as 1995."[6]  Wayson argues that the videotape is relevant to disproving Rundell's assertion in her summary judgment motion that "[t]here are many sources which publicly revealed that BLM employees felt that Wayson was threatening," including a 1996 BLM letter.[7]  Wayson avers that the videotaped meeting on December 10, 1996, "was held to rectify any BLM misunderstandings regarding the letter, and seeing the tape would convince the court that the Defendant in this case is still misrepresenting this protest letter, which is now more than eleven years old, as evidence of threats against BLM employees."[8]

The second videotape was made on July 9, 1997, and shows "Ranger Lee and Keith Woodworth of BLM, serving a summons upon miner Don Glassburn, for allegedly blocking a road across his mining claims."[9]  Wayson argues that this videotape is submitted to show similar consequences and damages involved in Wayson's potential loss of road access to his mining claims, a topic which was part of the disagreement which occurred between Carol Hammond and Wayson on September 15, 2001.

The third videotape shows part of the discussion between Wayson and Carol Hammond on September 15, 2007, which resulted in Robert Schneider requesting a ranger to stand by the site until the work was completed because Hammond allegedly felt threatened by Wayson.  Wayson argues that this videotape is relevant to disproving the finding made by Rundell, especially in light of the fact that Carol Hammond is now deceased.

Rundell opposes submission of the videotapes on the grounds that they are irrelevant.  Defendant specifically argues that the "[videotapes] of events in 1996 and 1997 do not involve Ms. Rundell as she did not move to Alaska until December of 1999 and she never saw them" and the "[videotape] of September 2001 is related to the subject matter of the Rundell memorandum of September 2002, but Ms. Rundell never

---

[6]Doc. 75 at pp. 1-2

[7]Doc. 69 at p. 15.

[8]Doc. 75 at p. 2.

[9]Doc. 75 at p. 3.

saw it."[10]  Wayson responds that "[t]he fact that Ms. Rundell did not request or view evidence she was aware existed, and which does not support her finding that [Wayson] forcibly committed a crime against Carol Hammond is relevant to [Wayson] establishing ...that Rundell's intent was to shut Wayson up and/or retaliate against him for speaking out against BLM, rather than investigating her subordinate Schneider."[11]

Having reviewed the videotapes, the court finds that they have some tendency to make Wayson's theory of the case more probable, which is all that is required by Rule 401.  Furthermore, Wayson indicates that Rundell will not be prejudiced by the submission of these videotapes in opposition to Rundell's motion for summary judgment because Rundell has had copies of all three videotapes since 2004, when they were produced in a related case, *Wayson v. Schneider.*[12]  Rundell does not argue, nor does the court find, that the probative value of the DVDs is "substantially outweighed by the danger of unfair prejudice" under Rule 403.

## IV.  CONCLUSION

For the reasons set out above, plaintiff's motion at docket 74 for leave to submit videotapes in opposition to defendant's motion for summary judgment is **GRANTED**.

DATED this 7th day of February 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[10]Doc. 80 at p. 2.

[11]Doc. 84 at p. 2.

[12]4:03-cv-00035-JWS.

-4-