Mark N. Wayson
C/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709
markonwayson@yahoo.com

RECEIVED
MAR 10 2008
CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | |
| LINDA RUNDELL and the ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendants. ) | |
| _____ ) | 4:06-Cv 1 (JWS) |

**MOTION TO IMPOSE SANCTIONS ON DEFENDANT LINDA RUNDELL, AUSA SUSAN LINDQUIST AND THE ANCHORAGE U.S. ATTORNEY**

Plaintiff requests that the court impose sanctions upon Defendant Linda Rundell and the Anchorage U.S. Attorney's office for their evasive and incomplete discovery under Rule 37 (3), of documents, specifically documents or letters generated by Special Agent in Charge (SAIC) Pamela Stuart in her investigation of a criminal complaint filed against Ms. Rundell's subordinate, Robert Schneider.

These documents have been sought by Plaintiff both in the **Wayson v. Schneider** case and this present case for approximately four years, and both BLM and AUSA Lindquist have not produced the documents sought, even under threat of this Sanctions Motion.

Plaintiff requests that the court sanction the Defendant under Rule 37 (b) (2) (A) by finding that the documents or letters by SAIC Pamela Stuart which were or are in the U.S. Attorney's possession, are documents which establish that both Robert Schneider and Defendant Rundell violated Plaintiff's constitutional rights to free speech and due process, while Schneider and Rundell were exercising their authority as officials of the Bureau of Land Management.

Plaintiff requests that the court sanction the U.S. Attorney and Defendant Rundell under Rule 37 (b) (2) (B) by precluding their objection or defense of Plaintiff's claims of constitutional violations established by the court, and that the court not permit the introduction of any documents by SAIC Stuart or any other Department of the Interior personnel who investigated Plaintiff's complaint against Robert Schneider.

Another significant reason that a preclusion sanction is needed is because the Plaintiff must anticipate that the Defendant, the U.S. Attorney and/or the BLM may well fabricate or alter documents allegedly produced by SAIC Stuart in the investigation of Robert Schneider, to somehow justify the finding made in the Memo signed by Defendant Rundell 9-19-02, making a finding that Plaintiff committed a crime against BLM employee, Carol Hammond, and such anticipation is both valid and legitimate since one

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Motion to impose Sanctions 3-06-08

of the cornerstones of Defendant's Summary motion for Dismissal is a document reviewed and signed by the then BLM State Director, Sally Wisely in 1996, and which both AUSA Susan Lindquist, and BLM Solicitor Darnell are fully informed was falsified.

Plaintiff requests that the U.S. Attorney's office be sanctioned under Rule 37, (b) and required to pay all of Plaintiff's costs for the Schneider case because the Stuart documents sought were then in the possession of the Anchorage U.S. Attorney, specifically AUSA Daniel Cooper, and the fact that they were withheld from the Plaintiff, and therefore not made available to the court, was a significant factor which led the court to grant a Schneider's Motion for Summary Judgment dismissing the Schneider case before it proceeded to court, and Plaintiff requests that the court order the U.S. Attorney to pay Plaintiff's litigation costs in this case, which never would have been necessary to file, had the documents been produced in the Schneider case.

Dated: March 6, 2008

_____
Mark N. Wayson, pro se

CERTIFICATE OF SERVICE
The undersigned hereby certifies
that on this _8_ day of March
2008, a copy of the foregoing was
served by mail on: AUSA Susan Lindquist

Office of U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, Alaska 99513

_____
Mark N. Wayson

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Motion to impose Sanctions 3-06-08

3