Mark N. Wayson       markonwayson@yahoo.com       Feb. 23, 2008
c/o Wickwire
2775 Hanson Rd.
Fairbanks Alaska  99709    Your reference BLM.AK.3755  1-24-08 letter

Joseph Darnell
Office of the Solicitor
4230 University Drive  Suite 300
Anchorage Alaska   99709

FAXED 2·24·08
1123 hrs. to 907 271 4143

Dear Mr. Darnell,

I just returned and received your January 24, 2008 letter. A copy of my September 13, 2007 letter which you refer to was in fact faxed to Alaska State BLM Director Tom Lonnie at 1136 hrs. on 9-14-07. (This was noted in the request as well)  I followed written procedures by sending the request to Ms. Rundell since she is the state director at Ms. Stuart's last duty station. Your explanation for the delay in responding is therefore puzzling.

My request referred not only to the "two letters authored by Ms. Stuart that concern you in the BLM Alaska state office files." which you claim could not be found, but I also requested that, "….both the BLM national Law Enforcement office, and the Alaska BLM State Director, Tom Lonnie, to research their files for copies of the investigation and letters which established the finding that I had committed a crime against Ms. Hammond."

Was this done? When you refer to not 'finding' two letters, do you mean that there were no documents of any kind? These letters could be in the form of e-mails. There are regulations on the retention of these records as well. Did you check the BLM National Law Enforcement office as well?

I'm sure both you and Director Lonnie are familiar with the standard trail of paperwork at BLM? If not at the Anchorage state BLM offices, was the Fairbanks regional Office checked? Were these documents placed in either my active or inactive mining files?

Were the Archives for the Anchorage BLM office checked? How about the National archives, which for the Alaska region, are located in Sand Point? These records could have been 'retired' by BLM to make them inaccessible, and then sent to the archives.

I'm sure you are aware of the retention regulations for federal records. Since documents produced by Pamela Stuart would have been law enforcement records, please provide the exact date when the police records of Pamela Stuart investigating the Robert Schneider left the control of the Anchorage office.

As you may be aware, AUSA Daniel Cooper, has acknowledged that documents from Pamela Stuart were in his control when he was defending the Schneider case. I have

Attachment # 2

included a copy of his Declaration with this letter to you which was prepared 10-11-07, after I filed my 9-13-07 Touhy Request.

Would BLM have sent the originals and not kept a copy when AUSA Cooper requested Pamela Stuart's documents on the Schneider case?

Would the National office which sent their report back to the Dept. of the Interior Office of Inspector General have not kept a copy as well?

Did you speak with AUSA cooper to establish from whom he obtained the Stuart documents which he refers to in his Declaration?

Please provide copies of any letters or documents submitted by now retired SAIC Pamela Stuart within ten days.

SAIC Assmus has provided a declaration that this investigation of Robert Schneider was filed under Schneider's name at his office. Were the Schneider files checked for the Stuart documents?

Your 1-24-08 letter was sent after a long unnecessary delay and appears to less than forthcoming. Within a mere fraction of the time you have wasted on this response, I would like you to produce what I have requested.

I will be filing for sanctions against Ms. Rundell and AUSA Lindquist under rule 37 if the Pamela Stuart documents are not produced to me by March 4, 2008.

Mark N. Wayson

XC: AUSA Susan Lindquist

Dear Ms. Lindquist,                              2-23-08

I arrived back in Fairbanks yesterday and had my first chance to review Joseph Darnell's response of January 24, 2008, regarding the documents requested which were produced by Pamela Stuart in the Robert Schneider investigation. Mr. Darnell claims he could not find the 'letters.'

My Touhy request refers to documents by Ms. Stuart which were generated in the investigation of my complaint of criminal wrongdoing by Robert Schneider.

Please produce any documents, including letters, memos, and/or reports by Pamela Stuart by 3-4-08, or I will seek sanctions from the court.

Your colleague, AUSA Cooper, has declared that he can, "recall receiving evidence consisting of correspondence and maybe a memo from Pamela Stuart."

You have access to the Schneider file and have accessed that file for other things. You cannot pretend that you don't have access to the Stuart documents because it is not in your client's hand, and you are her private attorney. Your client, under her job description, also has access to that file.

You represented under Rule 26 discovery that Greg Assmus had 'reviewed the investigation,' which indicates that he had/has access to the Stuart documents which comprised her investigation.

I attach a copy of the letter I am sending to Joe Darnell, which provides some additional clues where the Stuart documents might be located, if not already destroyed at those locations as well.

It is inconceivable that the documents which AUSA Cooper acknowledged were in the U.S. Attorney's possession for the Schneider case, somehow coincidentally and/or simultaneously disappeared from the U.S. Attorney's Schneider file, while the rest of the file remains, that they also disappeared from the custody of the Anchorage State BLM office, that they also disappeared from the custody of Agent Greg Assmus at the BLM Law Enforcement headquarters in Boise Idaho who 'reviewed' the Stuart investigation, that they also disappeared from the custody of Mr, Johnson, the chief of all BLM law enforcement in Washington D.C., to whom Agent Assmus reported directly, that they also disappeared from the Anchorage BLM archives, that they also disappeared from the National archives for the Alaska region, and that they also disappeared from the copy of the D.O.I. O.I.G.'s investigation which you reported was 'retained' in Washington D.C., and it is inconceivable also that these disappearances occurred without some U.S. Attorney and BLM coordination/cooperation in the destruction of this "evidence" as referred to in AUSA Cooper's Declaration of 10/11/07.