```
 1                IN THE UNITED STATES DISTRICT COURT
 2                      FOR THE STATE OF ALASKA
 3  MARK N. WAYSON                    )
                                      )
 4                  Plaintiff,        )
                                      )
 5  vs.                               )
                                      )
 6  LINDA RUNDELL and the             )
    UNITED STATES OF AMERICA,         )
 7                                    )
                    Defendants.       )
 8  _____    )
    Case No.  4:06-CV 1 (JWS)
 9
              TELEPHONIC DEPOSITION OF LINDA RUNDELL
10                    September 11, 2007

11  APPEARANCES:

12          FOR THE PLAINTIFF:        MR. MARK WAYSON
                                      In propria persona
13                                    c/o Wickwire
                                      2775 Hanson Road
14                                    Fairbanks, Alaska 99709
                                      (907) 474-0068
15
            FOR THE DEFENDANT
16          (Telephonically):         MS. SUSAN LINDQUIST
                                      222 W. Seventh, #9, Room 253
17                                    Anchorage, Alaska 99513
                                      (907) 271-3378
18
19                          * * * *
20
21
22  .
23
24
25
```

LIZ D'AMOUR & ASSOCIATES, INC.
330 Wendell Street, Suite A
Fairbanks, Alaska 99701
(907) 452-3678

Attachment # 8

|   |   |   |
|---|---|---|
| 1 |   | that type of a conclusion regarding Mr. Schneider. |
| 2 | Q | How do you know that? |
| 3 | A | Well, obviously, because she drafted the memo that went |
| 4 |   | to the chief of the National Law Enforcement office. |
| 5 | Q | Okay. Can I refer you back to page 10 of your |
| 6 |   | deposition from September 27, 2004? |
| 7 | A | Okay. |
| 8 | Q | Okay. On page 10, I asked you: Okay. Did |
| 9 |   | Pam -- Pamela Stewart have any role in this, in this |
| 10 |   | inquiry. And you answered, I don't know that she was |
| 11 |   | on board at the time. I can't remember the exact date |
| 12 |   | we hired her. |
| 13 | A | That's correct. |
| 14 | Q | Okay. And then I asked you, was the chief of law |
| 15 |   | enforcement here in Alaska? And you said, she was a |
| 16 |   | special agent in charge in Alaska. |
| 17 | A | That's correct. |
| 18 | Q | And I asked you a little bit later, where is she now? |
| 19 |   | And you answered, she's in Santa Fe. |
| 20 | A | That was correct. |
| 21 | Q | Okay. So at the time I did this deposition with you, |
| 22 |   | she was in Santa Fe? |
| 23 | A | Yes. |
| 24 | Q | And at the time that I was inquiring about, she was a |
| 25 |   | special agent in charge in Alaska where you were |

22

1        assigned?
2  A   Yes.
3  Q   Okay. Are you telling me now that -- that you answered
4      at six different instances -- you indicated in six
5      different instances in this deposition that it was
6      somebody from the National Law Enforcement and not Pam
7      Stewart who was involved?
8  A   Not at all. Those are your words.
9  Q   Okay. Do you want me to go through each instance again
10     where you indicated this in your deposition? I've done
11     several already.
12 A   No, that's not necessary. If you go back -- if the
13     court reporter would be so kind as to go back to your
14     earlier question about Pam Stewart, you asked if she
15     was a special agent in Alaska, to which I said, yes.
16 Q   Uh-huh. And when I asked you would she have any role
17     in this, in the inquiry, and you said, I don't know
18     that she was on board at that time.
19 A   And that is a true statement.
20 Q   Well, when did you suddenly remember that she was the
21     one that done the inquiry?
22 A.  When I was presented years later with these materials.
23 Q   Which materials are those? The ones that accompanied
24     the deposition?
25 A   Yes, the materials -- it's a memo that was sent to me

