NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON, | ) Case No.  4:06-cv-00001-JWS |
| | ) |
| Plaintiff, | ) **RUNDELL'S RESPONSE IN** |
| v. | ) **OPPOSITION TO THE MOTION** |
| | ) **TO IMPOSE SANCTIONS** |
| LINDA RUNDELL | ) |
| | ) |
| Defendant. | ) |
| | ) |

     The Defendant, Linda Rundell, in her personal capacity, through counsel, opposes Mark Wayson's ("Wayson's") motion to impose sanctions against her, Assistant U.S. Attorney Lindquist, and the U.S. Attorney for failure to produced documents.  Dkt 92.  Wayson relies on Fed. R. Civ. P. 37 (3) and 37(b)(2)(A) & (B).  *Id.*   This Motion should be summarily denied because  Ms. Rundell does not

have the requested documents and the other targets are not a party to this case. Moreover the imagined acts of spoliation and withholding documents are baseless.

## FACTS

Wayson sued Ms. Rundell in her individual capacity. She is the only defendant. In Wayson's third discovery request he asked Ms. Rundell to produce the Stuart documents. On March 26, 2007, she replied that she did not have them. Dkt 48 Ex. C at 6. Wayson filed a Motion to Compel which this court denied on the basis that there is no evidence that Ms. Rundell possesses the documents. Dkt. 61.

Thereafter, Wayson sought to depose federal employees and to obtain the documents form the Bureau of Land Management ("BLM"). He made a Toughey request on September 13, 2007 for the Stuart documents and permission to take her deposition. Ex. A. As the September 13, 2007 letter sought the Stuart documents from a case handled by Daniel Cooper, Attorney Cooper searched the records at the U.S. Attorney's Office and wrote the Declaration of October 11, 2007 attesting that no documents were found. Dkt. 92-3.

On November 21, 2007, the Acting State director responded to the Toughey request by giving Wayson permission to depose Ms. Stuart, but informing him that she is no longer an employee so he had to make his own arrangements. The

letter did not address the document request. Ex. B. On January 24, 2008, Attorney Joseph Darnell of the Department of the Interior ("DOI") addressed the request for the documents. Dkt 92-5. The DOI searched for the documents and found nothing. On February 23, 2008, Wayson wrote Attorney Darnell and asked him additional questions about the documents and the search. Dkt 92-4. On February 29, 2008, Attorney Darnell responded and stated that he did an additional search and the documents cannot be found. Dkt 92-5.

## ANALYSIS

**I.     RULE 37 ONLY APPLIES TO PARTIES**

Rule 37 addresses failures to make disclosure or co-operate in discovery. Rule 37(2)(A) states "If a party fails to make a disclosure required by Rule 26 . . . ." Linda Rundell, in her personal capacity, is the only party. Ms. Rundell previously replied in her response to the Third Discovery Request that she did not have any Stuart documents. Dkt. 48, Ex. C at 6. Subsequently, the court denied Wayson's motion to compel production of documents on the basis that there was no evidence that Ms. Rundell had the documents. Dkt. 61. The situation has not changed. Ms. Rundell cannot be sanctioned for not producing what she does not have.

**II.     THE U.S. ATTORNEY AND AUSA LINDQUIST ARE NOT PARTIES**

Wayson also asks the court to sanction the U.S. Attorney's office and AUSA Lindquist for not producing documents. They are not parties and cannot be sanctioned through Rule 37. Wayson cites to no other law as authority for sanctions..

**III.    THE SCHNEIDER CASE IS CLOSED AND CANNOT BE A BASIS FOR SANCTIONS IN THIS CASE**

Wayson complains about Attorney Cooper's failure to produce the documents in the Schneider case. Dkt 93 at 2, 3. That case is closed. Ms. Rundell is not responsible for what happened in that case and she is the only party in this case.

Wayson is correct that the Schneider files are in the U.S. Attorney's office. Attorney Cooper stated that he had "personally searched the remaining physical records of Wayson I." He also searched his e-mail. He did not find any Stuart documents. Wayson assumes that Attorney Cooper had a duty to retain the Stuart documents, but he cites to no law creating a duty to retain all documents in a closed case. Wayson took 18 depositions in Schneider, but he did not take Stuart's deposition. Ex. C. Thus, Stuart was not an important witness in the Schneider case and there may have never been a file on her.

### III. RUNDELL'S DEPOSITION TESTIMONY IS NO BASIS FOR SANCTIONS

Wayson argues that Ms. Rundell testified untruthfully at her deposition. Dkt 93 at 11-15. He then imagines a deceptive act that prompted her to change her testimony and then he describes his imagined act, as part of a pattern of deception and misconduct. There was no deception. In the February 2007 Rule 26 witness list, Ms. Stuart was identified as the person who did the investigation. Ms. Rundell forgot about this new information and was prompted on re-direct to consider Stuart's role. Rundell's deposition is not a basis for sanctions against anyone. Wayson can use her deposition testimony in accordance with Fed. R. Civ. P. 32(a)(1).

### CONCLUSION

Ms. Rundell cannot produce what she does not have. The court already denied a motion to compel the documents Wayson is still requesting. The United States Attorney, and the Assistant U.S. Attorney cannot be sanctioned in a case in which they are not even parties. Moreover there is no known duty for the government to retain documents in a closed case. Ms. Rundell asks the court to deny the motion for sanctions.

Respectfully submitted this 21th day of March, 2008, in Anchorage, Alaska.

>NELSON P. COHEN
>United States Attorney
>
>s/ Susan J. Lindquist
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-3378
>Fax: (907) 271-2344
>E-mail: susan.lindquist@usdoj.gov
>AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2008,
a copy of the foregoing **Rundell's Response
in Opposition to the Motion to Impose Sanctions**
was served on 3-21-08 by email and U.S. Mail:

Mark N. Wayson
c/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709

s/ Susan J. Lindquist