UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| MARK N. WAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06-cv-00001 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| LINDA RUNDELL, | ) | [Re:   Motion at Docket 71] |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 71, plaintiff Mark Wayson moves to reopen discovery to the extent of issuing an order to compel production pursuant to Federal Rule of Civil Procedure 37(a).  At docket 81, defendant Linda Rundell opposes the motion.  Plaintiff replies at docket 82.  Oral argument was not requested, but it would not assist the court.

## II.  BACKGROUND

On January 13, 2006, Mark Wayson filed an amended complaint in Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks, alleging that Linda Rundell, as the acting state director of the Bureau of Land Management ("BLM"), damaged his reputation and violated his constitutional rights by finding that he committed a crime against Carol Hammond, a BLM employee, and by obstructing the investigation of Wayson's complaint of misconduct by Robert Schneider, another BLM

employee. Plaintiff's complaint solely asserts a *Bivens*[1] claim against defendant Rundell in her individual capacity. Defendant removed this matter to federal court pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2).[2] This court has federal question jurisdiction under 28 U.S.C. § 1331.

On February 15, 2007, the court entered a scheduling and planning order, stating that discovery must be completed by October 1, 2007, and that discovery motions were due by October 31, 2007.[3] On November 5, 2007, plaintiff filed a motion to reopen discovery and compel production. Defendant opposes the motion.

### III.  DISCUSSION

To begin with, the motion at docket 71 is not timely and may be denied on that basis. Even were the motion timely, it lacks merit for the reasons below. The motion to compel discovery pursuant to Federal Rule of Civil Procedure 37(a), which provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Rule 37 requires that a motion to compel include a "certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."[4] In addition, the Local Rules for the District of Alaska provide that absent exigent circumstance, counsel must confer in person or by phone "in an effort to resolve any discovery dispute before filing a motion to compel discovery."[5] Plaintiff's motion to compel does not include the requisite certification that plaintiff has in good faith attempted to confer with defendant's counsel in the effort to secure the requested disclosures without court action.

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] Section 1442(a)(1) provides for removal of cases in which an officer of the United States is sued in his or her "individual capacity for any act under color of such office."

[3] Doc. 43.

[4] Fed. R. Civ. P. 37(a)(2)(A).

[5] D.Ak.LR 37.1(a)

Defendant opposes the motion on the grounds that she does not possess the documents plaintiff has requested.  Pursuant to Federal Rule of Civil Procedure 34(a), parties to an action may request another party to produce documents which "contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served."  Defendant argues that while plaintiff is suing defendant as an individual, the documents plaintiff has requested "are retained by the Bureau of Land Management ("BLM"), the United States Attorney's Office, the Department of Interior's Office of the Inspector General, or Pamela Stuart."[6]  Defendant further argues that while she served as Associate BLM Director for Alaska from December 1999 through December 2002, she transferred to New Mexico in December 2002 and does not possess the BLM files for the Alaska Division.  It also appears that many of the requested documents retained by either defendant or her counsel have been provided to plaintiff.

Plaintiff does not provide any evidence that defendant does indeed possess any of the requested documents, but rather suggests that defendant and her attorney are required to produce documents which are in the possession of the BLM and the United States Attorney's Office, which are not parties to this case.  Defendant's suggestion does not comport with the discovery rules set forth in the Federal Rules of Civil Procedure.  Because plaintiff has not made any showing that the requested documents are in the possession, custody or control of defendant and because defendant did not make the requisite showing of a good faith attempt to confer, the court will deny plaintiff's motion to compel.

## IV.  CONCLUSION

For the reasons set out above, plaintiff's motion to compel at docket 71 is **DENIED**.

DATED at Anchorage, Alaska, this 24th day of March 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[6]Doc. 47 at 3.