Mark N. Wayson
C/o Wickwire
2775 Hanson Road
Fairbanks, AK 99709
markonwayson@yahoo.com

RECEIVED JUN 6 2008 CLERK, U.S. DISTRICT COURT FAIRBANKS, AK

IN THE UNITED STATES DISTRCT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N, WAYSON,<br><br>         Plaintiff,<br><br>Vs.<br><br>LINDA RUNDELL and the<br>UNITED STATES OF AMERICA<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  4:06-Cv 1 (JWS) |

## MOTION FOR RECONSIDERATION

   Plaintiff moves for Reconsideration of the order granting Summary Judgment under local rule 59.1. The record contradicts the court's findings regarding undisputed evidence as to Rundell's intent to retaliate, Plaintiff's loss of use and values of his mining property as a result of Rundells' memorandum, the dissemination of Rundell's memorandum, and Rundell's intentions.

   Regarding loss of value and use of Plaintiff's mining claims, the record has the affidavit of Del Ackels detailing those losses. Doc. 73 Attachment 19.

The court notes that relevant evidence is missing, but there is undisputed evidence that the most important evidence went missing while in the custody of the U.S. Attorney, Doc 81, exhibit A. A remedy for this missing evidence would be sanctions and/or the opportunity for Plaintiff to present details of the Spoliation of this evidence to a jury.

There is not a shred of evidence that either Rundell or Stuart conducted any investigation of Schneider as assigned and claimed, or of Wayson, because the 9-15-01 video reveals Wayson did nothing forcible or criminal to Hammond and the 9-19-02 Rundell finding could not have been written had Rundell or anyone investigated Schneider.

Aside from Title 18 violations, an investigation would disclose that Schneider's project was specifically AMA funded only for the non-adjoining federal Battest claims, and following Plaintiff's protest of construction on Plaintiff's state claims, Schneider began construction downstream the next working day carried out under police guard, without the required permit, without an authorized plan, and which permanently destroyed Plaintiff's access. By 9-19-2002, this was on record and Rundell obstructed the investigation she was assigned, to retaliate against Plaintiff's objections and to avoid liability. Now a jury should be allowed to review her investigation as to the effects and intent of Schneider's 'projects.'

The court overlooked evidence found on page 8 of Defendant's Motion for of the continuing use by Rundell of

the 1996 BLM accusations against Plaintiff, with the same language as the accusations conveyed by the American Consulate in Dusseldorf affecting Plaintiff's access to his daughter. The court must understand that the U.S. Attorney has demonstrated repeatedly and arrogantly during this and the Schneider litigation that they are far above any rules or laws, and regardless of this court's previous or any subsequent ruling on this 1996 letter, the U.S. Attorney and BLM have and will continue to use this false 1996 document, against Plaintiff at will, and as the lynchpin of their defense of Rundell's actions.

Plaintiff believes that a jury would recoil in disbelief upon learning that AUSA Cooper, convicted of a serious crime which involved beating a woman in front of her child, could keep his job as a U.S. Attorney, and the jury should be given the chance to evaluate whether Burgess made Cooper's continued employment contingent upon first, concealing the Stuart documents in Discovery in the Schneider litigation, then, in this case, keeping it by making Stuart's, and only Stuart's, documents vanish from the Schneider file while in the U.S. Attorney's possession.

This court's vacating Judge Burgess's certification is a decision needing review because it would seem impossible to vacate what was invalid, and a jury should evaluate how and why Judge Burgess certified Rundell's memo as within the scope of her employment, when the U.S. Attorney, between Burgess's tenure, and Nelson Cohen's tenure, did not certify Rundell, who by 7-12-05 had the Obstruction of Justice complaint filed there against her. (Doc.88 Att.12.)

BLM and Dept. of Interior Inspector General can't even track their own records according to Doc. 92, Att.3, & doc. 69, Ex.K&L, and there is uncontested evidence that the U.S. Attorney is hiding Pamela Stuart from the Plaintiff, even in retirement, Doc. 88, pp 7-10 & noted attachments. Regarding dissemination of Rundell's to the U.S. Consulate, in Dusseldorf, and its effects upon Plaintiff's daughter, a jury must be given a chance to weigh the credible likelihood it did by comparing BLM's record retention and the testimony of Plaintiff and Jutta Froehlich-Tumbrink chronicling events in Germany, against Rundell's claim that her memo went only to the Chief of law Enforcement.

Hammond's confused, repetitious, diary entry, Doc. 69, Ex H, which does mention Plaintiff's daughter, also links Plaintiff to the terrorist Al Queda organization, accuses him of an improper sexual advance upon another BLM employee at 98 mile Steese, and contains a number of other illogical and bizarre statements, but reading it does not constitute an investigation. Plaintiff was alerted at first reading that 'something' was terribly wrong with this highly trained, experienced, educated engineer, but first Schneider and then Rundell ignored this obvious 'cry of distress' from Hammond who later died of a brain tumor, and in their eagerness to 'get Wayson' instead chose to exploit Hammond's perceptions, and they acted to cruelly fan the irrational fears found in her diary until Hammond died, rather than dealing responsibly and humanely with Hammond's illness. A jury could find her reliance upon the diary, and callous indifference to Hammond's health, incredible for a BLM Director with Rundell's training, experience,

intelligence and responsibility to her employees, and recognize it as evidence of Rundell's true intent.

Criminal sanctions are not sought but Plaintiff should be allowed to present relevant evidence to a jury of Rundell Obstructing Justice and of criminal and administrative misconduct by others working with Rundell, or acting to conceal evidence of Rundell's behavior.

The record has Rundell's sworn statement that her finding was to harm Plaintiff with a record of a crime committed against Hammond, Doc 73, Att. 20, and contrary sworn assertions by Rundell and/or Stuart years later serve a jury better as evidence of perjury and subornation of perjury rather than evidence of intent. Rundell's admission of her intent in firing this 'shot' at Plaintiff by recklessly creating a false official record, makes Rundell responsible for other victims like Plaintiff's daughter Rosana who were wounded by Rundell's act, and is something a jury should evaluate rather than the 'shooter' herself.

June 5, 2008

_____
Mark N. Wayson, pro

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that on this 6 day of June, 2008, a copy of the foregoing was mailed to the U.S. Attorney's office in Anchorage Alaska by Plaintiff.

_____
Mark N. Wayson

Wayson v. Rundell, 4:06 Cv 1 (JWS)
Motion for Reconsideration 6-5-08

5