| | | |
|---|---|---|
| 1 | | and the report statements from Ms. Hammond and |
| 2 | | Mister -- Officer Lee. |
| 3 | Q | Okay.  Then you had those prior to the deposition where |
| 4 | | you testified that she didn't -- she wasn't on board at |
| 5 | | the time.  But now you're saying that that is what |
| 6 | | prompted you then to know that she was the |
| 7 | | investigating officer? |
| 8 | A | No.  When the question was asked, I could not recall |
| 9 | | when Ms. Stewart reported to Alaska.  I still don't |
| 10 | | know what day she reported to Alaska. |
| 11 | Q | I'm not asking you that, Ms. Rundell.  You just |
| 12 | | testified that when you got the materials with the |
| 13 | | deposition, it suddenly reminded you that she was the |
| 14 | | investigating officer.  Is that correct? |
| 15 | A | At some point, when this suit had been filed by you, I |
| 16 | | received a copy from whoever was handling the case. |
| 17 | Q | Was that Daniel Cooper? |
| 18 | A | It may have been.  It may have been someone prior to |
| 19 | | him, that included the memo.  And in trying to recall |
| 20 | | these events, I became aware that, yes, Pam Stewart was |
| 21 | | the one who was asked to review this. |
| 22 | Q | And that you had asked her? |
| 23 | A | I don't know that I asked her or if she had been asked |
| 24 | | by the Chief of National Law Enforcement. |
| 25 | Q | Okay.  Ms. Rundell, you testified here today that when |

|    |   |                                                                          |
|----|---|--------------------------------------------------------------------------|
| 1  |   | you received this packet, you reminded -- you were                       |
| 2  |   | reminded that it was Pamela Stewart who had done the                     |
| 3  |   | investigation. You also testified that this came prior                   |
| 4  |   | to this deposition taken in September 27, 2004. So why                   |
| 5  |   | then, in the deposition did you not admit that she had                   |
| 6  |   | taken part in the investigation?                                         |
| 7  | A | I believe what I just told you was that at some point                    |
| 8  |   | after this suit had been filed, I had been -- that I                     |
| 9  |   | received copies of these materials. I don't know when                    |
| 10 |   | that was.                                                                |
| 11 | Q | Did you -- were you coached by Mr. Cooper prior to that                  |
| 12 |   | deposition about what you could say or not say?                          |
| 13 | A | I was not.                                                               |
| 14 | Q | Okay. Now, I've asked you already, but I want to                         |
| 15 |   | clarify. You've not made any attempt to get copies of                    |
| 16 |   | Ms. Stewart's report, if there was one, or any report                    |
| 17 |   | from the National Law Enforcement Office?                                |
| 18 | A | That is correct.                                                         |
| 19 | Q | Okay. Do you have an affirmative duty to do so?                          |
| 20 | A | No.                                                                      |
| 21 | Q | Okay. Now, you indicated in that deposition that there                   |
| 22 |   | was a videotape made. Is that correct?                                   |
| 23 | A | That's correct.                                                          |
| 24 | Q | Okay. Did you ever review the videotape?                                 |
| 25 | A | I did not.                                                               |

```
 1           if they had any conversations with anybody else or
 2           whatever else might have transpired.
 3                MR. WAYSON:  Can I look back on my things to do
 4   list?
 5                COURT REPORTER:  Your notice?
 6                MR. WAYSON:  No, no.  I was -- last question; I
 7   lost a question.  That's all right.  Okay.  Do you have any
 8   questions, Ms. Lindquist?
 9                MS. LINDQUIST:  Are you done?
10                MR. WAYSON:  Yes, I am.
11                          LINDA RUNDELL
12   testified as follows on:
13                        CROSS EXAMINATION
14   BY MS. LINDQUIST:
15   Q      You were asked about finding whether -- finding about
16          who did the investigation that resulted in the
17          September memorandum which you signed.  And at one
18          point, you found out that Pam Stewart did that
19          investigation.  Is that correct?
20   A      Yes.
21   Q      And how did you find that out?
22   A      I'm not sure if it was verbally or through mail, but I
23          believe that at some point after the deposition, that
24          you notified me that the agent who had conducted the
25          inquiry was Ms. Stewart.
```

```
                                                                      60

 1   Q      Yeah.  And this information was given after the current
 2          lawsuit filed against you, correct?  And this was after
 3          the case against Robert Schneider brought by Mr. Wayson
 4          had been dismissed.
 5   A      I believe so, yes.
 6   Q      I just want to clarify that you did not personally
 7          draft the memorandum that you signed?
 8   A      That's correct.
 9              MS. LINDQUIST:  No further questions.
10                           LINDA RUNDELL
11   testified as follows on:
12                       REDIRECT EXAMINATION
13   BY MR. WAYSON:
14   Q      Ms. Rundell, when -- didn't draft the memorandum, but
15          are you, as the signee, responsible for the memo and
16          its contents?
17   A      Yes.
18   Q      I didn't ask this earlier, but do you know when
19          Ms. Hammond died?
20   A      I -- I think it was sometime within the last year.  I'm
21          not positive.
22   Q      And do you know the cause of death?
23   A      I believe she had a brain tumor.
24              MR. WAYSON:  Okay.  Thank you.  Do you have
25   anything else, Ms. Lindquist?
```